IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED
2005 MAY 25  A 9: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>　　　Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 2:05CV494-B<br>)<br>) Removed from the Montgomery County<br>) Circuit Court - CV-2005-996<br>) |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Benton Express, Inc., and files its Notice of Removal and shows unto the Court as follows:

1. Plaintiff filed this action in the Circuit Court of Montgomery County, Alabama, on or about April 20, 2005, as Civil Action No.: CV 2005-996. [A complete copy of the court file is attached hereto as "Exhibit 1"]. The Plaintiff's claims are based on a motor vehicle accident during which a tractor trailer allegedly owned by Benton Express, Inc., and driven by Craig Stephens collided with a vehicle driven by the Plaintiff's decedent, Ronald Tyrone Roby. Both Mr. Stephens and Mr. Roby were killed in the collision, and this is a wrongful death action.

2. Defendant files this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This Notice of Removal is timely filed because it is submitted within thirty (30) days from the

1

day Defendant Benton Express was served with a copy of the Complaint. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3. Pursuant to 28 U.S.C. § 1446(d), Defendant shows that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. Further, Defendant represents to the Court that a copy of this notice of removal is also being served upon Counsel for Plaintiff.

4. Complete diversity exists between the parties named and served in this action. The Complaint asserts that Plaintiff is a resident of Montgomery County, Alabama. Defendant Benton Express, Inc., is a foreign corporation organized and existing under the laws of the State of Georgia, and its principal place of business is in Atlanta, Georgia. [Affidavit of H.R. "Chip" Matthews, Jr., a copy of which is attached hereto as "Exhibit 2"]. Thus, Benton Express, Inc. is not a citizen of the State of Alabama, but is a citizen of the State of Georgia for the purposes of diversity jurisdiction, thereby completing diversity citizenship. 28 U.S.C. § 1332(c)(1).

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and this action is between citizens of different states. Though Plaintiff's Complaint does not specifically plead an amount of damages, a defendant cannot be deprived of its right to remove a cause to a United States District Court due to the plaintiff's failure to demand a specific monetary figure. *See* Steele v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986). Defendant avers that the amount in controversy exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs. Plaintiff has already demanded settlement of this matter in an amount

greatly in excess of the $75,000.00 jurisdictional minimum.

6. Plaintiff's only claims against Defendant are for wrongful death pursuant to Alabama's wrongful death statute, Code of Alabama § 6-5-410. Alabama's wrongful death statute is wholly punitive in nature. Merrell v. Alabama Power Co., 382 So. 2d 494, 496 (Ala. 1980). Punitive damages awarded under the statute are not subject to any of Alabama's statutory limits on such damages. Ala. Code § 6-11-21(j) (1999). Jury verdicts in wrongful death actions arising from commercial motor vehicle accidents in Alabama consistently exceed the jurisdictional minimum of this Court.[1]

7. Although the Plaintiff's Complaint is not sufficient, in an of itself, to provide a reasonable degree of certainty that the amount in controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000.00), the Complaint, the Plaintiff's settlement demand, and recent jury verdicts in similar cases, when taken together, meet that threshold. Defendant does not admit or contend that it is liable to Plaintiff and does not admit or contend that the Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00). Rather, the Defendant believes that the Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

---

[1] See e.g.: Anderson v. Schneider National Carriers, Inc., In the Circuit Court of Jefferson County, Alabama, CV-2003-5753, resulting in a jury verdict of $12,500,000 on April 18, 2005; Bogue v. Black Warrior Minerals, In the Circuit Court of Jefferson County, Alabama (Bessemer Division), CV-2002-985, resulting in a jury verdict of $20,000,000 on October 24, 2003; Williams v. Buffalo Rock Pepsi-Cola, In the Circuit Court of Mobile County, Alabama, CV-2002-1510, resulting in a jury verdict of $700,000 on April 8, 2003; and Beddingfield v. Walker, In the Circuit Court of Jefferson County, Alabama, CV-2000-391 & CV-2000-640, resulting in a jury verdict of $24,500,000 on November 8, 2001.

8. Based upon the Complaint, the Plaintiff's settlement demand, the applicable Alabama law governing damages for wrongful death, and recent jury verdicts in similar cases, Defendant avers that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollars ($75,000.00) threshold required for jurisdiction in this Court.

9. There are fictitious party defendants designated in the Complaint. However, the only named Defendant is listed above, and there is complete diversity of citizenship between the Plaintiff and the named Defendant. In that regard, 28 U.S.C. § 1441(a) provides that "for purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

10. The events complained of in the Complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction. Furthermore, there is complete diversity of citizenship between the parties, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Defendant gives notice that the above-action now pending against it in the Circuit Court of Montgomery County, Alabama, is removed therefrom to this Court.

Respectfully submitted,

_____
Brett A. Ross (ASB-6771-O76B)
Gregory A. Brockwell (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

OF COUNSEL:

CARR, ALLISON, PUGH, HOWARD,
  OLIVER & SISSON, P.C.
100 Vestavia Parkway
Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the 24th day of May, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

_____
Of Counsel