IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| **HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-B<br>) |
| **BENTON EXPRESS, INC., et al,** | )<br>) |
| Defendants. | ) |

## ANSWER

**COMES NOW** the Defendant, Benton Express, Inc., and in answer to Plaintiff's complaint, states as follows:

### I. SPECIFIC ALLEGATIONS

In response to the specific allegations in the Plaintiff's Complaint, the Defendant pleads the following:

1. The Defendant admits the allegations in this paragraph.

2. The Defendant admits the allegations in this paragraph.

3. The Defendant admits the allegations in this paragraph.

4. No response is required with this paragraph.

5. No response is required with this paragraph.

6. No response is required with this paragraph.

7. No response is required with this paragraph.

8. No response is required with this paragraph.

9. No response is required with this paragraph.

10. The Defendant denies the allegations in this paragraph and demands proof thereof.

11. The Defendant is without sufficient information to admit or deny the allegations in this paragraph at this time. As such, the allegations are denied.

12. The Defendant admits the allegations in this paragraph.

13. The Defendant denies the allegations in this paragraph and demands proof thereof.

14. The Defendant admits the allegations in this paragraph.

15. The Defendant denies the allegations in this paragraph and demands proof thereof.

16. No response is required with this paragraph.

## COUNT ONE

(Negligence)

17. No response is required with this paragraph.

18. The Defendant denies the allegations in this paragraph and demands proof thereof.

19. The Defendant admits the allegations in this paragraph.

20. The Defendant admits the allegations in this paragraph.

21. The Defendant denies the allegations in this paragraph and demands proof thereof.

The Defendant further denies that the Plaintiff is entitled to the relief requested in the *ad damnum* clause of Count I of her Complaint.

## COUNT TWO

(Wantonness)

22. No response is required with this paragraph.

23. The Defendant denies the allegations in this paragraph and demands proof thereof.

24. The Defendant denies the allegations in this paragraph and demands proof thereof.

The Defendant further denies that the Plaintiff is entitled to the relief requested in the *ad damnum* clause of Count II of her Complaint.

## I. AFFIRMATIVE DEFENSES

In addition to the matters stated above, the Defendants also assert the following affirmative defenses:

### FIRST DEFENSE

The Defendant pleads the general issue.

### SECOND DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### THIRD DEFENSE

The Defendant pleads the contributory negligence of the Plaintiff.

### FOURTH DEFENSE

The death of the Plaintiff was proximately caused by the tortious acts or omissions of a third party over whom the Defendant has or had no control.

### FIFTH DEFENSE

The Defendant pleads improper venue.

### SIXTH DEFENSE

Plaintiff's Complaint as well as the statutory framework of the Alabama Wrongful Death Act, to the extent that it seeks exemplary or punitive damages, violates the Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**SEVENTH DEFENSE**

Plaintiff's Complaint as well as the statutory framework of the Alabama Wrongful Death Act, to the extent that it seeks punitive or exemplarily damages, violates the Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates Defendants' rights to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama and fails to state a cause of action supporting the imposition of punitive or exemplary damages.

**EIGHTH DEFENSE**

Any award of punitive damages to Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United States of America.

**NINTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

**TENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate

government concerns or interests.

**ELEVENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, would violate the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, the Defendants are entitled to the same procedural safeguards afforded to criminal Defendants.

**TWELFTH DEFENSE**

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendants, whether through the Alabama Wrongful Death Act or otherwise, punitive damages, which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

**THIRTEENTH DEFENSE**

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against the Defendants, whether through the Alabama Wrongful Death Act or otherwise, punitive damages, which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

**FOURTEENTH DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose against the Defendants punitive damages, whether through the Alabama Wrongful Death Act or otherwise, which are penal in nature, by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**FIFTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

**SIXTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case, whether through the Alabama Wrongful Death Act or otherwise, would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**SEVENTEENTH DEFENSE**

The imposition of punitive damages in this case, whether through the Alabama Wrongful Death Act or otherwise, violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to ordered advancement of justice and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4)

failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case, whether through the Alabama Wrongful Death Act or otherwise, violates the Equal Protection Clauses of Amendments V and XIV of the United States Constitution and deprives the Defendants of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

    s/ Brett A. Ross
BRETT A. ROSS (ASB-6771-O76B)

    s/ Gregory A. Brockwell
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
   OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
       gab@carrallison.com


**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 1st day of June, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


                                          s/ Gregory A. Brockwell
                                          Of Counsel