IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HAZEL M. ROBY, as              )
Administratrix of the          )
of the Estate of Ronald        )
Tyrone Roby, Deceased,         )
                               )
        Plaintiff,             )
                               )     CIVIL ACTION NO.
        v.                     )       2:05cv494-T
                               )          (WO)
BENTON EXPRESS, INC.,          )
                               )
        Defendant.             )

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C.A. §§ 1332 (diversity of citizenship) 1441 (removal).    To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each

defendant.  <u>See</u> 28 U.S.C.A. § 1332; <u>see also</u> 2 James Wm.
Moore, et al.,  Moore's Federal Practice ¶ 8.03[5][b] at 8-
10 (3d ed. 1998).

Plaintiff has brought this lawsuit in her capacity as
personal representative for the estate of the decedent.
"[T]he legal representative of the estate of a decedent
shall be deemed to be a citizen only of the same state as
the decedent ...." 28 U.S.C.A. § 1332(c)(2).  Moreover, an
allegation that a party is a "resident" of a state is not
sufficient to establish that a party is a "citizen" of that
state.  <u>See</u> <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225,
233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995, 92 S.Ct. 534
(1971).  Because the notice of removal sets forth the
"residence" of only the "personal representative" and not
the "citizenship" of the "decedent," the notice does not
adequately establish grounds for this court to assume
removal jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the
court that the defendant has until June 29, 2005, to amend

2

the notice of removal to allege jurisdiction sufficiently,

see 28 U.S.C.A. § 1653; otherwise this cause shall be

remanded to state court.

DONE, this the 13th day of June, 2005.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE