IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of ) <br> the Estate of RONALD TYRONE ) <br> ROBY, Deceased, ) <br>   ) <br>     Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> BENTON EXPRESS, INC., et al, ) <br>   ) <br>     Defendants. ) | CIVIL ACTION NO.: 2:05CV494-T |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 1, 2005, and was attended by:

    a.  LaBarron N. Boone, attorney for Plaintiff; and

    b.  Brett A. Ross, attorney for Defendant.

2.  **Pre-Discovery Disclosures.** The parties will exchange the information required by Rule 26(a)(1) by July 1, 2005.

3.  **Outstanding Discovery Requests.** The parties will respond to all currently outstanding written discovery requests by August 1, 2005.

4.  **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a.  Discovery will be sought on the following subjects:

        i.  Liability of Defendant for the death of Ronald T. Roby;

        ii. Employment status and relationship between Benton Express and its driver;

1

        iii.    Damages;

b. All discovery will be commenced in time to be completed by 30 days prior to the pretrial conference;

c. After extensive discussions conducted in good faith, the parties cannot agree on limits for written discovery requests. The parties state their respective positions as follows:

    i. Plaintiff requests a maximum of 75 interrogatories, including subparts, by each party to any other party; a maximum of 75 requests for production of documents, including subparts, by each party to any other party; and a maximum of 30 requests for admissions by each party to any other party;

    ii. Defendant requests a maximum of 30 interrogatories, including subparts, by each party to any other party; a maximum of 30 requests for production of documents, including subparts and 30(b)(5) requests for non-expert depositions issued by each party to any other party; and a maximum of 30 requests for admissions by each party to any other party;

    iii. Both parties agree that responses to written discovery requests should be due 30 days from the date the request is served.

d. Maximum of 15 depositions by each party and limited to a maximum of 5 hours each, though the number of depositions may be increased by either party to allow for depositions of potentially numerous eyewitnesses whose identities are not yet known;

e. Reports from retained experts under Rule 26(a)(3) due:

    i. From Plaintiff by September 30, 2005;

    ii. From Defendant by October 31, 2005;

    iii. Plaintiff's rebuttal experts by November 15, 2005;

    iv. Defendant's rebuttal experts by November 30, 2005;

f. Supplementation under Rule 26(e) as provided by the Federal Rules of Civil Procedure--in no event later than 45 days prior to trial.

5. **Other Items.**

   a. The parties do not request a conference with the Court before entry of the scheduling order;

   b. The parties should be allowed until all discovery is completed, i.e., 30 days prior to the pretrial conference, to join additional parties and to amend the pleadings;

   c. All potentially dispositive motions should be filed by 90 days prior to trial;

   d. Settlement is being evaluated; referral to ADR will be considered;

   e. The parties request a final pretrial conference four to six weeks prior to trial;

   f. Final lists of trial evidence under Rule 26(a)(3) shall be filed and served as follows: by plaintiff 45 days before trial and by defendant 30 days before trial.

6. **Proposed Trial Date.** The parties have conferred on the issue of a proposed trial date and cannot in good faith reach an agreement as to when the case is likely to be ready for trial. The parties state their respective proposals for a trial date as follows:

   a. Plaintiff requests that trial be set for a date before the end of 2005 and is willing to adjust all dates to make possible;

   b. Given the number of potential witnesses, Defendant believes that a trial date before the end of 2005 will not provide sufficient time to complete discovery and therefore requests that trial be set for a date no earlier than April of 2006.

Respectfully submitted this the 29th 5th day of June July, 2005.

_____
JERE L. BEASLEY
LABARRON N. BOONE
JULIA A. BEASLEY

Attorneys for Plaintiff

3

**Of Counsel:**
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

_____
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**Of Counsel:**
CARR, ALLISON, PUGH, HOWARD,
    OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006