# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, )<br>)<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | CIVIL ACTION NO.: 2:05CV494-B |
| ) | |
| BENTON EXPRESS, INC., et al, )<br>) | |
| Defendants. ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

**COMES NOW** the Defendant, Benton Express, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propounds the following Requests for Production to the Plaintiff, to be answered within the time allowed by law:

### INSTRUCTIONS

    1.    In responding to the following requests you are required to set forth all the documents known to you or available to you, including, but not limited to, all unprivileged documents and information contained in your records or writings, or documents in your possession or under your control, and all unprivileged documents in the possession of your attorneys.

    2.    In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure the documents requested, state your response to the extent possible, and tell why you cannot respond fully and what you did in attempting to secure the documents.

    3.    If you encounter any ambiguity in construing the discovery requests or instructions, set forth in the matter deemed "ambiguous" and respond to the request by indicating the construction used in responding.

4.   In the event that a response called for by any request is withheld or limited on the basis of a claim to privilege, identify each response withheld or limited and provide the reason for withholding or limiting your response and state the factual basis for your claim of privilege.

5   These request should be deemed continuing and must be timely supplemented as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.   The words "you," "your" and "yours" mean the Plaintiff who is answering these requests, including that Plaintiff's employees, accountants, attorneys, consultants, agents, representatives, and any and other persons or entities acting on behalf of or at the direction of the Plaintiff.

2.   The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or videotape, photographs, computer tape or disc, etc., and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## REQUESTS FOR PRODUCTION

1.   All documents identified in the accompanying Interrogatories to Plaintiff or referred to by Plaintiff in answering said Interrogatories.

2.   Every photograph (including coroner's photos) or other evidence of damage or injury to Plaintiff's Decedent or his property which you allege was caused by the Defendant or any alleged agent of the Defendant.

3.   All books, records, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

4.   All documents received by you from the Defendant, or furnished by you to the Defendant, which relate in any way to the allegations in the Complaint.

5. Copies of any statements, whether written, recorded or otherwise, obtained by you or on your behalf from any witnesses in this case.

6. All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person, including but not limited law enforcement officers, into the matters which form the basis of the Complaint.

7. Each and every document and photograph which you intend to offer as evidence at the trial of this action.

8. Any and all bills, notes, reports or other documents of engineers, bio-mechanics, investigators, accident reconstructionists or other persons employed to inspect or otherwise advise the Plaintiff or to provide testimony regarding the incidents that are the subject of this case.

9. Any evidence of monetary payments or settlements received by the Plaintiff or any other party or person because of the incidents which form the basis of the Complaint.

10. Any coroner reports, medical examiner's reports, inquest reports, accident reports or other documents related to any examination of the causes or circumstances surrounding the death of Plaintiffs' Decedent.

11. Any policies of insurance which may provide coverage for underinsured, workers compensation or life insurance benefits to the Estate of Mr. Stripling of any other beneficiaries as a result of the subject accident.

_____
Brett A. Ross
Gregory A. Brockwell
Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
   OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served on the following via facsimile and U.S. mail, postage prepaid and properly addressed on this the 6th day of June, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of | ) | |
| the Estate of RONALD TYRONE | ) | |
| ROBY, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:05CV494-B |
| | ) | |
| BENTON EXPRESS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

**COMES NOW** the Defendant, Benton Express, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propounds the following Interrogatories to the Plaintiff, to be answered within the time allowed by law:

### INSTRUCTIONS

1. In responding to the following Interrogatories you are required to set forth all of the information known to you or available to you, including but not limited to, all unprivileged information contained in your records or writings or other documents in your possession or under your control, and all unprivileged information known to or in the possession of your attorneys.

2. In the event you contend that you are unable to answer or respond in full to any Interrogatories set forth below, after exercising due diligence to secure information to do so, state the answer to the extent possible and to tell why you cannot respond fully, and what you did in attempting to secure the unknown information.

3. If you encounter any ambiguity in construing the Interrogatories or instructions, set forth the matter deemed ambiguous and respond to the request by indicating the construction used in responding.

4. In the event that any answer called for by any Interrogatory is withheld or limited on the basis of a claimed privilege, identify each answer so withheld or limited, provide the reason for withholding or limiting your response, and state the factual basis for your claim of privilege.

5. If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6. These Interrogatories should be deemed continuing and must be timely supplemented as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The words "you," "your," and "yours" mean the Plaintiff who is answering these Interrogatories, including that Plaintiff's employees, accountants, attorney, consultants, agents, representatives, and any and all other persons or entities acting on behalf or at the direction of the Plaintiff.

2. The words "identify" or "identification," "describe," or "description":

>   (a) when used in reference to an individual means to state his or her full name, occupation, and present or last known business and resident address and telephone numbers;
>   (b) when used in reference to a corporation, association, or business entity means to state its full name and its current business address and telephone number(s);
>   (c) when used in reference to a document, mean to state the type of document (for example, affidavits, reports, synopses of interviews, memoranda, letters, tape recordings or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof;
>   (d) when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the facts of the event, the location, the date, and the persons participating, present, or involved in the event;
>   (e) when used in reference to any communication, means to state the date of communication, where the communication took place, who was present at the time of the communication, the complete content of the communication, the duration of the communication, and each document known to you concerning, referring to or relating to the communication.

3. The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or video tape, photographs, computer

tape or disc, etc. and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## INTERROGATORIES

1. Please identify yourself, giving full name, address, birth date, social security number, and place of employment.

2. Please identify your decedent, Ronald Roby, giving his full name, address, birth date, social security number and place of employment at the time of his death.

3. Identify each and every communication or transaction you or anyone acting on your behalf have had with the Defendant or any employee, representative, and/or agent of the Defendant, and identify each employee, representative, and/or agent of the Defendant with whom you have had each such communication or transaction, and for each communication or transaction state the date when the communication or transaction took place, and the substance of the communication or transaction.

4. Please state, in detail, each and every way in which you contend the Defendant or any alleged employee or agent of the Defendant caused or contributed to the death of Ronald Roby.

5. Identify and describe every fact, statement and document upon which you rely to support your contention in the Complaint that Craig Stephens negligently or wantonly operated a motor vehicle so as to cause the accident that is the subject of this case.

6. State fully the purpose of the trip that Ronald Roby was making in his vehicle at the time of the alleged accident, including in your answer the place from which he had left and the place to which he was going.

7. Describe each and every skid mark or tire mark which you contend were placed by any of the vehicles involved in this accident(s).

8. State your best judgment, if any, of the speed in miles per hour of all vehicles that you allege caused or contributed to the subject accident.

9. State fully, specifically and in detail, each and every act or thing done by Ronald Roby during the last 300 feet of his vehicle's approach to the point of the subject collision, stating in your answer the chronological order in which Mr. Stripling did each of said acts or things.

10. State in your best judgment the speed in miles per hour of the vehicle operated by Ronald Roby on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

11. State in your best judgment the speed in miles per hour of the vehicle operated by Craig Stephens on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

12. State in your estimate(s) the speed in miles per hour of the vehicle operated by Craig Stephens at all times prior to the last 60 seconds before the collision on the date of the subject accident. In your answer, please state the basis for your estimates and identify any witnesses known to you who may have provided information relevant to that issue.

13. State fully, specifically and in detail, all information upon which you rely in answering interrogatories numbered four (4) through fourteen (12).

14. State whether you know or believe that the driver of any of the vehicles involved in the events made the basis of this suit had been drinking any alcoholic beverages, taken prescription medication or used any drugs within 24 hours preceding the subject accident. If your answer to this interrogatory is in the affirmative, please identify who you contend had been drinking, taking prescription medication or using drugs, the amounts, times of consumption, and specific substances consumed, and the source(s) of information upon which you base your

response.

15. If any witnesses to the subject accident or any relevant events or occurrences which preceded it have made any statements to you, your counsel, or any other person, either at the scene or afterwards, please state when, where, and what was said by such witnesses, and the source of your knowledge regarding each statement.

16. Please state the names and addresses of all doctors, hospitals, paramedics or other medical providers who may have examined or treated Ronald Roby for any injuries he sustained in the accident made the subject of this lawsuit prior to his death.

17. Please state whether Mr. Roby's estate, or any of his heirs have received any payment or settlement from any source related to or because of the subject accident. If your answer is in the affirmative, please identify the source, amount and date of payment, the basis of the payment and to whom payment was made.

18. If Mr. Roby maintained underinsured motorist coverage on the vehicle he was operating at the time of the subject accident, please identify the carrier of said insurance, the limits of the policy of insurance and the number of vehicles insured by said policy.

19. Please identify and describe the vehicle being operated by Mr. Roby at the time of his death, stating in your answer the type of vehicle, the date of its purchase, from whom it was purchased and the vehicle identification number.

20. Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit.

21. Please identify any and all other lawsuits you have ever filed. For each, please identify date of commencement, the venue, and the parties. Please also provide a brief description of the subject matter of each such lawsuit.

22. Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

23. If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

24. If Ronald Roby was ever arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

25. Identify each person whom you expect to use as an expert witness in connection with the trial of this case, and as to each individual also state and identify the following information:

> (a) the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;
>
> (b) the facts upon which the individual's opinion and conclusions are based;
>
> (c) summary of the grounds for each of the individual's opinions or conclusions;
>
> (d) each school attended, the dates of attendance, the date of graduation, and the degrees received;
>
> (e) each employer including the dates of employment, job titles held, and reasons for leaving that employment;
>
> (f) each honorary society, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individual has held or holds and the dates each office was held;
>
> (g) each article or publication that the individual has authored or to which the

individual has contributed;

(h) each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(i) the identification of each person with whom the individual has communicated in connection with the case and the substance of the communication;

(j) the identification of all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection with this proceeding or which the individual may utilize at the trial; and,

(k) the identity of each document created by the individual in connection with this proceeding.

_____
Brett A. Ross
Gregory A. Brockwell
Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
  OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served on the following via facsimile and U.S. mail, postage prepaid and properly addressed on this the ___ day of June, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

_____
Of Counsel