IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTION TO AMEND COMPLAINT & TO THE COURT'S PRELIMINARY ORDER ALLOWING AMENDMENT**

COMES NOW the Defendant, Benton Express, Inc., and hereby objects to the Plaintiff's "Motion to Amend Complaint" (Doc. No. 13) and to the Court's preliminary Order allowing the requested amendment (Doc. No. 14). In support thereof, Defendant states as follows:

1. Under the plain language of Rule 15(a) of the Federal Rules of Civil Procedure, the time for the Plaintiff to be allowed an amendment to the complaint "as a matter of course" has long since expired. Fed. R. Civ. P. 15(a). Now, the Plaintiff may amend the complaint "only be leave of court or by written consent of the adverse party." Id. Such leave of court may be given only "when justice so requires." Id.

2. The Plaintiff's "Motion to Amend Complaint" makes no showing of why justice requires the Court to grant leave to amend. Accordingly, the motion is defective on its face.

3. Some cases have indicated that there must be a "substantial reason" for denying a motion to amend. See, e.g., Arrington v. Dickerson, 915 F. Supp. 1516, 1521 (M.D. Ala. 1996). Some substantial reasons justifying the Court's denial are "undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of

1

allowance of the amendment, and futility of amendment." Id. (quoting Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).  Failure of the proposed amendment to state a claim is one example of "futility of amendment." See, e.g., Swanson v. Pitt, 330 F.Supp. 2d 1269, 1283-84 (M.D. Ala. 2004)(citing United Food and Commercial Workers Unions v. Philip Morris, Inc., 223 F.3d 1271, 1275 (11th Cir. 2000)).

    4.    Paragraph 26 of the proposed "First Amended Complaint" attempts to state a claim against Benton Express for allegedly "negligently and wantonly fail[ing] to enforce, train, supervise, monitor, implement policies and procedures that would allow it to communicate with its driver/employee, Craig Anthony Stephens...."  Paragraph 27 attempts to state a claim against Benton Express for allegedly being "negligent and wanton for failing to equip its vehicles with equipment that would allow it to track or locate its tractor-trailers or drivers...."

    5.    Allowing the Plaintiff to amend her complaint to add the proposed "Count Three," which includes Paragraphs 26 and 27, would be futile.  The existence of a legal duty is a fundamental element of both negligence and wantonness claims. See Davis v. Wal-Mart Stores, Inc., 64 F.Supp. 2d 1176, 1178 (M.D. Ala. 1999).  Thus, for Paragraphs 26 and 27 to state claims upon which relief can be granted, the Plaintiff would have to prove that Benton Express has a legal duty to communicate with its drivers while they are on the road and that Benton Express has a legal duty to equip its tractor-trailers with equipment that would allow the company to "track" them while they are on the road.  The proposed "Count Three" fails to allege that such duties exist, and therefore the proposed amendment is defective on its face.  However, the undersigned also is unaware of any law or regulation which would place such duties on Benton Express.  Thus, even if the Plaintiff were to cure this defect by alleging the existence of such duties, the Plaintiff still would not be able to prove the existence of such duties.  Without the existence of such duties, there can be no viable claims for negligence or wantonness.  Therefore, the claims the Plaintiff attempts to state in the proposed "Count Three"

2

would be due to be dismissed for failure to state a claim upon which relief can be granted. Accordingly, allowing the Plaintiff's proposed "First Amended Complaint" would be futile.

6. Allowing the Plaintiff to amend her complaint to add the proposed "Count Three" would cause undue prejudice to Benton Express. Assuming, *arguendo*, that the Plaintiff was able to prove the existence of the duties discussed above, the Plaintiff would then be pursuing highly unusual claims of negligence and wantonness against Benton Express. Much discovery would be necessary on the issues of whether Benton Express fulfilled its alleged duties of communicating with its drivers and of "tracking" its tractor-trailers. Furthermore, expert testimony would be required on these issues. The current deadline for the disclosure of any experts that would address these issues for Benton Express is October 31, 2005. Thus, under the current scheduling order, Benton Express would be precluded from offering the expert testimony that it could need to rebut these claims. In addition, the current deadline for dispositive motions is November 24, 2005. Obviously, Benton Express would have insufficient time to conduct discovery on these claims and to file a dispositive motion on them prior to that deadline. Finally, the current deadline for all discovery to be completed is December 16, 2005. It is very unlikely that the parties could complete discovery on these new claims and all other claims prior that deadline. Accordingly, because Benton Express would be precluded from offering expert testimony on the proposed claims and has insufficient time to complete discovery and file a dispositive motion on the proposed claims, allowing the claims would cause undue prejudice to Benton Express under the current scheduling order.

7. As demonstrated above, the Plaintiff's "Motion to Amend" is defective on its face, and allowing the Plaintiff's proposed amendment would be futile and would cause undue prejudice to Benton Express.

WHEREFORE, PREMISES CONSIDERED, Defendant Benton Express respectfully requests the Court to enter an Order denying the Plaintiff's "Motion to Amend Complaint."

        Respectfully submitted,


          s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
   OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
       gab@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 25th day of October, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


          s/ Gregory A. Brockwell
        Of Counsel