IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 2:05CV494-T<br>)<br>)<br>)<br>) |

**MOTION TO COMPEL**

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, moves the Court to enter an Order compelling the Plaintiff to provide the discovery described below.  In support thereof, Defendant states as follows:

1.     By stipulation of the parties, the parties' initial disclosures under Rule 26(a)(1) were due by July 1, 2005. [See Report of Parties' Planning Meeting, ¶ 2].

2.     In these disclosures, the Plaintiff should have produced "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. Pro. 26(a)(1)(D).  The Plaintiff did not produce any such information. [See Plaintiff's Rule 26 Initial Disclosures, a copy of which is attached hereto as Exhibit 1].

3.     Through more recent discovery, it has been discovered that there are some insurance policies that may provide coverage to the Plaintiff and/or the Estate which she

represents and that the Plaintiff and/or the Estate which she represents have received payments under such insurance policies. [See Deposition of Hazel Roby, pp. 71-82, excerpts of which are attached hereto as Exhibit 2].

4. Defendant is concerned that any insurance that provides coverage to the Plaintiff and/or the Estate and any payments that have been made to them may represent a potential setoff, credit, subrogation right, or lien in the instant case.  Accordingly, such information is clearly relevant and discoverable in this case.

5. This evidence should have been produced either in the Plaintiff's initial disclosures or in a supplement thereto.  However, in good faith, Defendant also has attempted to resolve this matter and to discover this evidence through interrogatories, the deposition of Hazel Roby, and follow-up correspondence to the Plaintiff's counsel. [See Exhibit 2; Plaintiff's Response to Defendant's First Interrogatories, a copy of which is attached hereto as Exhibit 3; and Correspondence to the Plaintiff's Counsel, copies of which are attached hereto as Exhibit 4].

6. The Plaintiff's Counsel has objected to the discovery of this evidence. For example, in response to Defendant's Interrogatories numbered 17 and 18, the Plaintiff responded as follows:

> 17. Please state whether Mr. Roby's estate, or any of his heirs have received any payment or settlement from any source related to or because of the subject accident.  If your answer is in the affirmative, please identify the source, the amount and date of payment, the basis of the payment and to whom payment was made.
>
> **Response: Plaintiff objects to interrogatory number 17 on the grounds that it seeks information that it [sic] irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.**
>
> 18. If Mr. Roby maintained underinsured motorist coverage on the vehicle he was operating at the time of the subject accident, please identify the carrier of said insurance, the limits of the policy

of insurance and the number of vehicles insured by said policy.

**Response: Plaintiff objects to interrogatory number 18 on the grounds that it seeks information that it [sic] irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.**

[Exhibit 3].

7. Despite Defendant's good faith efforts to seek discovery of insurance information and evidence of payments made to the Plaintiff and the Estate and Defendant's good faith efforts to resolve the Plaintiff's objections to said discovery, the Plaintiff has continued to refuse to produce the requested evidence. In a recent letter, the Plaintiff's counsel stated, "I will continue to object to production of any documents evidencing payment of any insurance funds to Mrs. Roby or the Estate of Ronald Roby as a result of Mr. Roby's death." [Letter from the Plaintiff's Counsel dated October 25, 2005, a copy of which is attached hereto as Exhibit 5].

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to enter an Order (1) compelling the Plaintiff to respond to Defendant's Interrogatories number 17 and 18; (2) compelling the Plaintiff to produce all documents evidencing insurance that potentially provides coverage to the Plaintiff and/or Ronald Roby for the events that are the subject of this case; and (3) compelling the Plaintiff to identify and to produce all documents evidencing any payments that have been made to the Plaintiff and/or to the Estate of Ronald Roby as a result of the events that are the subject of this case.

Respectfully submitted,

  s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:   bar@carrallison.com
          gab@carrallison.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 28th day of October, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                              s/ Gregory A. Brockwell
                              Of Counsel