# EXHIBIT 3

# Plaintiff's Response to Defendant's First Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, As Administratrix Of the Estate of RONALD TYRONE ROBY, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:05CV494-B |
| BENTON EXPRESS, INC., et al., | § § § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSES TO DEFENDANT BENTON EXPRESS, INC.'S FIRST INTERROGATORIES

**COMES NOW** the Plaintiff, Hazel Roby, by and through the undersigned counsel of record, and in response to Defendant Benton Express's First Set of Interrogatories to Plaintiff, states as follows:

1. Please identify yourself, giving full name, address, birth date, social security number, and place of employment.

    **Response:** Hazel M. Roby, 6301 Old Pond Road, Montgomery, Alabama, 9/20/58; 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; Baptist Medical Center.

2. Please identify your decedent, Ronald Roby, giving his full name, address, birth date, social security number and place of employment at the time of his death.

    **Response:** Ronald Tyrone Roby, October 29, 1960, 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; disabled.

3. Identify each and every communication or transaction you or anyone acting on your behalf have had with the Defendant or any employee, representative, and/or agent of the Defendant, and identify each employee, representative, and/or agent of the Defendant with whom you have had each such communication or transaction, and

for each communication or transaction state the date when the communication or transaction took place, and the substance of the communication or transaction.

**Response:    On or about April 13, 2005, I received a call from a gentleman who identified himself as the owner of Benton Express, Inc. who said he was calling to express his condolences on the loss of my husband.**

4.    Please state, in detail, each and every way in which you contend the Defendant or any alleged employee or agent of the Defendant caused or contributed to the death or Ronald Roby.

**Response:    See Alabama Uniform Traffic Incident Report. This case is still under investigation and Plaintiff will supplement her responses as information is gathered.**

5.    Identify and describe every fact, statement and document upon which you rely to support your contention in the Complaint that Craig Stephens negligently or wantonly operated a motor vehicle so as to cause the accident that is the subject of this case.

**Response:    See Alabama Uniform Traffic Incident Report. This case is still under investigation and Plaintiff will supplement her responses as information is gathered.**

6.    State fully the purpose of the trip that Ronald Roby was making in his vehicle at the time of the alleged accident, including in your answer the place from which he had left and the place of which he was going.

**Response:    Ronald Tyrone Roby was returning home after taking me and our son to work.**

7. Describe each and every skid mark or tire mark which you contend were placed by any of the vehicles involved in this accident(s).

**Response: See Alabama Uniform Traffic Incident Report. This case is still under investigation and Plaintiff will supplement her responses as information is gathered.**

8. State your best judgment, if any, of the speed in miles per hour of all vehicles that you allege caused or contributed to the subject accident.

**Response: See Alabama Uniform Traffic Incident Report. This case is still under investigation and Plaintiff will supplement her responses as information is gathered.**

9. State fully, specifically and in detail, each and every act or thing done by Ronald Roby during the last 300 feet of his vehicle's approach to the point of the subject collision, stating in your answer the chronological order in which Mr. Stripling [sic] did each of said acts or things.

**Response: I do not know.**

10. State in your best judgment the speed in miles per hour of the vehicle operated by Ronald Roby on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

**Response: I do not know.**

11. State in your best judgment the speed in miles per hour of the vehicle operated by Craig Stephens on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

**Response: I do not know but I believe he was exceeding the speed limit.**

**See police report identifying witnesses and expert opinions that will be provided as set out in the Scheduling Order.**

12. State in your estimate(s) the speed in miles per hour of the vehicle operated by Craig Stephens at all times prior to the last 60 seconds before the collision on the date of the subject accident. In your answer, please state the basis of your estimates and identify any witnesses known to you who may have provided information relevant to that issue.

**Response:** **I do not know but I believe he was exceeding the speed limit. See police report identifying witnesses and expert opinions that will be provided as set out in the Scheduling Order.**

13. State fully, specifically and in detail, all information upon which you rely in answering interrogatories numbered four (4) through fourteen (14) [sic].

**Response:** **See responses to interrogatories 4-13.**

14. State whether you know or believe that the driver of any of the vehicles involved in the events made the basis of this suit had been drinking any alcoholic beverages, taken prescription medication or used any drugs within 24 hours preceding the subject accident. If your answer to this interrogatory is in the affirmative, please identify who you contend had been drinking, taking prescription or using drugs, the amounts, times of consumption, and specific substances consumed, and the source(s) of information upon which you base your response.

**Response:** **Objection requires speculation. Discovery is ongoing but Plaintiff will supplement as more information is gathered, i.e., autopsy reports.**

15. If any witnesses to the subject accident or any relevant events or

occurrences which proceeded it have made any statements to you, your counsel, or any other person, either at the scene or afterwards, please state when, where, and what was said by such witnesses, and the source of your knowledge regarding each statement.

**Response:** **Plaintiff objects to interrogatory number 15 on the grounds that it seeks information protected under the theory of attorney work product.**

16. Please state the names and addresses of all doctors, hospitals, paramedics or other medical providers who may have examined or treated Ronald Roby for any injuries he sustained in the accident made the subject of this lawsuit prior to his death.

**Response:** **Ronald Roby was not treated by any doctor, hospital, paramedic or other medical provider for any injuries he sustained in the subject wreck.**

17. Please state whether Mr. Roby's estate, or any of his heirs have received any payment or settlement from any source related to or because of the subject accident. If your answer is in the affirmative, please identify the source, amount and date of payment, the basis of the payment and to whom payment was made.

**Response: Plaintiff objects to interrogatory number 17 on the grounds that it seeks information that it irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.**

18. If Mr. Roby maintained underinsured motorist coverage on the vehicle he was operating at the time of the subject accident, please identify the carrier of said insurance, the limits of the policy of insurance and the number of vehicles insured by said policy.

**Response:** **Plaintiff objects to interrogatory number 18 on the grounds**

that it seeks information that it irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.

19. Please identify and describe the vehicle being operated by Mr. Roby at the time of this death, stating in your answer the type of vehicle, the date of its purchase, from whom it was purchased and the vehicle identification number.

Response: The vehicle being operated by Mr. Roby at the time of the wreck was a 2000 Chevrolet Malibu that was owned by Mr. Roby's parents. Mr. Roby's parents purchased the vehicle from Capitol Chevrolet in 2000. The VIN is 1G1KD52J146236350.

20. Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this lawsuit.

Response: Plaintiff objects to interrogatory number 20 on the grounds that it seeks information that is protected under the theory of attorney work product. Without waiving said objection, Plaintiff has only begun investigation into this matter. Plaintiff will supplement her response to this interrogatory and provide non-protected information once such information is obtained.

21. Please identify any and all other lawsuits you have ever filed. For each, please identify date of commencement, the venue, and the parties. Please also provide a brief description of the subject matter of each such lawsuit.

Response: Plaintiff filed a claim against Vine Realty approximately 8 or 9 years ago over the purchase of a home. Said lawsuit was filed in Montgomery County, Alabama, and was settled prior to trial.

Plaintiff filed a worker's compensation case against her employer, Baptist

**Health Systems.**

22.   Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

**Response:   I have not spoken to anyone other than counsel about this case.**

23.   If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

**Response:   Plaintiff has never been arrested.**

24.   If Ronald Roby was ever arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

**Response:   Plaintiff objects to interrogatory number 24 on the grounds that it seeks information that is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence.**

25.   Identify each person whom you expect to use as an expert witness in connection with the trial of this case, and as to each individual also state and identify the following information:

> (a) the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;
>
> (b) the facts upon which the individual's opinions and conclusions are based;
>
> (c) summary of the grounds of each of the individual's opinions or

conclusions;

(d) each school attended, the date of attendance, the date of graduation, and the degree received;

(e) each employer including the dates of employment, job titles held, and reasons for leaving the employment;

(f) each honorary society,, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individual has held or holds and the dates each office each office was held;

(g) each article or publication that the individual has authored or to which the individual has contributed;

(h) each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(i) the identification of each person with whom the individual has communicated in connection with the case and the substance of the communication;

(j) the identification of all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection with this proceeding or which the individual may utilize at the trial; and,

(k) the identity of each document created by the individual in connection with this proceeding.

**RESPONSE:** Plaintiff has not yet made a determination concerning experts. Plaintiff will supplement her response to this interrogatory in accordance with the terms and conditions of the Court's Scheduling Order.

_____
HAZEL M. ROBY

STATE OF ALABAMA

COUNTY OF MONTGOMERY

PERSONALLY APPEARED before me, the undersigned Notary Public in and for said County and State, the within named Hazel M. Roby, who, after first being duly sworn, stated that the information contained in the above and foregoing answer to interrogatories are true and correct to the best of her knowledge belief and information.

SWORN TO and SUBSCRIBED BEFORE ME on this the 8th day of June 2005.

_____
NOTARY PUBLIC

My Commission Expires: 10/30/06

_____
LABARRON N. BOONE (BOO029)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36104
(334) 269-2343 (Telephone)
(334) 954-7555 (Facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below by placing a copy in the United States Mail, first class postage prepaid, on this the ___9___ day of ___Sept___, 2005.

 

_____
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216