IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.        ) | CIVIL ACTION NO. 2:05CV494-T |
| ) | [WO] |
| BENTON EXPRESS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On 28 October 2005, the defendant filed a Motion to Compel discovery (Doc. # 18-1). The defendant seeks information regarding the plaintiff's insurance coverage pertinent to the subject events and information regarding whether the plaintiff has received payments from any insurer. The defendant sought the information in the plaintiff's initial disclosures and in specific interrogatories (numbered 17 and 18).

The plaintiff's initial disclosures were due on or before 1 July 2005. In interrogatory # 17, the defendant inquired whether the plaintiff had received "any payment or settlement from any source related to or because of the subject accident". In her response to the interrogatory, dated 9 September 2005, the plaintiff objected "on the grounds that it seeks information that is irrelevant, immaterial, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence" (See Doc. # 18, Exh. 4). In interrogatory # 18, the defendant, with respect to any "underinsured motorist coverage on the vehicle" that Mr. Roby operated at the time of the accident", inquired into the identification of "the carrier of

said insurance, the limits of the policy of insurance and the number of vehicles insured by said policy."

Count Two of the plaintiff's complaint alleges wantonness, a state cause of action in Alabama, proof of which may result in an award of compensatory and punitive damages to the plaintiff. Obviously, the plaintiff's - or the estate's - receipt of payments from an insurance company on account of Mr. Roby's injuries, property losses, or death could affect the plaintiff's entitlement to damages, since it would affect Hazel Roby's ability to satisfy obligations remaining to her and the estate's ability to satisfy its obligations. Accordingly, the information requested by the defendant is relevant and material, and therefore discoverable. It is not necessary at this stage of the litigation for the court to determine whether the information is also admissible. The judge who presides at the trial of this case may decide that it is or that it is not.

For the reasons stated herein, it is therefore ORDERED as follows:

1. The plaintiff's objections to interrogatories 17 and 18 are OVERRULED;

2. On or before 14 November 2005, the plaintiff shall provide the following information and documents to defendant's counsel: (a) responses to defendant's interrogatories # 17 and 18; (b) all documents evidencing insurance that potentially provides coverage to the plaintiff and/or Ronald Roby for the events that are the subject of this case; and (c) identification and production of all documents evidencing payments made to the plaintiff and/or to the Estate of Ronald Roby as a result of the events that are the subject of this case.

3.   On or before 16 November 2005, the plaintiff shall file with the Clerk of the court a Notice of compliance with this order.

DONE this 4th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE