IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al.,<br><br>Defendants. | §§§§§§§§§§§ CIVIL ACTION NO.<br>2:05cv494-B |

**PLAINTIFF'S MOTION TO RECONSIDER THIS COURT'S ORDER CONCERNING DEFENDANT'S MOTION TO COMPEL**

Plaintiff respectfully requests that this Court reconsider its Order granting Defendant's Motion to Compel. The law in Alabama holds clear that under the wrongful death statute, all damages are purely punitive. Accordingly, Plaintiff is not compensated for any economic damages caused by a loss, or for pain and suffering for that matter. This has long been the law in Alabama and even the most inexperienced lawyer is familiar with this unique Alabama wrongful death statute.

Under Alabama law, whether the Plaintiff has insurance is completely irrelevant and immaterial. Defense counsel surely is aware of that, thus, Defendant's motion to compel should be denied and Plaintiff should be awarded cost. See also Hazel Roby depo. pp. 77-79 (attached hereto as Exhibit A).

Rule 26(a)(1)(D) of the *Federal Rules of Civil Procedure* holds "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or indemnify or

reimburse for payments made to satisfy the judgment." It is Plaintiff's contention that neither she nor the Estate of Ronald Tyrone Roby will be liable for any judgment that may be entered in this matter. Further, Defendant is aware that Plaintiff's decedent was not the owner of the vehicle that he was driving at the time of the wreck and, therefore, Plaintiff is not in possession of any insurance agreements relating to the vehicle being driven by Mr. Roby at the time he was killed. Additionally, the vehicle owned by Mr. Roby at the time of the wreck was not covered by any policies of insurance. Without waiving her objections to this request, Plaintiff informed Defendant that she did receive a payment of $5,000.00 from the medical payment portion of the insurance on the subject vehicle as partial reimbursement for the funeral expenses incurred by Mrs. Roby.

Further, Mrs. Roby also received payments from life insurance policies for Ronald Roby. However, these proceeds were paid from policies that named Plaintiff Hazel Roby as the **sole beneficiary**. Therefore, any payments made pursuant to the life insurance policies are strictly the property of Mrs. Roby and the Estate of Ronald Tyrone Roby is not entitled to any portion thereof.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its Order granting Defendant's Motion to Compel.

_____
LABARRON N. BOONE    (BOO029)

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama  36103-4160

(334) 269-2343 – Telephone
(334) 954-7555 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 4th day of November 2005.

_____
OF COUNSEL


Brett A. Ross
Gregory A. Brockwell
***Carr, Allison, Pugh, Howard,
  Oliver & Sisson, P.C.***
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216