IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV494-T |
| | ) [WO] |
| BENTON EXPRESS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

On 4 November 2005, the plaintiff filed a Motion To Reconsider (Doc. # 23) this court's order (Doc. # 21) granting the defendants' Motion to Compel (Doc. # 18). In its order, the court directed the plaintiff to provide full responses to defendants' interrogatories # 17 and 18. Those interrogatories sought information about insurance payments or settlements related to or because of the subject accident as well as information about underinsured motorist coverage. On 4 November 2005, the plaintiff filed a response to the motion to compel (Doc. # 22) in which she essentially responded as well (or reiterated an earlier response) to the interrogatories.

The plaintiff now objects to the court's order on the following grounds:

1. Plaintiff's possession of insurance is "completely irrelevant and immaterial";

2. Neither the plaintiff nor Ronald Tyrone Roby will be liable for any judgment that may be entered in this matter;

3. Plaintiff received payments, but they were from policies that named her as the

sole beneficiary.

Inasmuch as the plaintiff has essentially answered the defendants' inquiries in the interrogatories, the motion for reconsideration is due to be denied as moot. Moreover, the court is persuaded that - albeit unwittingly - the plaintiff stated at least a property damage claim in her complaint under her Negligence count (Count 1). If, as the plaintiff contends, this case were limited to wrongful death, in which all damages are punitive, it is somewhat inconsistent to include two separate counts in the complaint - one each for Negligence and Wantonness. If the jury, for example, found for the plaintiff on the negligence count and not the wantonness count, which damages form the basis of that claim? What would the plaintiff expect to collect?

Moreover, in paragraph 19, the plaintiff clearly alleges that "[t]he Roby vehicle was caused to explode into flames and burn". That allegation is clear notice to the defendants - and to the court - that the plaintiff expects compensation for the destroyed vehicle. That is a property damage claim, for which either compensatory or punitive damages may be awarded under Alabama law.

Finally, in Exhibit 2 to the defendants' Motion to Compel, i.e., Excerpts of Deposition of Hazel Roby, defendants' counsel asked at least six pages of questions about the vehicle and its insurance coverage, which the plaintiff answered without objection (See Roby Depo., pp. 71-76). Indeed, plaintiff's counsel did not object to questions related to insurance until the questions turned to the subject of life insurance. Taken together, all of these factors suggest, if not indicate, that the plaintiff seeks an award for damages other than punitive damages. If the plaintiff does not, she should clarify that issue immediately.

In any case, during this phase of the action, the court concerns itself only with discoverable evidence, not admissible evidence. It may be that the judge who presides over the jury trial will determine that the responses to questions regarding insurance are inadmissible. For now, however, given the liberal interpretation accorded the federal discovery rules, the court has determined that, in view of all of the circumstances, some of which are cited in this order, the information sought by the defendants is discoverable.

Accordingly, it is ORDERED that the motion for reconsideration is DENIED.

DONE this 7th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE