IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 2:05CV494-T<br>)<br>)<br>)<br>) |

## MOTION FOR CLARIFICATION OF SCHEDULING ORDER

COMES NOW the Defendant, Benton Express, Inc., and moves the Court for clarification of the Scheduling Order to address the limits on written discovery requests. In support thereof, Defendant states as follows:

1. On July 5, 2005, the parties filed the Report of Parties' Planning Meeting with the Court.

2. Prior to filing the Report of Parties' Planning Meeting, the parties attempted to reach an agreement as to the maximum numbers of interrogatories, requests for production, and requests for admissions allowed by each party.

3. The parties were able to agree on a maximum of 30 requests for admissions. However, the parties were unable to agree on the maximum numbers for interrogatories and requests for production. Specifically, the parties stated as follows in the Report of Parties' Planning Meeting:

> After extensive discussions conducted in good faith, the parties cannot agree on limits for written discovery requests. The parties state their respective positions as follows:

1

      i.      Plaintiff requests a maximum of 75 interrogatories, including subparts, by each party to any other party; a maximum of 75 requests for production of documents, including subparts, by each party to any other party; and a maximum of 30 requests for admissions by each party to any other party;

      ii.      Defendant requests a maximum of 30 interrogatories, including subparts, by each party to any other party; a maximum of 30 requests for production of documents, including subparts and 30(b)(5) requests for non-expert depositions issues by each party to any other party; and a maximum of 30 requests for admissions by each party to any other party.

[Report of Parties' Planning Meeting, ¶ 4(c)].

4.      Clearly, the maximum number of requests for admissions agreed to by the parties was 30 by each side. However, there is a discrepancy between the maximum numbers of interrogatories and requests for production requested by the parties. Specifically, the Plaintiff requested a maximum of 75 each, while the Defendant requested a maximum of 30 each.

5.      Following the filing of the Report of Parties' Planning Meeting, the Court entered the Scheduling Order on August 1, 2005. The Scheduling Order did not resolve the discrepancy between the maximum numbers of interrogatories and requests for production requested by the parties.

6.      The Plaintiff has now served on Defendant her Third Request for Admissions (numbered 30 through 39), Third Interrogatories (numbered 56 through 61), and Third Request for Production (numbered 69 through 85). With these discovery requests, the Plaintiff has exceeded the maximum numbers of requests for admissions and request for production that she requested in the Report of Parties' Planning Meeting. The Plaintiff has exceeded all of the maximum numbers requested by Defendant in the Report of Parties' Planning Meeting.

7.	Defendant needs clarification of the limits on written discovery requests prior to responding to said discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to enter an Order (1) stating that the maximum number of requests for admissions by each party to any other party is 30, and (2) setting limits on the maximum numbers of interrogatories and requests for production by each party to any other party.

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:	bar@carrallison.com
	gab@carrallison.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 8th day of November, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

 s/ Gregory A. Brockwell
Of Counsel