IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLES DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BENTON EXPRESS, INC., et al.<br><br>Defendants. | CIVIL ACTION NO: 2:05CV194-T |

## PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Plaintiff in the above styled matter, by and through the undersigned counsel of record and hereby requests that this Court enter an Order compelling Defendant, Benton Express, Inc. ("Benton") to produce any and all documents relating to the worker's compensation benefits paid to the widow of Craig Anthony Stephens and, as grounds in support of said motion, would show unto the Court as follows:

1.     On or about June 13, 2005, Plaintiff propounded the following requests for production to Defendant Benton:

    9.     Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.

    10.     Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

Defendant objected to request number 9 on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, and seeks information that was prepared in anticipation of litigation, and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.

Defendant objected to request number 10 on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (See attached Exhibit A).

2.    Counsel for Plaintiff wrote to counsel for Defendant on October 3, 2005, and November 7, 2005, (see attached Exhibits B and C) requesting that counsel supplement his responses to these requests in light of Defendant's allegations that Craig Anthony Stephens was not acting in the line and scope of his employment.

3.    In light of Defendant's allegations concerning the employment status of Craig Anthony Stephens at the time of the subject wreck, Plaintiff is entitled to receive any and all documentation relating to any worker's compensation benefits paid on behalf of Mr. Stephens and any and all correspondence concerning the denial of any worker's compensation benefits.

WHEREFORE, Plaintiff requests that this Court enter an Order compelling Defendant to provide full and complete responses to Plaintiff's discovery relating to any worker's compensation benefits paid to the widow of Craig Anthony Stephens or the cessation of any worker's compensation benefits paid as a result of the subject wreck.

/s/ Boone
LABARRON N. BOONE (BOO029)
Attorney for Plaintiff,

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 17 day of November 2005.

                                          OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 Fax
Attorney for Defendant Benton Express, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:05CV194-T |
| BENTON EXPRESS, INC., et al, ) ) | |
| Defendants. ) | |

### RESPONSE TO PLAINTIFF'S SECOND
### REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Benton Express, Inc., and in response to Plaintiff's Second Request for Production of Documents, states as follows:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's discovery on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

Defendant objects to Plaintiff's discovery on the grounds that it is not reasonably limited in time or scope.

Defendant will produce information only in its own possession, custody, or control Defendant cannot produce information in the possession, custody, or control of other entities

Defendant objects to Plaintiff's discovery to the extent it calls for the divulgence of attorney-client communications, attorney-work product, or any other privileged material

Defendant objects to Plaintiff's discovery to the extent the instructions contained therein purport to impose duties different from those imposed by applicable law.

Defendant objects to Plaintiff's discovery on the grounds that it fails to comport with the sequential numbering requirements of Local Rule 26.3 of the United States District Court for the Middle District of Alabama. Rather than refusing to respond to the improperly numbered discovery requests, Defendant has re-numbered them to comport with Local Rule 26.3.

All responses given are subject to these objections and any other objections made in the individually-numbered responses. Subject to the foregoing, Defendant responds in good faith to Plaintiff's Second Request for Production of Documents as follows:

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

54.  A copy of any and all documentation, telephone logs, reports, or any other information documenting any and all communications with Craig Anthony Stephens for the two-week period prior to April 11, 2005.

**RESPONSE: Some records for Craig Stephens' Nextel phone/radio were produced in response to Plaintiff's First Request for Production. Defendant has requested additional records from Nextel for the phone/radio of Craig Stephens and will produce these documents upon receipt.**

55.  A copy of any and all documentation, communications, telephone logs, or reports evidencing this Defendant's attempts to communicate with Craig Anthony Stephens from the date Mr. Stephens picked up the load in Pensacola, Florida, until April 11, 2005.

**RESPONSE: See response to Request for Production No. 54. In addition, see the note from Garlin McLellan to Craig Stephens and the phone/radio records that are produced. Defendant is unaware at this time of whether there are additional records of such attempts and reserves the right to supplement this response should such records become available.**

56.  A copy of any and all documentation, receipts, log books, or the like evidencing the driving activities of Craig Anthony Stephens from April 4, 2005, until April 11, 2005, for example, where he picked up a load, where he dropped off a load, any stops at any weighing stations, rest areas, restaurants, or the like, and the types of cargo contained in the loads picked up and/or dropped off by Mr. Stephens.

RESPONSE: See the logs, manifests, and sign in/out sheets that have already been produced.

57   A copy of any and all documentation evidencing how this Defendant pays its drivers such as Craig Anthony Stephens.

RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

58.   A copy of any and all documentation or evidence or any contact, either by CB radio, beeper or pager, digital telephone, cellular telephone, or any other instrument used by this Defendant to communicate with its drivers.

RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, see the phone/radio records that have already been produced.

59.   A copy of any and all policy and procedures books, employment handbooks, or the like concerning this Defendant's policies relating to the use of trucks and how employees are to use the trucks, when trucks are to be picked up or returned by the employees.

RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.

60.   Produce any documents or reports of Mr. Stephens being late, untimely, or any reprimands concerning Mr. Craig Stephens, including but not limited to written reports or notes concerning verbal reprimands.

RESPONSE: All personnel records regarding Craig Stephens were produced as part of Defendant's initial disclosures.

61.   Produce any known contact information on Mr Stephens, including any cell phone numbers, CB radios, walkie talkies, etc

RESPONSE: At the time of his death, Craig Stephens' address was 1959 Stacey Road, Cantonment, Florida 32533. His home telephone number was 850-937-8911. Defendant believes that he had a personal cellular telephone through Cingular Wireless, but Defendant is presently uncertain of the number for the phone.

62.   Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's

compensation provider, or any other entity concerning Mr. Craig Stephens' accident

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.

63    Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

64.    Please produce all documentation, gas receipts, bills of lading, maintenance records, weigh station tickets, satellite data regarding location, Qualicom data regarding truck locations and instructions to the driver and/or course electronic control module data in this Defendant's possession concerning the subject driver or any truck driven by Craig Anthony Stephens for a period six months prior to the subject wreck

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad and not reasonably limited in time or scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, Defendant is not in possession, custody, or control of satellite data, Qualicom [sic] data, or electronic control module data. For the remaining items requested, see the logs, manifests, etc., that have already been produced.

65    Produce a copy of the driver's complete employment and/or personnel file

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

66.    Produce hiring applications or any documents gathered or obtained from Craig Anthony Stephens concerning his hiring

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

67    Produce any type of medical evaluations, including records requests, driving tests, or any other information gathered by this Defendant prior to hiring Craig Anthony Stephens.

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

    68    Produce the policy manual, employment manual, handbook and guidelines

**RESPONSE:** Such documents have already been produced as part of Defendant's initial disclosures.

_____
Brett A. Ross (ASB-6771-O76B)
Gregory A. Brockwell (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

OF COUNSEL:
CARR, ALLISON, PUGH, HOWARD,
   OLIVER & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the 26th day of August, 2005:

Jere L. Beasley
LaBarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

_____
Of Counsel

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J GREG ALLEN
MICHAEL J CROW
THOMAS J METHVIN
J COLE PORTIS
W DANIEL MILES III
R GRAHAM ESDALE JR
JULIA ANNE BEASLEY
RHON E JONES
LABARRON N BOONE
ANDY D BIRCHFIELD JR
RICHARD D MORRISON
C GIBSON VANCE
J P SAWYER
C LANCE GOULD

JOSEPH H AUGHTMAN
DANA G TAUNTON
J MARK ENGLEHART
CLINTON C CARTER
BENJAMIN E BAKER, JR
DAVID B BYRNE III
TED G MEADOWS
GERALD B TAYLOR, JR
FRANK WOODSON
KENDALL C DUNSON
J PAUL SIZEMORE
SCARLETTE M TULEY
CHRISTOPHER E SANSPREE
ROMAN ASHLEY SHAUL
W ROGER SMITH III

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN COM

LARRY A GOLSTON JR
D MICHAEL ANDREWS
MELISSA A PRICKETT
JOHN E TOMLINSON
KIMBERLY R WARD
NAVAN WARD, JR
WESLEY CHADWICK COOK

OF COUNSEL:
BENJAMIN E LOCKLAR
P LEIGH O'DELL

ALSO ADMITTED IN ARIZONA
ALSO ADMITTED IN ARKANSAS
ALSO ADMITTED IN FLORIDA
ALSO ADMITTED IN GEORGIA
ALSO ADMITTED IN KENTUCKY
ALSO ADMITTED IN MINNESOTA
ALSO ADMITTED IN MISSISSIPPI
ALSO ADMITTED IN NEW YORK
ALSO ADMITTED IN OHIO
ALSO ADMITTED IN OKLAHOMA
ALSO ADMITTED IN SOUTH CAROLINA
ALSO ADMITTED IN TENNESSEE
ALSO ADMITTED IN TEXAS
ALSO ADMITTED IN WASHINGTON
ALSO ADMITTED IN WEST VIRGINIA

JAMES W TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

October 3, 2005

Gregory A Brockwell
*Carr, Allison, Pugh, Howard,*
*Oliver & Sisson, P.C.*
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Re:   *Hazel Roby v. Benton Express, Inc.*

Dear Greg:

I would ask that you supplement your client's responses to interrogatory numbers 49 and 50 as well as responses to requests for production numbers 62 and 63

It is Plaintiff's contention, in light of your allegations that Craig Anthony Stephens was not acting in the line and scope of his employment, that any and all documents, communications, and any other information relating, referring to, or regarding worker's compensation payments to Mr Stephens' widow are fully discoverable. If you will not agree to produce this information, please advise so I can seek the Court's intervention

Sincerely,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

LABARRON N. BOONE

LNB/drj

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

| | | | | |
|---|---|---|---|---|
| JERE LOCKE BEASLEY<br>J GREG ALLEN<br>MICHAEL J CROW<br>THOMAS J METHVIN<br>J COLE PORTIS<br>W DANIEL MILES, III<br>R GRAHAM ESDALE, JR<br>JULIA ANNE BEASLEY<br>RHON E JONES<br>LABARRON N BOONE<br>ANDY D BIRCHFIELD JR<br>RICHARD D MORRISON<br>C GIBSON VANCE<br>J P SAWYER<br>C LANCE GOULD | JOSEPH H AUGHTMAN<br>DANA G TAUNTON<br>J MARK ENGLEHART<br>CLINTON C CARTER<br>BENJAMIN E BAKER JR<br>DAVID B BYRNE III<br>TED G MEADOWS<br>GERALD B TAYLOR, JR<br>FRANK WOODSON<br>KENDALL C DUNSON<br>J PAUL SIZEMORE<br>SCARLETTE M TULEY<br>CHRISTOPHER E SANSPREE<br>ROMAN ASHLEY SHAUL<br>W ROGER SMITH III | *Attorneys at Law*<br>218 COMMERCE STREET<br>POST OFFICE BOX 4160<br>MONTGOMERY, ALABAMA<br>36103-4160<br>(334) 269-2343<br>TOLL FREE<br>(800) 898-2034<br>TELECOPIER<br>(334) 954-7555<br>BEASLEYALLEN.COM | LARRY A GOLSTON, JR<br>D MICHAEL ANDREWS<br>MELISSA A PRICKETT<br>JOHN E TOMLINSON<br>KIMBERLY R WARD<br>NAVAN WARD, JR<br>WESLEY CHADWICK COOK<br>WILLIAM H ROBERTSON, V<br><br>OF COUNSEL:<br>BENJAMIN L LOCKLAR<br>P LEIGH O'DELL | ALSO ADMITTED IN ARIZONA<br>ALSO ADMITTED IN ARKANSAS<br>ALSO ADMITTED IN FLORIDA<br>ALSO ADMITTED IN GEORGIA<br>ALSO ADMITTED IN KENTUCKY<br>ALSO ADMITTED IN MINNESOTA<br>ALSO ADMITTED IN MISSISSIPPI<br>ALSO ADMITTED IN NEW YORK<br>ALSO ADMITTED IN OHIO<br>ALSO ADMITTED IN OKLAHOMA<br>ALSO ADMITTED IN SOUTH CAROL<br>ALSO ADMITTED IN TENNESSEE<br>ALSO ADMITTED IN TEXAS<br>ALSO ADMITTED IN WASHINGTON<br>ALSO ADMITTED IN WEST VIRGINI<br><br>JAMES W TRAEGER<br>1953-1987<br>RONALD AUSTIN CANTY<br>1963-2004 |

November 7, 2005

**VIA FACSIMILE TRANSMISSION**

Gregory A. Brockwell
*Carr, Allison, Pugh, Howard,*
  *Oliver & Sisson, P.C.*
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Re: *Hazel Roby v. Benton Express, Inc.*

Dear Greg:

    I wrote to you on October 3, 2005, requesting the information relating to the worker's comp benefits paid on behalf of Craig Anthony Stephens. To date, I have not received a response to this letter. If I do not receive this information by Monday, November 14, 2005, I will have no alternative but to seek the Court's intervention. As stated in my previous letter, I feel that this information is not only discoverable but is completely relevant and material in light of your allegations that Craig Anthony Stephens was no acting in the line and scope of his employment.

    I appreciate your prompt response to this letter and am hopeful that we can resolve this issue without seeking the Court's intervention.

                             Sincerely,

                               BEASLEY, ALLEN, CROW, METHVIN,
                               PORTIS & MILES, P.C.

                               LABARRON N. BOONE

LNB/drj