IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.<br>§ 2:05cv494-B<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BENTON EXPRESS, INC.'S MOTION FOR PARTIAL DISMISSAL

COMES NOW the Plaintiff in the above styled matter, by and through the undersigned counsel of record and hereby requests that this Court deny Defendant, Benton Express, Inc.'s ("Benton") Motion for Partial Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures because Plaintiff has alleged valid claims against Benton.[1]

### STANDARD OF REVIEW

A motion to dismiss Plaintiff's claims should only be granted if the Plaintiff has not stated a claim upon which relief can be granted. The Defendant must show that Plaintiff cannot prevail under any set of facts alleged in the Complaint in order for the dismissal to be warranted. In ruling on Benton's motion to dismiss, the Court is required to look only at the four corners of the

---

[1] Although Defendant Benton submitted evidentiary materials in support of its 12(b)(6) motion and relied on factual allegations outside the scope of Plaintiff's amended complaint, Plaintiff believes those materials outside the complaint should be stricken, and Defendant's motion treated as it is styled a motion to dismiss rather than converting it to a motion for summary judgment. If the Court nonetheless decides to convert Defendant's motion into one for summary judgment, Plaintiff respectfully requests that she be allowed time to complete discovery before a response is due.

complaint. Accordingly, all evidentiary submissions proffered by Benton and all allegations of fact not contained in Plaintiff's complaint, such as expert opinions and the employment status of Benton's driver should be stricken and disregarded by this Court. In this case, Plaintiff alleged the following:

> 25. *Plaintiff realleges all prior paragraphs of the Complaint as if set out herein full.*
>
> 26. *Benton Express negligently and wantonly failed to enforce, train, supervise, monitor, implement policies and procedures that would allow it to communicate with its driver/employee, Craig Anthony Stephens who was operating a loaded Benton Express 18-wheeler when he crashed into Ronald Tyrone Roby. Benton Express is in the business of hauling freight by tractor-trailer on federal, state, and county roads/ highways. Benton Express had a duty to Plaintiff and others to properly train and supervise its drivers engaged in the business of hauling cargo. The acts and/or omissions of Benton Express constitute negligent and wanton training, monitoring, and supervision. As a result of Benton negligent and wanton failure to enforce or implement reasonable safety polices and procedures or to train its drivers regarding its policies and procedure, Mr. Ronald Roby was killed.*
>
> 27. *Plaintiff further alleges that Defendant Benton Express was negligent and wanton for failing to equip its vehicles with equipment that would allow it to track or locate its tractor-trailers or drivers in case of an emergency or any other situation that would present a danger to the motoring public. As a result of Defendant's negligent and wanton failure to equip its vehicles with features and equipment that would have allowed it to track, locate, or communicate with the vehicle or driver in the vehicle, the subject wreck occurred, causing the loss of Ronald Tyrone Roby's life.*

*28.   As a result of said negligence and wantonness, Ronald Tyrone Roby was wrongfully killed.*

### A.   SUFFICIENCY OF PLAINTIFF'S ALLEGATIONS

Benton challenges only the sufficiency of Count Three of the amended complaint and its sole objection is that Plaintiff has not alleged and proved the existence of a duty on Benton's part. Furthermore, Plaintiff is not required to prove anything at the pleading stage. Plaintiff's negligence and wantonness claims are sufficient under notice pleadings. Federal Rules of Civil Procedure 8(a) only requires plaintiffs to give " a short and plain statement of the claims showing that the pleader is entitled to relief." Applying this standard, the Court has made it abundantly clear that the threshold for notice pleading is "exceedingly low". *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 871 (11th Cir. 2003). Plaintiff has done that and more. See claims set out above. Under notice pleading requirements, Plaintiff need not specifically allege the existence of such a duty so long as Plaintiff's complaint gives Benton fair notice of Plaintiff's claim, which it does. *Herring v. Beasley*, 2005 WL 1475304 (S.D. Ala. June 21, 2005); *Beavers v. Hadden*, 528 So. 22 333 (Ala. Civ. App> 1988). Accordingly, Benton's motion to dismiss is meritless.

### B. DUTY IS A JURY QUESTION WHEN FACTS ON WHICH A DUTY DEPENDS IS DISPUTED

Benton argues that it had no duty to properly train or supervise its employees, or to install reasonable safety equipment on its vehicle, or to implement safety policies and procedures to protect the motoring public. Plaintiff anticipates there will be evidence to support a duty based on: (1) foreseeability of the harm, (2) Industry Custom and (3) voluntary undertaking of a duty by Benton.

3

1. **Foreseeability:**

Under Alabama law, a party's duty of care arises when it is foreseeable that harm may result if care is not exercised. *Lance, Inc. v. Ramanauskas*, 731 So.2d 1204 (Ala. 1999). It has long been recognized that foreseeability is the touchstone of liability for negligence. *Id.* The ultimate test of Benton's duty is foreseeability of harm that would result if due care were not exercised. *Pope v. McCrory*, 575 So.2d 1097 (Ala. 1991). Accordingly, Plaintiff anticipates offering evidence that it is foreseeable to Benton that inattentive, intoxicated, distracted or sleepy drivers are a danger to the motoring public and responsible for large number of deaths. Similarly, Plaintiff anticipates offering evidence that Benton is aware that trucks can be used as a weapon of mass destruction similar to the attack by terrorist using planes on the World Trade Centers. Plaintiff also anticipates offering evidence that even though tractor-trailers are only a small percentage of the total vehicles on the road, they cause approximately 63% of the traffic related deaths. Plaintiff also anticipates that Benton will acknowledge that a large percentage of the wrecks caused by tractor-trailers are preventable if carriers implement and enforce safety policies and procedures. In light of the gravity of the harm, a jury could find that Benton had a duty to implement reasonable methods or policies and procedures to locate its vehicles/employees.

2. **Industry Custom:**

Because the negligence standard is that of a reasonable man, evidence of custom and practice is accepted as bearing on the extent of Defendant Benton's duty to the motoring public. *Collins Co. v. City of Decatur*, 533 So.2d 1127 (Ala. 1988); see also *Hobart Corp. v. Scoggins*, ____ So.2d ____ (Ala.2000) (warning practices regarding comparable saw products). In this case, Plaintiffs anticipates evidence establishing that a reasonable trucking company should have

methods in place to track its vehicles/employees, such as GPS technology. Evidence of such trucking industry custom would be relevant to the existence of a duty on Benton's part and creates an issue of fact regarding the existence of such a duty for the jury to decide.

### 3. <u>Benton Undertook a Duty:</u>

This Court should note that whether Benton undertook a duty is a question of fact for the jury. *Turner v. C.E. Minerals, Inc.*, 75 F.Supp. 2d 1303 (M.D.Ala. 1995). Plaintiff further anticipates Benton's employees and corporate representative will admit it attempted to track/locate its vehicle/employee. Plaintiff anticipates offering evidence that Benton has no reliable method in place to track/locate its employees or equipment contrary to Benton's boasting it is advertising materials. Based on this evidence, a jury could hold that Benton undertook a duty to track its vehicle/employee. Even where a party did not originally have a duty of care, by undertaking to act that party assumes such a duty. *Walden v. U.S. Steel Corp.*, 759 F.2d 834 (11th Cir. 1985). Indeed, facts under which Benton had or undertook a duty and breached that duty can readily be envisioned.

### C. CLAIMS NOT ADDRESSED BY BENTON

Defendant Benton either intentionally or inadvertently overlooked the negligent and wanton supervision/training/monitoring claims. Also, if Plaintiff shows that Benton failed to implement or enforce reasonable safety polices and procedures that could have prevented this wreck, then a jury could certainly conclude that Benton had a duty and breached that duty. Plaintiff also anticipates offering undisputed evidence that Benton could not locate an 80,000 lb tractor-trail and its employee for approximately two days. Plaintiff anticipates offering evidence that any reasonable trucking company should have methods in place to track its vehicles/employees. This ability to track it vehicles/employees is particularly important when

Plaintiff anticipates Benton will take the position that its employee, Craig Anthony Stephens, was out of the line and scope of his employment. If Benton takes the position that its driver/employee was lost for approximately two days in an 80,000-pound tractor-trailer loaded with its customers' goods, a jury could hold Benton liable for failing to implement reasonable measures and policies/procedures to locate its missing vehicle/employee.

## CONCLUSION

When Benton's motion is viewed under the proper standard, Defendant cannot prove that there is no set of facts under which the Plaintiff could establish a duty on Benton's part, as required for the motion to be granted. For the foregoing reason, Plaintiff respectfully requests that this Court deny Defendant, Benton Express, Inc.'s Motion for Partial Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/s/ LaBarron N. Boone
LABARRON N. BOONE (BOO029)
Attorney for Plaintiff,

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
(334) 269-2343
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 23 day of November 2005.

*signature*

OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216