**Exhibit 7:    Defendant's Responses to Plaintiff's Second Requests for Admissions**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

HAZEL M. ROBY, as Administratrix of )
the Estate of RONALD TYRONE )
ROBY, Deceased, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: 2:05CV194-T
)
BENTON EXPRESS, INC., et al, )
)
    Defendants. )

## RESPONSE TO PLAINTIFF'S SECOND
## REQUEST FOR ADMISSIONS

COMES NOW, Defendant Benton Express, Inc., and in response to Plaintiff's Second Request for Admissions, states as follows:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's discovery to the extent it calls for the divulgence of attorney-client communications, attorney-work product, or any other privileged material.

Defendant objects to Plaintiff's discovery to the extent the instructions contained therein purport to impose duties different from those imposed by applicable law.

Defendant objects to Plaintiff's discovery on the grounds that it fails to comport with the sequential numbering requirements of Local Rule 26.3 of the United States District Court for the Middle District of Alabama. Rather than refusing to respond to the improperly numbered discovery requests, Defendant has re-numbered them to comport with Local Rule 26.3.

All responses given are subject to these objections and any other objections made in the individually-numbered responses. Subject to the foregoing, Defendant responds in good faith to Plaintiff's Second Request for Admissions as follows:

### PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

3. Admit that this Defendant did not file a missing person report for Craig Anthony Stephens.

**RESPONSE: Denied.**

4. Admit that this Defendant did not report the subject truck as stolen.

**RESPONSE: Denied.**

5. Admit that this Defendant did not contact anyone concerning the location of Craig Anthony Stephens between April 9, 2005, and the time of the wreck made the basis of this lawsuit.

**RESPONSE: Denied.**

6. Admit that the truck being operated by Craig Anthony Stephens at the time of the wreck made the basis of this lawsuit was owned by this Defendant.

**RESPONSE: Admitted.**

7. Admit that employees of this Defendant are not allowed to conduct personal business in trucks owned by this Defendant.

**RESPONSE: Admitted.**

8. Admit that Craig Anthony Stephens had a specific time to return to the terminal at Pensacola.

**RESPONSE: Defendant denies that Craig Stephens had a specific time to return to the terminal. Defendant admits that Craig Stephens should have proceeded directly to the Pensacola terminal after departing from the Atlanta terminal and should have arrived at the Pensacola terminal in a reasonable time for the trip.**

9. Admit that Craig Anthony Stephens was supposed to return to the terminal at Pensacola with a load.

**RESPONSE: Admitted.**

10. Admit that Craig Anthony Stephens usually drove through Montgomery on his way from Atlanta to Pensacola, Florida.

**RESPONSE: Defendant did not mandate that Craig Stephens use a particular route. As such, Defendant is without sufficient information to admit or deny this request.**

11. Admit that you do now know where Craig Anthony Stephens was on the day of the subject wreck.

**RESPONSE: Defendant admits that it now knows that Craig Stephens was in Montgomery, Alabama, at the time of the accident. Defendant denies that it knows of Mr. Stephens' whereabouts prior to the accident on the day of the accident.**

12. Admit that you do know where Craig Anthony Stephens was on the day of the subject wreck.

**RESPONSE: Defendant admits that it now knows that Craig Stephens was in Montgomery, Alabama, at the time of the accident. Defendant denies that it knows of Mr. Stephens' whereabouts on the day of the accident prior to the accident.**

13. Admit that Craig Anthony Stephens was not missing.

**RESPONSE: Denied.**

14. Admit that you know where Craig Anthony Stephens was during the twenty-four (24) hours time period prior to the subject wreck.

**RESPONSE: Denied.**

15. Admit that you do not know where Craig Anthony Stephens was during the twenty-four (24) hour time period prior to the subject wreck.

**RESPONSE: Admitted.**

16. Admit that you did not contact any family member of Craig Anthony Stephens to inform them that he was missing.

**RESPONSE: Denied.**

17. Admit that you did not inform anyone outside of Benton Express, Inc. that Craig Anthony Stephens was missing on the day before the subject wreck.

**RESPONSE: Denied.**

18.     Admit that you did not inform anyone outside of Benton Express, Inc. that Craig Anthony Stephens was missing on the day of the subject wreck.

**RESPONSE: See response to Request for Admission No. 17.**

19.     Admit that you conducted a search for Craig Anthony Stephens on the day before the subject wreck.

**RESPONSE: Admitted.**

20.     Admit that you did not conduct a search for Craig Anthony Stephens on the day before the subject wreck.

**RESPONSE: Denied.**

21.     Admit that you attempted to locate Craig Anthony Stephens on the day before the subject wreck.

**RESPONSE: Admitted.**

22.     Admit that you did not attempt to locate Craig Anthony Stephens on the day before the subject wreck.

**RESPONSE: Denied.**

23.     Admit that you did not attempt to locate Craig Anthony Stephens on the day of the subject wreck.

**RESPONSE: Defendant admits that it is not currently aware of any attempts by the company to locate Mr. Stephens between 12:00 a.m. and 6:15 a.m. on April 11, 2005. However, based on Defendant's request prior to then, the law enforcement authorities should have been attempting to locate Mr. Stephens at that time.**

24.     Admit that you attempted to locate Craig Anthony Stephens on the day of the subject wreck.

**RESPONSE: See Response to Request for Admission No. 23.**

25.     Admit that this Defendant had some person, party, or entity on the scene the day of the wreck.

**RESPONSE: Defendant objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that is protected by the attorney-client and/or work-product privileges.**

26. Admit that this Defendant had an investigative team at the scene on the day of the wreck.

**RESPONSE: Defendant objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that is protected by the attorney-client and/or work-product privileges.**

27. Admit that this Defendant had someone on the scene within two days of the subject wreck.

**RESPONSE: Defendant objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that is protected by the attorney-client and/or work-product privileges.**

28. Admit that this Defendant has an investigator or investigative team investigating the subject wreck.

**RESPONSE: Defendant objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that is protected by the attorney-client and/or work-product privileges.**

29. Admit that this Defendant has a risk management team working on the subject wreck.

**RESPONSE: Defendant objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that is protected by the attorney-client and/or work-product privileges.**

Brett A. Ross (ASB-6771-O76B)
Gregory A. Brockwell (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR, ALLISON, PUGH, HOWARD,
   OLIVER & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

   I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the 1st day of August, 2005:

Jere L. Beasley
LaBarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

_____
Of Counsel