**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | | |
|---|---|---|
| **HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO.: 2:05CV494-T** |
| **BENTON EXPRESS, INC., et al,** | ) ) ) | |
| **Defendants.** | ) | |

---

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

---

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to Rules 26(c) and 37(a)(4)(B) of the Federal Rules of Civil Procedure, and in response to the Plaintiff's Motion to Compel (Doc. No. 31), moves the Court to enter a protective order holding that discovery of evidence regarding workers' compensation payments to Craig Stephens' widow and/or family may not be had.  In support thereof, Defendant states as follows:

1.      This case arises from a motor vehicle accident on April 11, 2005, in which a Benton Express tractor-trailer driven by Craig Stephens collided with a car driven by Ronald Roby.  Both men were killed in the accident.

2.      In this action, the Estate of Ronald Roby has made claims against Benton Express for *respondeat superior* liability, premised upon the allegation that Craig Stephens was acting in the line and scope of his employment with Benton Express at the time of the accident that is the subject of this case.

3.      In a separate workers' compensation action pending in the administrative system of Florida, Craig Stephens' widow (Stephanie Stephens) is seeking workers' compensation

1

death benefits from Benton Express, also premised upon the allegation that Craig Stephens was acting in the line and scope of his employment with Benton Express at the time of the accident.

4.     The Plaintiff's claim in this case and Stephanie Stephens' workers' compensation claim, though arising from the same accident, are separate actions and governed by separate law.  Specifically, liability in the instant case will be determined by a jury applying the substantive law of the State of Alabama, while compensability in the workers' compensation case will be determined by an administrative law judge applying the Florida Workers' Compensation Act.

5.     Due to Craig Stephens' abandonment of and deviation from his employment with Benton Express prior to the accident, Benton Express is denying that it is liable either in the instant case or in the Florida workers' compensation case.

6.     In the instant case, the Plaintiff has sought discovery of evidence regarding any workers' compensation benefits paid to Stephanie Stephens as a result of the accident. Specifically, the Plaintiff has asked in her Second Requests for Production, and Benton Express has objected, as follows:

> 62.     Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.
>
> **RESPONSE:  Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.**
>
> 63.     Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

2

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

[See Response to Plaintiff's Second Request for Production of Documents, attached as Exhibit "A" to Plaintiff's Motion to Compel].

7.     Due to Defendant's objections, the Plaintiff has filed a Motion to Compel (Doc. No. 31) Defendant to produce workers' compensation evidence in response to these requests for production.  In the motion, the Plaintiff does not make any specific showing as to why she is entitled to discover this information, instead simply asserting that she should receive it "in light of Defendant's allegations concerning the employment status of Craig Anthony Stephens at the time of the subject wreck." [See Motion to Compel, ¶ 3].

8.     Defendant's objections to the requests are valid, and Defendant requests that the Court deny the Plaintiff's Motion to Compel and enter a protective order holding that the discovery may not be had by the Plaintiff.

9.     Rule 26(b)(1) of the Federal Rules of Civil Procedure mandates that only discovery that is "relevant" in that it is "reasonably calculated to lead to the discovery of admissible evidence" is permitted.  Thus, to be "relevant" and therefore discoverable, the discovery must be seeking information that either is--or will lead to--admissible evidence.  This is the threshold issue of what is and what is not discoverable.

10.     The Plaintiff apparently is seeking discovery of the workers' compensation evidence because it believes that the position that Benton Express has taken in the Florida workers' compensation case is somehow relevant to the position it is taking in the instant case.  Presumably (one must presume since the Plaintiff has not explained her position), the Plaintiff believes that if Benton Express has paid workers' compensation benefits to Stephanie

Stephens, then it has admitted liability in the instant case.  The Plaintiff is mistaken.

11.    Even assuming that Benton Express has paid workers' compensation benefits to Stephanie Stephens, these payments would not even amount to an admission of liability in the workers' compensation case.  Where there is any question as to compensability in a workers' compensation case, Florida law dictates that the employer must begin an investigation and must begin paying benefits.  Specifically, the law provides:

> If the carrier is uncertain of its obligation to provide all benefits or compensation, the carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits.... **Additionally, the carrier shall initiate payment and continue the provision of benefits and compensation as if the claim had been accepted as compensable, without prejudice and without admitting liability.**

Fla. Stat. ch. 440.20(4) (2003).  Thus, even if Benton Express made workers' compensation payments to Stephanie Stephens, such payments would have been made "without prejudice and without admitting liability," and they certainly would not be evidence of an adverse admission by Benton Express.  If anything, they would only be evidence that the company was complying with Florida law.

12.    Because, as a matter of Florida law, evidence of workers' compensation payments to Stephanie Stephens would not be evidence of an admission by Benton Express, the evidence is irrelevant to the instant case and is not discoverable pursuant to Rule 26(b)(1).

13.    If the Plaintiff is seeking discovery of the evidence for some purpose other than to show an admission of liability by Benton Express, then Defendant invites the Plaintiff to file a response to this motion and state what the purpose of the discovery is.

14.    In the event the Court denies this motion and allows the discovery sought by the Plaintiff, Defendant reserves the right to raise all objections to the admissibility of the evidence at trial at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Benton Express respectfully requests the Court to enter an Order denying the Plaintiff's Motion to Compel and holding that the discovery sought by the Plaintiff may not be had.

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
        gab@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 23rd day of November, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

 s/ Gregory A. Brockwell
Of Counsel