IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-T

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

COMES NOW the Defendant, Benton Express, Inc., and, in reply to Plaintiff's Response (Doc. No. 32) to Defendant's Motion for Partial Dismissal (Doc. No. 27), states as follows:

1. Whether or not the Court considers the opinions of Benton Express' trucking industry expert, Bob Tynes, Defendant has made a *prima facie* showing that there is no legal duty for a trucking company to track its trucks or to communicate with its drivers.

2. In her response, the Plaintiff requests that the Court disregard the opinions of Bob Tynes rather than converting Defendant's Motion for Partial Dismissal to a motion for summary judgment. It would be proper for the Court to convert the Motion for Partial Dismissal to a motion for summary judgment and to consider matters outside the pleadings. In fact, Defendant has incorporated the Motion for Partial Dismissal and the opinions of Bob Tynes into its Motion for Summary Judgment (Doc. No. 34), and the Court is free to decide these issues in light of all of the undisputed evidence that exists outside of the pleadings when

deciding the Motion for Summary Judgment.  However, there is no need to do so.  Defendant's Motion for Partial Dismissal is proper and is due to be granted as a 12(b)(6) motion.

3. In her response, the Plaintiff has not rebutted Defendant's showing that there are no legal duties that could subject Defendant to liability under Count Three of Plaintiff's First Amended Complaint.  Legal duties "derive from statutory law or the common law." Prettyman v. Goodwin, 114 F.Supp. 2d 1188, 1189 (M.D. Ala. 2000).  In her response, the Plaintiff has made no reference to any statutory or common law which establishes a legal duty for a trucking company to track its trucks or to communicate with its drivers.

4. It is commonly understood that whether a duty arises in a particular case is typically a question of law for the court. Landreau v. Wal-Mart Stores, Inc., 75 F.Supp. 2d 1318, 1322 (M.D. Ala. 1999).  In her response, the Plaintiff argues that the existence of a duty is a jury question when the facts upon which a duty depend are in dispute.  However, assuming this is true, there are no relevant facts in dispute on this issue.  The only fact the Court need consider is that Benton Express is a trucking company--a fact which both parties certainly concede.  With this undisputed fact in mind, the legal question facing the Court is whether Benton Express, as a trucking company, has a legal duty to track its trucks or to communicate with its drivers.  The answer is , "No."

5. In her response, the Plaintiff claims that "Defendant Benton either intentionally or inadvertently overlooked the negligent and wanton supervision/training/monitoring claims."  The only such claims of which Defendant is aware are intertwined with Defendant's purported duty to communicate with its drivers.  Specifically, the Plaintiff alleges Defendant failed "to enforce, train, supervise, monitor, implement policies and procedures that would allow it to communicate with its driver/employee, Craig Anthony Stephens...." [First Amended Complaint, ¶ 26].  Thus, Defendant's Motion for Partial Dismissal certainly covers all claims for negligent

2

and wanton supervision/training/monitoring that the Plaintiff has attempted to state.

6.  Whether under statutory or common law, motor carriers have no legal duty to communicate with their drivers or to track their trucks. The Plaintiff has failed to show otherwise. Without the existence of such legal duties, there can be no viable claims for negligence or wantonness for Benton Express' alleged failure to communicate with Craig Stephens and to track the truck that Mr. Stephens was driving. Therefore, the claims the Plaintiff attempts to state in Count Three are due to be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant Benton Express respectfully requests the Court to enter an Order dismissing Count Three of the Plaintiff's "First Amended Complaint."

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
        gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 28th day of November, 2005:

Jere L. Beasley  
Labarron N. Boone  
Julia A. Beasley  
BEASLEY, ALLEN, CROW,  
   METHVIN, PORTIS & MILES, P.C.  
218 Commerce Street  
P.O. Box 4160  
Montgomery, AL 36103-4160

                                           s/ Gregory A. Brockwell  
                                           Of Counsel