IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV494-T |
| | ) | [WO] |
| BENTON EXPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the plaintiff's Motion To Compel, filed on 17 November 2005 (Doc. # 31), it is hereby

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

The motion is due to be denied for at least two reasons. First, Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules ***must be accompanied by a certification***

that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute. In cases such as this one, which involves opposing counsel who live in different cities, the lawyers should, at the very least, have a telephone conference to discuss the discovery dispute.

Second, the plaintiff complains of the defendant's failure to respond to interrogatory requests numbered 9 and 10, but his letter to defendant's counsel, dated 3 October 2005, mentions only interrogatory numbers 49 and 50, 62 and 63. Thus, for purposes of determining whether the parties have made a good-faith attempt to resolve their discovery dispute, there is nothing before the court to suggest that they have even discussed the requests in question, i.e., interrogatories numbered 9 and 10.

Thus, counsel are DIRECTED to engage in a good-faith conference, as defined in this order, to resolve the discovery dispute.

DONE this 28th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE