IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§  2:05cv494-B<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S RENEWED MOTION TO COMPEL
## AND RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff in the above styled matter, by and through the undersigned counsel of record and hereby requests that this Court grant Plaintiff's motion to compel Benton to produce any and all information involving the workers compensation claim of Craig Stephen's widow. See attached motion to compel filed by Plaintiff on or about November 17, 2005. (Exhibit A).

Federal Rules of Procedure 26(b)(1) states, "**parties may obtain discovery regarding any matter .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**" Florida's worker's compensation statute requires Benton to pay death benefits to Mr. Stephens' widow only if he was within the line and scope of his employment at the time of his death. Thus, discovery concerning whether Benton Express has paid claims, denied claims, or settled the workers' compensation claim filed by the widow of its employee's, Craig Stephens, is clearly relevant to whether Craig Stephens was within the line and scope of his employment or at the very least for impeachment purposes. Worker's compensation benefits are only due if Craig

Anthony Stephens was in the line and scope of his employment. Accordingly, this information is relevant to rebut Benton's only defense in this matter, i.e., Craig Stephens was not acting in the line and scope of his employment.

The discovery of information concerning the subject workers compensation claim is important because Benton's entire defense rides on whether Craig Stephens, deceased, was acting within the line and scope of his employment, since liability is otherwise absolutely clear. In this case, Craig Stephens, deceased, was traveling through Montgomery, Alabama, on Interstate-85 South towards downtown Montgomery. For some reason, Craig Anthony Stephens failed to negotiate the turn at the Interstate 85/Interstate 65 interchange, and his truck went over the railing and landed on top of Ronald Tyrone Roby's, deceased, vehicle that was traveling below on I-65 south.

Plaintiff should, at the very least, be allowed to discover information to refute Benton's allegation that Craig Stephens, deceased, was not acting within the line and scope of his employment. It would be a tragic injustice to allow Benton to marshal this sham defense if Benton has settled the claim, paid benefits, or has agreed to pay workers compensation benefits after this case is resolved. If Plaintiff is not allowed to discover information about the worker's compensation claim, Benton could argue to a jury in Alabama that Mr. Stephens was not in the line and scope of his employment, but nevertheless settle the worker's compensation claim, admit liability after the trial of this matter or, for that matter, have a judge rule that Mr. Stephens was in the line and scope of his employment in Florida while Benton argues to an Alabama jury that he was not. Plaintiff should be allowed to discover potential rebuttal or impeachment evidence to rebut these allegations.

Benton Express argues that even if they initially made payments to Mrs. Stephens, that it does not tend to prove anything because they were required to start benefits "if [Benton] is uncertain of its obligations to provide all benefits or compensation . . . ." Fla. Stat. Ch. 440.20(4)(2003). However, this argument does not pass the straight face test since the evidence shows Benton been has never been "uncertain of its obligation." As shown in Benton's answer to Plaintiff's Complaint and its Rule 26(f) disclosures, they have always claimed, it least for purpose of this lawsuit, that Mr. Stephens was not in the line and scope of his employment. Plaintiff believes that this is a sham legal argument solely to avoid liability in the case. Benton also in its pleading filed a motion with this court claiming Mr. Stephens was AWOL. "At the time of the accident, Craig Stephens was "AWOL," as he had been for approximately two days." (Defendant's Motion for Partial Dismissal (Exhibit A). The true purpose behind Benton's argument is exposed by the evidence before this Court and the testimony of Craig Stephens' supervisor and co-worker who stated he did not believe Craig Stephens was AWOL, that he was a family man, and good reliable employee. (See Police report (Exhibit B), Glenn Clark dep. (Exhibit C), Garlin McClellan dep. (Exhibit D), Motion for Summary Judgment (Exhibit E).

Benton further argues that this information is not admissible under Florida law. Admissibility is the not the standard for discovery. Also, we are not under Florida law. And even if we were in Florida, this language simply means that a carrier is not admitting liability in the worker's compensation case by making payments. More importantly, no reasonable carrier would make payments if they knew from the outset that the claim was not compensable. (George William Jones dep., Exhibit F), especially since Benton would not have been prejudiced in any way for denying the claim, if the denial was in good faith. Once the claim is denied, the Claimant, at that point, can file a worker's compensation claim. Nothing in Florida

Benton Express argues that even if they initially made payments to Mrs. Stephens, that it does not tend to prove anything because they were required to start benefits "if [Benton] is uncertain of its obligations to provide all benefits or compensation . . . ." Fla. Stat. Ch. 440.20(4)(2003). However, this argument does not pass the straight face test since the evidence shows Benton been has never been "uncertain of its obligation." As shown in Benton's answer to Plaintiff's Complaint and its Rule 26(f) disclosures, they have always claimed, it least for purpose of this lawsuit, that Mr. Stephens was not in the line and scope of his employment. Plaintiff believes that this is a sham legal argument solely to avoid liability in the case. Benton also in its pleading filed a motion with this court claiming Mr. Stephens was AWOL. "At the time of the accident, Craig Stephens was "AWOL," as he had been for approximately two days." (Defendant's Motion for Partial Dismissal (Exhibit A). The true purpose behind Benton's argument is exposed by the evidence before this Court and the testimony of Craig Stephens' supervisor and co-worker who stated he did not believe Craig Stephens was AWOL, that he was a family man, and good reliable employee. (See Police report (Exhibit B), Glenn Clark dep. (Exhibit C), Garlin McClellan dep. (Exhibit D), Motion for Summary Judgment (Exhibit E).

Benton further argues that this information is not admissible under Florida law. Admissibility is the not the standard for discovery. Also, we are not under Florida law. And even if we were in Florida, this language simply means that a carrier is not admitting liability in the worker's compensation case by making payments. More importantly, no reasonable carrier would make payments if they knew from the outset that the claim was not compensable, especially since Benton would not have been prejudiced in any way for denying the claim, if the denial was in good faith. (George William Jones dep., Exhibit F), Once the claim is denied, the Claimant, at that point, can file a worker's compensation claim. Nothing in Florida law requires

3

Benton Express to pay a claim that it knows is not compensable. This evidence should not only be discoverable but allowed for rebuttal and impeachment. The overwhelming evidence suggests that Benton's position in this case was created solely for the purpose of defending this lawsuit.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion to Compel Benton Express to produce documents concerning workers' compensation death benefits paid to Mr. Stephens' widow, and, further, to deny Defendant Benton Express, Inc.'s Motion for Protective Order.

/s/ Boone
LABARRON N. BOONE (BOO029)
Attorney for Plaintiff,

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, AL 36104
(334) 269-2343
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 5th day of December 2005.

/s/ Boone
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

4