# Exhibit A to
# Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

# Defendant Benton Express, Inc.'s
# Motion for Partial Dismissal

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T |
| | ) |
| BENTON EXPRESS, INC., et al, | )<br>) |
| Defendants. | ) |

### DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss Count Three of the Plaintiff's "First Amended Complaint." In support thereof, Defendant states as follows:

1  This case arises from a motor vehicle accident on April 11, 2005, in which a Benton Express tractor-trailer driven by Craig Stephens collided with a car driven by Ronald Roby  Both men were killed in the accident  Craig Stephens was due to arrive in Pensacola, Florida, approximately 48 hours prior to this accident  At the time of the accident, Craig Stephens was "AWOL," as he had been for approximately two days  The Plaintiff's original Complaint simply stated a claim for vicarious liability against Benton Express for the actions of its purported employee, Craig Stephens  In her "First Amended Complaint," the Plaintiff is now alleging that Benton Express was negligent and wanton for not having a communication and tracking system in place which allegedly would have allowed the company to have communicated with and located Mr Stephens prior to the accident.

1

2. Specifically, Count Three of the Plaintiff's "First Amended Complaint" attempts to state two different claims against Benton Express. First, it attempts to state a claim against Benton Express for allegedly "negligently and wantonly fail[ing] to enforce, train, supervise, monitor, implement policies and procedures that would allow it to communicate with its driver/employee, Craig Anthony Stephens..." [First Amended Complaint, ¶ 26] Second, it attempts to state a claim against Benton Express for allegedly being "negligent and wanton for failing to equip its vehicles with equipment that would allow it to track or locate its tractor-trailers or drivers..." [First Amended Complaint, ¶ 27] These claims are due to be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3. This Court has stated, "the existence of a duty is fundamental to a negligence claim, and the duty may derive from statutory law or the common law." Prettyman v. Goodwin, 114 F.Supp. 2d 1188, 1189 (M.D. Ala. 2000). The existence of a legal duty also is fundamental to a wantonness claim. See Davis v. Wal-Mart Stores, Inc., 64 F.Supp. 2d 1176, 1178 (M.D. Ala. 1999). Whether a duty arises in a particular case is typically a question of law for the court. Landreau v. Wal-Mart Stores, Inc., 75 F.Supp. 2d 1318, 1322 (M.D. Ala. 1999). The plaintiff bears the burden of proving the existence of a duty. Prickett v. United States, 111 F.Supp. 2d 1191, 1195 (M.D. Ala. 2000). Thus, for Count Three to state claims upon which relief can be granted, the Plaintiff would have to prove that Benton Express has a legal duty to communicate with its drivers while they are on the road and that Benton Express has a legal duty to equip its tractor-trailers with equipment that would allow the company to "track" them while they are on the road.

4. Count Three of the First Amended Complaint fails to allege that a motor carrier is under these duties. Therefore, Count Three is defective on its face.

5. Even if the Plaintiff were to allege that such duties exist, the Plaintiff would be

2

unable to <u>prove</u> the existence of such duties. Simply put, whether under statutory or common law, motor carriers have no legal duty to communicate with their drivers or to track their trucks. The undersigned has researched this issue and has discovered no statute, regulation, or case which creates any such duties. Furthermore, Benton Express' trucking industry expert, Bob Tynes, is aware of no such duties.[1] [See Defendant's First Rule 26(a)(2) Disclosures, p. 5, a copy of which is attached hereto as Exhibit 1]

6.  Without the existence of such legal duties, there can be no viable claims for negligence or wantonness for Benton Express' alleged failure to communicate with Craig Stephens and to track the truck that Mr. Stephens was driving. Therefore, the claims the Plaintiff attempts to state in Count Three are due to be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant Benton Express respectfully requests the Court to enter an Order dismissing Count Three of the Plaintiff's "First Amended Complaint."

Respectfully submitted,

s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

<u>OF COUNSEL:</u>

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006

---

[1] The only exception is that a tracking system is required for vehicles transporting explosives for the U.S. Department of Defense. [See Exhibit 1, p. 5] Because Craig Stephens was not hauling explosives, this exception is irrelevant to the instant case.

3

(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
gab@carrallison.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 9th day of November, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

s/ Gregory A. Brockwell
Of Counsel

4