IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of | § | |
| the Estate of RONALD TYRONE | § | |
| ROBY, Deceased, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 2:05cv494-B |
| BENTON EXPRESS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF LABARRON N. BOONE
## IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Personally appeared before me, the undersigned Notary Public in and for said County and State, the within named LaBarron N. Boone, who, after first being duly sworn, states as follows:

1.     On or about June 13, 2005, Plaintiff propounded the following requests for production to Defendant Benton:

9.     Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.

10.     Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

Defendant objected to request number 9 (numbered as request number 62 in Defendant's responses) on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, and seeks information that was prepared in anticipation of litigation, and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.

Defendant objected to request number 10 (numbered as request number 63 in Defendant's responses) on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (See attached Exhibits A and B).[1]

2.    Counsel for Plaintiff wrote to counsel for Defendant on September 8, 2005, September 30, October 3, 2005, and November 7, 2005, (see attached Exhibits C, D, E, and F) requesting that counsel supplement his responses to these requests and provide Plaintiff will any and all documents relating to any workers' compensation claims in light of Defendant's allegations that Craig Anthony Stephens was not acting in the line and scope of his employment.

3.    By letter dated November 8, 2005, counsel for Defendant Benton Express advised Plaintiff that "We will continue to object to the discovery of any workers' compensation information." (See attached Exhibit G).

---

[1] For informational purposes, Plaintiff's second discovery to Defendant Benton Express began with number 1 wherein Defendant, in its responses, started numbering it's responses to Plaintiff's second requests with the number 54, therefore numbers 9 and 10 of Plaintiff's Second Request for Production of Documents to Defendant Benton Express are actually numbered 62 and 63 in Defendant's responses. Plaintiff's letters of September 30 and October 3 do address request numbers 62 and 63 (the numbers used in Defendant's responses to discovery but that were actually numbered 9 and 10 in Plaintiff's requests) (see attached Exhibits A and B).

4.    Further, on or about November 23, 2005, Defendant Benton Express filed a Motion for Protective Order relating to the workers' compensation information in this matter.

5.    Plaintiff and Defendant have talked and the matter cannot be resolved without court intervention.

6.    Further, Affiant sayeth not.

_____
LaBarron N. Boone

SWORN TO and SUBSCRIBED before me on this the _5th_ day of December 2005.

_____
NOTARY PUBLIC

My Commission Expires: _11-01-06_

# Exhibit A to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order


# Plaintiff's Second Discovery to
# Defendant Benton Express, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HAZEL M. ROBY, as Administratrix of  §
the Estate of RONALD TYRONE     §
ROBY, Deceased,                        §
                                   §
     Plaintiff,                §
                                   §
v.                                §    CIVIL ACTION NO.
                               §    2:05cv494-B
BENTON EXPRESS, INC., et al.,   §
                               §
     Defendants.            §

## PLAINTIFF'S SECOND DISCOVERY TO TO DEFENDANT BENTON EXPRESS, INC.

Plaintiff in the above-styled action serves these Interrogatories, Requests for Production, and Requests for Admission upon Defendant Benton Express, Inc., and requests that they be answered fully in writing and under oath within the time provided by the Alabama Rules of Civil Procedure. Each interrogatory and request is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons. These interrogatories and requests shall be deemed continuing so as to require supplemental answers if the person or entities to whom these interrogatories and requests are addressed obtain further information between the time the initial answers are served and the time of trial.

If a privilege is claimed as to any document otherwise covered by this Request for Production, Plaintiff requests that each document to which privilege is claimed be

identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

## DEFINITIONS AND NOTES

A.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated into the document by reference.

B.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

C.    "Subject Wreck" refers to that wreck that occurred on April 11, 2005, at the I-65/I-85 Interchange in Montgomery County, Alabama.

D.    Plaintiff requests that Defendant not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to the requested documents so as to obscure any information contained on the documents or copies made there from or so as to interfere with character recognition software and document scanning devices, thus preserving the legibility of all such documents and ensuing copies in their entirety.

E.    Plaintiff requests that Defendant respond to and supplement these and all future document requests by producing the requested documents segregated according to request number and identifying the documents produced in a formal written pleading and stating which numbered request they respond to.  Plaintiff requests that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

F.    If in response to Plaintiff's request for production of documents, Defendant fails to disclose any document and then at a later date discloses such document to Plaintiff, please provide full information about how such existence of this additional document was "discovered" by Defendant, by whom such additional document was "discovered," when such additional document was "discovered," who made the decision to disclose such additional document to Plaintiff, when that decision was made, and in detail, why such additional document was not disclosed to Plaintiff in Defendant's initial responses.

## **INTERROGATORIES**

1.    Did anyone with Benton Express, Inc. attempt to locate Craig Anthony

Stephens from April 9, 2005, until April 11, 2005?

2. If your answer to interrogatory number 1 is in the affirmative, please state with specificity what actions were taken, the name, address, telephone numbers, and job title and description of any such person taking such actions, and the results of any such actions taken in an attempt to locate Craig Anthony Stephens from April 9, 2005, until April 11, 2005.

3. When did this Defendant learn that Craig Anthony Stephens had been involved in the wreck made the basis of this litigation?

4. Who contacted this Defendant to inform them of the wreck made the basis of this litigation and how was such contact made?

5. Are any of the trucks owned by this Defendant equipped with any type of tracking and/or tracing device, such as Qualicom, GPS, or the like?

6. If your answer to interrogatory number 5 is in the affirmative, please state with specificity the type of systems each such truck is equipped with, the name, address, and telephone number of each person responsible for tracking trucks owned by this Defendant.

7. Please state with specificity how drivers employed by this Defendant are to pick up trucks, drop off trucks, when trucks or to be returned, and the like.

8. Are drivers for this Defendant allowed to keep trucks overnight at their homes after dropping off a load?

9. How long after dropped off a load does a driver for this Defendant have to return the truck to the terminal?

10. Have any documents or reports of any nature been filed internally within

Benton Express or with any outside agency concerning a potential claim by Mrs. Craig Stephens for worker's compensation benefits?

      11.    Please identify when this defendant or anyone on behalf of this defendant first came to the scene of the subject incident.

      12.    Please identify any person, party, company, investigative team sent out to investigate the subject incident.

      13.    Please identify any person, parties, or potential witnesses this defendant has contacted.

      14.    Did you perform a background check or investigation for Craig Anthony Stephens prior to hiring him?

      15.    Does this Defendant have a terminal manager, relay manager, or a safety director?

      16.    Does this Defendant have a department or employee who is responsible for monitoring drivers for Federal Motor Carrier Safety Act compliance?

      17.    If your answer to interrogatory number 17 is in the affirmative, please identify the department or individual who handles compliance with the Federal Motor Carrier Safety Act regardless of whether they are employees or a third party.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to the documents requested hereinabove, Plaintiff specifically requests that this Defendant produce the following documents and things:

      1.    A copy of any and all documentation, telephone logs, reports, or any other information documenting any and all communications with Craig Anthony Stephens for the two-week period prior to April 11, 2005.

2.    A copy of any and all documentation, communications, telephone logs, or reports evidencing this Defendant's attempts to communicate with Craig Anthony Stephens from the date Mr. Stephens picked up the load in Pensacola, Florida, until April 11, 2005.

3.    A copy of any and all documentation, receipts, log books, or the like evidencing the driving activities of Craig Anthony Stephens from April 4, 2005, until April 11, 2005, for example, where he picked up a load, where he dropped off a load, any stops at any weighing stations, rest areas, restaurants, or the like, and the types of cargo contained in the loads picked up and/or dropped off by Mr. Stephens.

4.    A copy of any and all documentation evidencing how this Defendant pays its drivers such as Craig Anthony Stephens.

5.    A copy of any and all documentation or evidence or any contact, either by CB radio, beeper or pager, digital telephone, cellular telephone, or any other instrument used by this Defendant to communicate with its drivers.

6.    A copy of any and all policy and procedures books, employment handbooks, or the like concerning this Defendant's policies relating to the use of trucks and how employees are to use the trucks, when trucks are to be picked up or returned by the employees.

7.    Produce any documents or reports of Mr. Stephens being late, untimely, or any reprimands concerning Mr. Craig Stephens, including but not limited to written reports or notes concerning verbal reprimands.

8.    Produce any known contact information on Mr. Stephens, including any cell phone numbers, CB radios, walkie talkies, etc.

9.    Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.

10.    Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

11.    Please produce all documentation, gas receipts, bills of lading, maintenance records, weigh station tickets, satellite data regarding location, Qualicom data regarding truck locations and instructions to the driver and/or course electronic control module data in this Defendant's possession concerning the subject driver or any truck driven by Craig Anthony Stephens for a period six months prior to the subject wreck.

12.    Produce a copy of the driver's complete employment and/or personnel file.

13.    Produce hiring applications or any documents gathered or obtained from Craig Anthony Stephens concerning his hiring.

14.    Produce any type of medical evaluations, including records requests, driving tests, or any other information gathered by this Defendant prior to hiring Craig Anthony Stephens.

15.    Produce the policy manual, employment manual, handbook and guidelines.

## REQUESTS FOR ADMISSION

Plaintiff requests that Defendant Benton Express, Inc. admit or deny the following:

1.    Admit that this Defendant did not file a missing person report for Craig Anthony Stephens.

2.    Admit that this Defendant did not report the subject truck as stolen.

3.    Admit that this Defendant did not contact anyone concerning the location of Craig Anthony Stephens between April 9, 2005, and the time of the wreck made the basis of this lawsuit.

4.    Admit that the truck being operated by Craig Anthony Stephens at the time of the wreck made the basis of this lawsuit was owned by this Defendant.

5.    Admit that employees of this Defendant are not allowed to conduct personal business in trucks owned by this Defendant.

6.    Admit that Craig Anthony Stephens had a specific time to return to the terminal at Pensacola.

7.    Admit that Craig Anthony Stephens was supposed to return to the terminal at Pensacola with a load.

8.    Admit that Craig Anthony Stephens usually drove through Montgomery on his way from Atlanta to Pensacola, Florida.

9.    Admit that you do now know where Craig Anthony Stephens was on the day of the subject wreck.

10.    Admit that you do know where Craig Anthony Stephens was on the day of the subject wreck.

11.    Admit that Craig Anthony Stephens was not missing.

12.    Admit that you know where Craig Anthony Stephens was during the twenty-four (24) hours time period prior to the subject wreck.

13.    Admit that you do not know where Craig Anthony Stephens was during the twenty-four (24) hour time period prior to the subject wreck.

14.    Admit that you did not contact any family member of Craig Anthony Stephens to inform them that he was missing.

15.    Admit that you did not inform anyone outside of Benton Express, Inc. that Craig Anthony Stephens was missing on the day before the subject wreck.

16.    Admit that you did not inform anyone outside of Benton Express, Inc. that Craig Anthony Stephens was missing on the day of the subject wreck.

17.    Admit that you conducted a search for Craig Anthony Stephens on the day before the subject wreck.

18.    Admit that you did not conduct a search for Craig Anthony Stephens on the day before the subject wreck.

19.    Admit that you attempted to locate Craig Anthony Stephens on the day before the subject wreck.

20.    Admit that you did not attempt to locate Craig Anthony Stephens on the day before the subject wreck.

21.    Admit that you did not attempt to locate Craig Anthony Stephens on the day of the subject wreck.

22.    Admit that you attempted to locate Craig Anthony Stephens on the day of the subject wreck.

23.    Admit that this Defendant had some person, party, or entity on the scene the day of the wreck.

24.    Admit that this Defendant had an investigative team at the scene on the day of the wreck.

25.    Admit that this Defendant had someone on the scene within two days of the subject wreck.

26.    Admit that this Defendant has an investigator or investigative team investigating the subject wreck.

27.    Admit that this Defendant has a risk management team working on the subject wreck.

28.

LABARRON N. BOONE
Attorney for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,**
  **PORTIS & MILES, P.C.**
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 (Telephone)
(334) 954-7555 (Telefax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below by placing a copy in the United States Mail, first class postage prepaid and properly addressed to them, on this the _6th_ day of June 2005.

OF COUNSEL

Brett A. Ross
Gergory A. Brockwell
CARR, ALLISON, PUGH, HOWARD,
  OLIVER, & SISSON, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

# Exhibit B to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

# Defendant Benton Express Inc.'s
# Responses to Plaintiff's Second
# Request for Production of Documents

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

HAZEL M. ROBY, as Administratrix of )
the Estate of RONALD TYRONE          )
ROBY, Deceased,                       )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CIVIL ACTION NO.: 2:05CV194-T
                                      )
BENTON EXPRESS, INC., et al,          )
                                      )
        Defendants.                   )

RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Benton Express, Inc., and in response to Plaintiff's Second

Request for Production of Documents, states as follows:

## GENERAL OBJECTIONS

Defendant objects to Plaintiff's discovery on the grounds that it is overly broad, unduly

burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.

Defendant objects to Plaintiff's discovery on the grounds that it is not reasonably limited

in time or scope.

Defendant will produce information only in its own possession, custody, or control

Defendant cannot produce information in the possession, custody, or control of other entities

Defendant objects to Plaintiff's discovery to the extent it calls for the divulgence of

attorney-client communications, attorney-work product, or any other privileged material

Defendant objects to Plaintiff's discovery to the extent the instructions contained therein purport to impose duties different from those imposed by applicable law.

Defendant objects to Plaintiff's discovery on the grounds that it fails to comport with the sequential numbering requirements of Local Rule 26.3 of the United States District Court for the Middle District of Alabama. Rather than refusing to respond to the improperly numbered discovery requests, Defendant has re-numbered them to comport with Local Rule 26.3.

All responses given are subject to these objections and any other objections made in the individually-numbered responses. Subject to the foregoing, Defendant responds in good faith to Plaintiff's Second Request for Production of Documents as follows:

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

54.    A copy of any and all documentation, telephone logs, reports, or any other information documenting any and all communications with Craig Anthony Stephens for the two-week period prior to April 11, 2005.

**RESPONSE: Some records for Craig Stephens' Nextel phone/radio were produced in response to Plaintiff's First Request for Production. Defendant has requested additional records from Nextel for the phone/radio of Craig Stephens and will produce these documents upon receipt.**

55.    A copy of any and all documentation, communications, telephone logs, or reports evidencing this Defendant's attempts to communicate with Craig Anthony Stephens from the date Mr. Stephens picked up the load in Pensacola, Florida, until April 11, 2005.

**RESPONSE: See response to Request for Production No. 54. In addition, see the note from Garlin McLellan to Craig Stephens and the phone/radio records that are produced. Defendant is unaware at this time of whether there are additional records of such attempts and reserves the right to supplement this response should such records become available.**

56.    A copy of any and all documentation, receipts, log books, or the like evidencing the driving activities of Craig Anthony Stephens from April 4, 2005, until April 11, 2005, for example, where he picked up a load, where he dropped off a load, any stops at any weighing stations, rest areas, restaurants, or the like, and the types of cargo contained in the loads picked up and/or dropped off by Mr. Stephens.

RESPONSE: See the logs, manifests, and sign in/out sheets that have already been produced.

57   A copy of any and all documentation evidencing how this Defendant pays its drivers such as Craig Anthony Stephens.

RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

58.   A copy of any and all documentation or evidence or any contact, either by CB radio, beeper or pager, digital telephone, cellular telephone, or any other instrument used by this Defendant to communicate with its drivers.

RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, see the phone/radio records that have already been produced.

59.   A copy of any and all policy and procedures books, employment handbooks, or the like concerning this Defendant's policies relating to the use of trucks and how employees are to use the trucks, when trucks are to be picked up or returned by the employees.

RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.

60.   Produce any documents or reports of Mr. Stephens being late, untimely, or any reprimands concerning Mr. Craig Stephens, including but not limited to written reports or notes concerning verbal reprimands.

RESPONSE: All personnel records regarding Craig Stephens were produced as part of Defendant's initial disclosures.

61.   Produce any known contact information on Mr. Stephens, including any cell phone numbers, CB radios, walkie talkies, etc.

RESPONSE: At the time of his death, Craig Stephens' address was 1959 Stacey Road, Cantonment, Florida 32533. His home telephone number was 850-937-8911. Defendant believes that he had a personal cellular telephone through Cingular Wireless, but Defendant is presently uncertain of the number for the phone.

62.   Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's

compensation provider, or any other entity concerning Mr. Craig Stephens' accident

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.**

63     Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

64.     Please produce all documentation, gas receipts, bills of lading, maintenance records, weigh station tickets, satellite data regarding location, Qualicom data regarding truck locations and instructions to the driver and/or course electronic control module data in this Defendant's possession concerning the subject driver or any truck driven by Craig Anthony Stephens for a period six months prior to the subject wreck

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad and not reasonably limited in time or scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, Defendant is not in possession, custody, or control of satellite data, Qualicom [sic] data, or electronic control module data. For the remaining items requested, see the logs, manifests, etc., that have already been produced.**

65     Produce a copy of the driver's complete employment and/or personnel file

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

66.     Produce hiring applications or any documents gathered or obtained from Craig Anthony Stephens concerning his hiring

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

67     Produce any type of medical evaluations, including records requests, driving tests, or any other information gathered by this Defendant prior to hiring Craig Anthony Stephens.

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

68    Produce the policy manual, employment manual, handbook and guidelines.

**RESPONSE: Such documents have already been produced as part of Defendant's initial disclosures.**

Brett A. Ross (ASB-6771-O76B)
Gregory A. Brockwell (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**
**CARR, ALLISON, PUGH, HOWARD,**
**OLIVER & SISSON, P.C.**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the *26ᵗʰ* day of August, 2005:

Jere L. Beasley
LaBarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Of Counsel

# Exhibit C to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

# Letter dated September 8, 2005 to
# counsel for Defendant Benton Express

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J GREG ALLEN
MICHAEL J CROW
THOMAS J METHVIN
J COLE PORTIS
W DANIEL MILES III
R GRAHAM ESPALE JR
JULIA ANNE BEASLEY
RHON E JONES
LABARRON N BOONE
ANDY D BIRCHFIELD JR
RICHARD D MORRISON
C GIBSON VANCE
J P SAWYER
C LANCE GOULD

JOSEPH H AUGHTMAN
DANA G TAUNTON
J MARK ENGLEHART
CLINTON C CARTER
BENJAMIN E BAKER JR
DAVID B BYRNE III
TED G MEADOWS
GERALD B TAYLOR JR
FRANK WOODSON
KENDALL C DUNSON
J PAUL SIZEMORE
SCARLETTE M TULEY
CHRISTOPHER E SANSTREE
ROMAN ASHLEY SHAUL
W ROGER SMITH III

LARRY A GOLSTON JR
D MICHAEL ANDREWS
MELISSA A PRICKETT
JOHN E TOMLINSON
KIMBERLY R WARD
NAVAN WARD JR
WESLEY CHADWICK COOK

OF COUNSEL:
BENJAMIN L LOCKLAR
P LEIGH O'DELL

*  ALSO ADMITTED IN ARIZONA
*  ALSO ADMITTED IN ARKANSAS
*  ALSO ADMITTED IN FLORIDA
*  ALSO ADMITTED IN GEORGIA
*  ALSO ADMITTED IN KENTUCKY
*  ALSO ADMITTED IN MINNESOTA
*  ALSO ADMITTED IN MISSISSIPPI
*  ALSO ADMITTED IN NEW YORK
*  ALSO ADMITTED IN OHIO
*  ALSO ADMITTED IN OKLAHOMA
*  ALSO ADMITTED IN SOUTH CAROLINA
*  ALSO ADMITTED IN TENNESSEE
*  ALSO ADMITTED IN TEXAS
*  ALSO ADMITTED IN WASHINGTON D.C.
*  ALSO ADMITTED IN WEST VIRGINIA

*Attorneys at Law*

218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

JAMES W. TRAEGER
1955-1987

RONALD AUSTIN CANTY
1963-2004

September 8, 2005

Brett A. Ross
Gregory A. Brockwell
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

     RE:    Hazel Roby v. Benton Express, Inc.

Dear Gentlemen:

Your response to Plaintiff's first interrogatories #17, does not give the address and telephone number for Craig Stephens, deceased. Please supplement this response.

Please produce documentation to Plaintiff's first request for production #57 showing how Benton Express pays its drivers, such as Craig Stephens, deceased.

Please produce documentation to request for production #58 showing how Benton Express contacts its employees, such as Craig Stephens, deceased, either by cellular telephone, digital telephone, CB radio, pager, etc., and any other code or identification that would allow the defendant to contact its employee drivers while on the road.

Please provide documentation to request for production #62, showing whether or not workers' compensation or any other form of payment was provided on behalf of Craig Stephens, deceased.

Please be more specific in your response to request for production #64. It states that the defendant is not in possession, custody, or control of satellite data, Qualicom data or electronic control module data. Does this mean that the data exist on the subject tractor or trailer but the defendant does not have possession, custody or control of it?

Let me know if you are going to continue to object to these questions so that I can make a decision on how to proceed.

Sincerely,

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.

LABARRON N. BOONE

LNB/ceh

# Exhibit D to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

# Letter dated September 30, 2005 to
# counsel for Defendant Benton Express

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON
C. GIBSON VANCE
J. P. SAWYER
C. LANCE GOULD

JOSEPH H. AUGHTMAN
DANA G. TAUNTON
J. MARK ENGLEHART
CLINTON C. CARTER
BENJAMIN E. BAKER, JR.
DAVID B. BYRNE, III
TED G. MEADOWS
GERALD B. TAYLOR, JR.
FRANK WOODSON
KENDALL C. DUNSON
J. PAUL SIZEMORE
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE
ROMAN ASHLEY SHAUL
W. ROGER SMITH, III

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

LARRY A. GOLSTON, JR.
D. MICHAEL ANDREWS
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD
NAVAN WARD, JR.
WESLEY CHADWICK COOK

OF COUNSEL:
BENJAMIN L. LOCKLAR
P. LEIGH O'DELL

AL  ALSO ADMITTED IN ARIZONA
AR  ALSO ADMITTED IN ARKANSAS
FL  ALSO ADMITTED IN FLORIDA
GA  ALSO ADMITTED IN GEORGIA
KY  ALSO ADMITTED IN KENTUCKY
MN  ALSO ADMITTED IN MINNESOTA
MS  ALSO ADMITTED IN MISSISSIPPI
NY  ALSO ADMITTED IN NEW YORK
OH  ALSO ADMITTED IN OHIO
OK  ALSO ADMITTED IN OKLAHOMA
SC  ALSO ADMITTED IN SOUTH CAROLINA
TN  ALSO ADMITTED IN TENNESSEE
TX  ALSO ADMITTED IN TEXAS
DC  ALSO ADMITTED IN WASHINGTON, D.C.
WV  ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987
RONALD AUSTIN CANTY
1963-2004

September 30, 2005

Gregory A. Brockwell
*Carr, Allison, Pugh, Howard,*
*Oliver & Sisson, P.C.*
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Re:     *Hazel Roby v. Benton Express, Inc.*

Dear Greg:

I would ask that you supplement your client's responses to the following interrogatories and requests for production:

Interrogatory numbers 49 and 50.
Requests for Production numbers 62, 63.

It is Plaintiff's contention, in light of your allegations that Craig Anthony Stephens was not acting in the line and scope of his employment, that any and all documents, communications, and any other information relating, referring to, or regarding worker's compensation payments to Mr. Stephens' widow are fully discoverable. If you will not agree to produce this information, please advise so I can seek the Court's intervention.

Sincerely,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

LABARRON N. BOONE

LNB/drj

# Exhibit E to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

## Letter dated October 3, 2005, to
## counsel for Defendant Benton Express

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON
C. GIBSON VANCE
J. P. SAWYER
C. LANCE GOULD

JOSEPH H. AUGHTMAN
DANA G. TAUNTON
J. MARK ENGLEHART
CLINTON C. CARTER
BENJAMIN E. BAKER, JR.
DAVID B. BYRNE, III
TED G. MEADOWS
GERALD B. TAYLOR, JR.
FRANK WOODSON
KENDALL C. DUNSON
J. PAUL SIZEMORE
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE
ROMAN ASHLEY SHAUL
W. ROGER SMITH, III

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

LARRY A. GOLSTON, JR.
D. MICHAEL ANDREWS
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD
NAVAN WARD, JR.
WESLEY CHADWICK COOK

OF COUNSEL:
BENJAMIN L. LOCKLAR
P. LEIGH O'DELL

**ALSO ADMITTED IN ARIZONA
ALSO ADMITTED IN ARKANSAS
ALSO ADMITTED IN FLORIDA
ALSO ADMITTED IN GEORGIA
ALSO ADMITTED IN KENTUCKY
ALSO ADMITTED IN MINNESOTA
ALSO ADMITTED IN MISSISSIPPI
ALSO ADMITTED IN NEW YORK
ALSO ADMITTED IN OHIO
ALSO ADMITTED IN OKLAHOMA
ALSO ADMITTED IN SOUTH CAROLINA
ALSO ADMITTED IN TENNESSEE
ALSO ADMITTED IN TEXAS
ALSO ADMITTED IN WASHINGTON, D.C.
ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

October 3, 2005

Gregory A. Brockwell
*Carr, Allison, Pugh, Howard,*
*Oliver & Sisson, P.C.*
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Re:    *Hazel Roby v. Benton Express, Inc.*

Dear Greg:

I would ask that you supplement your client's responses to interrogatory numbers 49 and 50 as well as responses to requests for production numbers 62 and 63.

It is Plaintiff's contention, in light of your allegations that Craig Anthony Stephens was not acting in the line and scope of his employment, that any and all documents, communications, and any other information relating, referring to, or regarding worker's compensation payments to Mr. Stephens' widow are fully discoverable. If you will not agree to produce this information, please advise so I can seek the Court's intervention.

Sincerely,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

LABARRON N. BOONE

LNB/drj

# Exhibit F to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order

# Letter dated November 7, 2005 to
# counsel for Defendant Benton Express

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON
C. GIBSON VANCE
J. P. SAWYER
C. LANCE GOULD

JOSEPH H. AUGHTMAN
DANA G. TAUNTON
J. MARK ENGLEHART
CLINTON C. CARTER
BENJAMIN E. BAKER, JR.
DAVID B. BYRNE, III
TED G. MEADOWS
GERALD B. TAYLOR, JR.
FRANK WOODSON
KENDALL C. DUNSON
J. PAUL SIZEMORE
SCARLETTE M. TULEY
CHRISTOPHER E. SANSPREE
ROMAN ASHLEY SHAUL
W. ROGER SMITH, III

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

LARRY A. GOLSTON, JR.
D. MICHAEL ANDREWS
MELISSA A. PRICKETT
JOHN E. TOMLINSON
KIMBERLY R. WARD
NAVAN WARD, JR.
WESLEY CHADWICK COOK
WILLIAM H. ROBERTSON, V

OF COUNSEL:
BENJAMIN L. LOCKLAR
P. LEIGH O'DELL

ALSO ADMITTED IN ARIZONA
ALSO ADMITTED IN ARKANSAS
ALSO ADMITTED IN FLORIDA
ALSO ADMITTED IN GEORGIA
ALSO ADMITTED IN KENTUCKY
ALSO ADMITTED IN MINNESOTA
ALSO ADMITTED IN MISSISSIPPI
ALSO ADMITTED IN NEW YORK
ALSO ADMITTED IN OHIO
ALSO ADMITTED IN OKLAHOMA
ALSO ADMITTED IN SOUTH CAROLINA
ALSO ADMITTED IN TENNESSEE
ALSO ADMITTED IN TEXAS
ALSO ADMITTED IN WASHINGTON, D.C.
ALSO ADMITTED IN WEST VIRGINIA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

November 7, 2005

**VIA FACSIMILE TRANSMISSION**

Gregory A. Brockwell
*Carr, Allison, Pugh, Howard,*
*Oliver & Sisson, P.C.*
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Re:   *Hazel Roby v. Benton Express, Inc.*

Dear Greg:

I wrote to you on October 3, 2005, requesting the information relating to the worker's comp benefits paid on behalf of Craig Anthony Stephens. To date, I have not received a response to this letter. If I do not receive this information by Monday, November 14, 2005, I will have no alternative but to seek the Court's intervention. As stated in my previous letter, I feel that this information is not only discoverable but is completely relevant and material in light of your allegations that Craig Anthony Stephens was no acting in the line and scope of his employment.

I appreciate your prompt response to this letter and am hopeful that we can resolve this issue without seeking the Court's intervention.

Sincerely,

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

LABARRON N. BOONE

LNB/drj

# Exhibit G to
# Affidavit of LaBarron N. Boone
# In Support of Plaintiff's Renewed
# Motion to Compel and Response
# To Defendant's Motion for
# Protective Order


# Letter from counsel for Defendant
# Benton Express regarding responses to
# discovery related to worker's
# compensation claims



100 Vestavia Parkway
Birmingham, AL 35216
Phone (205) 822-2006
Fax (205) 822-2057
www.carrallison.com

Gregory A. Brockwell
Direct Dial (205) 949-2916
Direct Facsimile (205)822-4058
gab@carrallison.com

November 8, 2005

LaBarron N. Boone
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

RE:    Estate of Ronald T. Roby v. Benton Express, Inc.
       In the United States District Court for the Middle District of Alabama
       2:05CV-194-T

Dear LaBarron:

This letter is in response to yours of November 7, 2005. We will continue to object to the discovery of any workers' compensation information. Please let us know if you have any questions or comments.

Very truly yours,

Gregory A. Brockwell
For the Firm

GAB/sdh
cc:    Brett A. Ross, Esq.

Birmingham    ☐    Dothan    ☐    Florence    ☐    Gulfport    ☐    Jasper    ☐    Mobile

