IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S COMBINED MOTION TO STRIKE/QUASH AND MOTION TO COMPEL DEPOSITION OF EXPERTS OR, IN THE ALTERNATIVE, EXTEND THE DISCOVERY CUTOFF FOR DEFENDANT'S EXPERT TESTIMONY ONLY**

COMES NOW the Defendant, Benton Express, Inc., and hereby responds to Plaintiff's Motion to Strike/Quash, etc., (Doc. No. 42) as follows:

1.  In her motion, the Plaintiff seeks to strike/quash the depositions of two officers of the Florida Highway Patrol that were taken in Tallahassee, Florida, on December 15, 2005. The remedy of striking and/or quashing the depositions is requested apparently as a sanction for Defendant's alleged refusal to make its experts available for depositions.

2.  In her motion, the Plaintiff does not assert that the December 15 depositions were improperly noticed by Defendant, nor could she reasonably make any such assertion.

3.  Admittedly, there has been an attempt to take several depositions in the last few weeks (what Plaintiff's counsel has called a "mad dash") in anticipation of the discovery cutoff date of December 16, 2005. In Defendant's counsel's experience, such a flurry of activity prior to a cutoff date is nothing unusual. Rather, it is the norm in nearly all cases. Furthermore, despite Plaintiff's counsel's contentions to the contrary, Defendant's counsel is not solely to

1

blame for the "mad dash."  The following is an accurate history of the facts that are potentially relevant to this matter:

- On September 30, 2005, the Plaintiff properly disclosed Roland Brown as one of her experts and improperly disclosed M.P. Stirling as her other expert. [Plaintiff's Rule 26(b) Submissions, attached hereto as Exhibit 1].  Based on the Defendant's objections to the improper disclosure of M.P. Stirling, the Plaintiff served a supplemental disclosure for M.P. Stirling on October 19, 2005. [Plaintiff's supplemental Rule 26(b) Submissions, attached hereto as Exhibit 2].
- On October 14, 2005, Defendant requested that it be allowed to depose Plaintiff's expert, Roland Brown, on November 11, 14, or 15. [Letters attached hereto as Exhibit 3].
- On October 17, 2005, Plaintiff's counsel responded that "Roland Brown is not available at all during the month of November.  He is available December 5, 6, 15, and 16." [Exhibit 3].  Of these dates, Defendant selected December 6 for Mr. Brown's deposition. [Notice of Deposition attached hereto as Exhibit 4].
- On October 28, 2005, Defendant requested that it be allowed to depose Plaintiff's expert, M.P. Stirling, and that Plaintiff's counsel provide all dates in November that Plaintiff's counsel and Ms. Stirling were could be available for deposition. [Exhibit 3].
- On November 3, 2005, Plaintiff's counsel responded that Ms. Stirling "can be available the afternoon of December 6, 2005, if you wish to take her deposition immediately following the deposition of Roland Brown." [Exhibit 3].
- Because there would not be enough time to take both expert depositions on December 6, Defendant's counsel sent a letter to Plaintiff's counsel on November 7, 2005, stating, "Please provide some additional dates for the

2

- deposition of M.P. Stirling.  We do not want to take her deposition on the same day as Roland Brown's deposition." [Exhibit 3].
- In response, Plaintiff's counsel provided dates of December 13 and 15, 2005, for Ms. Stirling's deposition. [Exhibit 3].  Defendant selected December 13 for Ms. Stirling's deposition. [Notice of Deposition attached hereto as Exhibit 5].
- In the supplemental disclosure of M.P. Stirling's opinions, it was indicated that Ms. Stirling would offer opinions that went beyond her alleged field of expertise of accident reconstruction.  In addition to the reconstruction opinions, it was indicated that Ms. Stirling would offer opinions regarding the reports that Benton Express made to the Atlanta Police Department and Florida Highway Patrol after Craig Stephens disappeared. [Exhibit 2].  These opinions of Ms. Stirling made taking the depositions of officers of the Atlanta Police Department and Florida Highway Patrol regarding the reports much more important than it otherwise would have been.
- On November 30, 2005, Defendant's counsel wrote to Plaintiff's counsel, stating, "We are trying to schedule several depositions prior to the cutoff.  Please let me know every date that you are available." [Email Correspondence attached hereto as Exhibit 6].
- Still on November 30, Plaintiff's counsel responded that some depositions could be taken at his office on December 13 after the deposition of M.P. Stirling; that he wanted to take the deposition of the widow of Craig Stephens, Stephanie Stephens; that he believed that the parties would need to obtain an extension of the discovery cutoff date; and that, if there was not to be an extension of the cutoff date, he would need to depose Defendant's experts on December 16. [Exhibit 6].

- Defendant's counsel responded (still on November 30) that Defendant would agree to an extension of the discovery cutoff. Defendant's counsel also proposed taking the depositions of two officers of the Florida Highway Patrol on December 12 or 14. Finally, Defendant's counsel indicated that it believed that the deposition of Stephanie Stephens should wait until after the Court ruled on Defendant's motion for protective order (Doc. No. 35) since Plaintiff's counsel surely planned to ask Mrs. Stephens questions regarding her workers' compensation claim in the deposition. [Exhibit 6].

- As courteous professionals often do, the parties' counsel reached an agreed resolution of the dispute over Stephanie Stephens' deposition to allow it to go forward prior to the discovery cutoff. The agreement was that the portions of the transcript containing testimony regarding the workers' compensation claim would "remain confidential and under seal until the Court rules on" the motion for protective order. [Exhibit 6]. Under this agreement, the deposition was taken by Plaintiff's counsel on December 8 in Pensacola, Florida. [Notice of Deposition attached hereto as Exhibit 7].

- For several days, the parties' counsel tried to find a mutually agreeable date to travel to Tallahassee for the depositions of the two officers of the Florida Highway Patrol. Finally, in the late afternoon of Friday, December 9, Plaintiff's counsel agreed to the depositions taking place on December 15, stating, "15th is day you should schedule and we will try to have someone there." [Exhibit 6]. After getting the "go ahead" from Plaintiff's counsel, Defendant noticed the depositions for December 15 and had the witnesses served with subpoenas. [Notices of Deposition and Process Server Affidavits attached hereto as Exhibit 8].

4

- The notices of deposition for the Florida Highway Patrol officers were immediately served on Plaintiff's counsel by facsimile. After receiving these notices, the Plaintiff's counsel never communicated any objection or other problem with these notices to Defendant's counsel prior to filing the motion to strike/quash (Doc. No. 42). On Tuesday, December 13, Plaintiff's counsel and Defendant's counsel were together at Plaintiff's counsel's office for approximately eight (8) hours during the depositions of M.P. Stirling and two eyewitnesses, concluding at approximately 10:00 p.m. During that time, Plaintiff's counsel never stated a single objection to the Florida Highway Patrol depositions. To the contrary, at least twice during that time, Defendant's counsel stated to Plaintiff's counsel, "I'll see you in Tallahassee on Thursday," to which Plaintiff's counsel replied, "Okay."
- November 30, 2005, was the very first time the Plaintiff's counsel ever mentioned an interest in deposing Defendant's experts. Unfortunately, by that late date, Defendant's experts' schedules were already full up until December 16 and beyond. Defendant communicated to Plaintiff's counsel that the experts simply could not be available prior to the discovery cutoff. [Exhibit 6].
- Contrary to Plaintiff's counsel's contentions during a conference call with Judge McPherson's law clerk yesterday, Defendant has provided available dates for the deposition of expert Steve A. Stephens. Because Mr. Stephens is not available prior to the discovery cutoff, these dates are all after the discovery cutoff. Specifically, they are December 28 and 29 and January 26 and 27. [Exhibit 6].
- As noted above, Plaintiff's counsel originally proposed an extension of the discovery cutoff on November 30, 2005. Defendant's counsel immediately indicated that it would agree to an extension of the cutoff. For some reason,

5

  Plaintiff's counsel apparently changed his mind about an extension and never would respond to Defendant's additional overtures regarding an extension. Defendant's counsel even went so far as to prepare a proposed joint stipulation for an extension and send it to Plaintiff's counsel. Plaintiff's counsel never responded. [Exhibit 6].

- The depositions of the Florida Highway Patrol officers took place as scheduled on December 15. An attorney from Plaintiff's counsel's office was present at the depositions and did a perfectly capable job of cross-examining the witnesses.

- During yesterday's conference call following these depositions, Defendant's counsel stated that he would agree to allow Plaintiff's counsel to depose Defendant's experts after the discovery cutoff. This statement was nothing new, considering that it is consistent with what has been Defendant's position ever since Plaintiff proposed an extension of the cutoff on November 30.

  4. As demonstrated above, at least part of the "mad dash" has been caused by Plaintiff's counsel. First, despite Defendant's requests for much earlier dates, Plaintiff's counsel provided dates for his experts' depositions only within approximately 10 days of the discovery cutoff. Because Defendants' experts cannot be deposed until after Plaintiff's experts, this scheduling created the time crunch of which the Plaintiff now complains. Second, Plaintiff's counsel first requested dates for depositions of Defendant's experts on November 30, 2005-- thus providing very short notice and contributing to the time crunch. Finally, the deposition of Stephanie Stephens was one that Plaintiff's counsel could have taken much earlier in the case, yet Plaintiff's counsel waited until the last minute and took this out-of-state deposition on December 8. Defendant's counsel fully cooperated in Plaintiff's counsel's efforts to take Mrs. Stephens' deposition and even took the unusual step of allowing the deposition to go forward despite a pending motion for protective order which might preclude discovery of a significant

portion of the information Plaintiff's counsel was seeking in the deposition.

5. Throughout this case, Defendant's counsel has attempted to comply with the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* and to cooperate with and accommodate Plaintiff's counsel's schedule in every way possible. The scheduling of recent depositions has been no exception. Defendant's counsel even agreed to a last-minute move of the deposition of M.P. Stirling from the morning to the night of December 13 based on the "emergency" request of Plaintiff's counsel. Accommodating Plaintiff's counsel in this way caused Defendant's counsel to return home at close to midnight following the deposition.

6. The fact that Defendant's experts could not be available for depositions prior to December 16 due to scheduling conflicts is not the fault of Defendant, Defendant's counsel, or even Defendant's experts. Neither Defendant nor Defendant's counsel control the experts' schedules. Defendant's experts, like most experts, have other cases, have other deadlines, perform other consulting work, have families, take vacations, and otherwise have obligations which prevent them from being available for a deposition on a whim. It usually takes time to schedule expert depositions--as evidenced by the delay in Defendant being allowed to depose Plaintiff's experts.

7. Defendant has never refused to allow Plaintiff to depose its experts. Rather, Defendant has simply stated that the experts are not available prior to December 16 because of previously scheduled engagements. Defendant has consistently indicated a willingness to allow the experts to be deposed after December 16.

8. The depositions of the Florida Highway Patrol officers have already taken place. As the Court has already ruled, the Plaintiff's motion to quash the depositions is moot (Doc. No. 43).

9. Plaintiff was not prejudiced in any way by the taking of the depositions of the

Florida Highway Patrol officers. Plaintiff agreed to the depositions being scheduled on December 15, was provided proper notice of the depositions, and was represented at the depositions by able and competent counsel.

10. In her motion, Plaintiff is seeking the extraordinary and severe sanctions of striking the depositions of the Florida Highway Patrol officers and excluding Defendant's experts from trial. Based on the clear facts relevant to this dispute, there is absolutely no basis for such a sanction. Defendant has acted properly and with courtesy to Plaintiff's counsel in the scheduling of every deposition in this case.

11. As Defendant's counsel communicated to Plaintiff's counsel before the filing of the motion that is the subject of this dispute, expert Steve A. Stephens is available for deposition at Defendant's counsel's office on December 28 or 29. Expert Bob Tynes is available for deposition at Defendant's counsel's office on December 22.

12. Because the depositions of the Florida Highway Patrol officers were agreed to by Plaintiff's counsel, were properly noticed, and caused no prejudice to Plaintiff, Plaintiff's motion to strike these depositions has no basis and is due to be denied.

13. Because Defendant is willing to allow Plaintiff to depose its experts after the discovery deadline, Plaintiff's motion is moot.

WHEREFORE, PREMISES CONSIDERED, Defendant Benton Express respectfully requests the Court to enter an Order denying and/or finding moot Plaintiff's Motion to Strike/Quash and Motion to Compel Deposition of Experts or, in the Alternative, Extend the Discovery Cutoff for Defendant's Expert Testimony Only.

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)

        GREGORY A. BROCKWELL (ASB-9949-R49B)
        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail: bar@carrallison.com
       gab@carrallison.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 16th day of December, 2005:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


                 s/ Gregory A. Brockwell
                 Of Counsel