IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

**MOTION TO COMPEL**

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, moves the Court to enter an Order compelling the Plaintiff to produce all witness statements considered by Plaintiff's expert, M.P. Stirling, in forming her opinions. In support thereof, Defendant states as follows:

1. The Plaintiff has disclosed M.P. Stirling as an accident reconstruction expert in this case. On December 13, 2005, Defendant deposed Ms. Stirling.

2. During Ms. Stirling's deposition, she testified that she reviewed several "witness depositions"[1] at the Plaintiff's counsel's office when she began her work in this case. [See Deposition of M.P. Stirling, excerpts of which are attached hereto as Exhibit 1][2]. These included statements from Bridget Harris, Andrew Davis, Corporal Green (the police officer who

---

[1] Although "deposition" is the term that Ms. Stirling has used to describe the documents, Plaintiff's counsel denies that they are depositions. Plaintiff's counsel has stated that the documents are typed summaries of witness interviews (or something similar). Without the benefit of knowing exactly what they are, Defendant's counsel has chosen to use the term "witness statement" to describe the documents in this motion.

[2] Only the rough draft of the deposition transcript is currently available.

investigated the subject accident), LaDon Dansby, Richard Patterson, Stephen Hornsby, Michael Boozer, Jermale Ayers, Julie Pollard, Johnny Pollard, and Lisa Warr. [Exhibit 1].

3. Ms. Stirling has relied on these witness statements in forming her expert opinions in this case. [Exhibit 1].

4. Defendant's counsel requested production of these witness statements during Ms. Stirling's deposition, asserting that Defendant is entitled to discover all materials that the Plaintiff's experts have considered in forming their opinions. [Exhibit 1]. A good-faith, face-to-face discussion ensued between Defendant's counsel and Plaintiff's counsel during the deposition regarding whether or not Plaintiff's counsel would agree to produce the witness statements. [Exhibit 1].

5. The day following Ms. Stirling's deposition, Defendant's counsel sent a letter to Plaintiff's counsel following up on the request for production of the witness statements. [See Letter of December 14, 2005, attached hereto as Exhibit 2]. Plaintiff's counsel has not responded to this letter in any way, leaving Defendant no choice but to move to compel production of the witness statements.

6. Rule 26(a)(2) of the Federal Rules of Civil Procedure governs disclosure of expert testimony. The Rule provides that disclosure of an expert's opinions shall include "the basis and reasons therefor" and "the data or other information considered by the witness in forming the opinions." Fed. R. Civ. Pro. Rule 26(a)(2)(B). The Comment to the 1993 Amendments to Rule 26 provides:

> Given this obligation of disclosure, litigants should no longer be
> able to argue that materials furnished to their experts to be used
> in forming their opinions--whether or not ultimately relied upon by
> the expert--are privileged or otherwise protected from disclosure
> when such persons are testifying or being deposed.

Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. Pro. A party waives all privileges that may otherwise protect materials from discovery when those materials are

furnished to the party's expert. See American Fidelity Assurance Co. v. Boyer, 225 F.R.D. 520 (D.S.C. 2004); Baum v. Village of Chittenango, 218 F.R.D. 36 (N.D.N.Y. 2003).

7. Defendant is clearly entitled to discover all materials that the Plaintiff's experts have considered in forming their opinions. From the testimony of M.P. Stirling, this obviously would include the witness statements described above.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to enter an Order compelling the Plaintiff to produce all witness statements that have been considered by M.P. Stirling.

                Respectfully submitted,

                s/ Gregory A. Brockwell
                BRETT A. ROSS (ASB-6771-O76B)
                GREGORY A. BROCKWELL (ASB-9949-R49B)

                Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:      bar@carrallison.com
              gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 3rd day of January, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                      s/ Gregory A. Brockwell
                                      Of Counsel