IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:05cv494-B |
| BENTON EXPRESS, INC., et al., | § § § | |
| Defendants. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### SUPPLEMENT TO ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff in the above-styled matter and incorporates all arguments set forth in the her brief filed on or about December 16, 2005, and further files this response to the Supplement to Defendant's Brief in Support of its Motion for Summary Judgment.

Nothing in Defendant's Supplement to its brief supports its contention that Craig Anthony Stephens was outside the line scope of his employment at the time of the subject wreck. More importantly, it does not matter whether Craig Anthony Stephens deviated from the line and scope of his employment and during that time used illegal drugs because at the time of the wreck, Craig Anthony Stephens was doing the job that he was hired and dispatched to do – to deliver the load he had picked up in Atlanta to the Pensacola terminal.

Mrs. Stephens testified that Mr. Stephens' debit/ATM card was missing along with his driver's license. This evidence is consistent with it being stolen and used by

someone else. Assuming arguendo that Mr. Stephens' debit card was not stolen, what he did during his layover in Atlanta has nothing to do with whether he was within the line and scope of his employment at the time of this wreck. Defendant is simply seeking to spin any evidence it receives into the most negative potential connotation possible without any facts to prove the version that it desires this Court to accept.

It is ironic that Defendant continues to go forward with the argument that Mr. Stephens was not in the line and scope of his employment. Clearly the Defendant does not believe this argument since they have paid worker's compensation benefits to Mr. Stephens' widow, which require the employee to be in the line and scope of his employment. (Exhibit 1). After paying the benefits for the period from April 12, 2005, through June 6, 2005, they ultimately settled the claim for seventy thousand dollars ($70,000.00). (Exhibit 2, Stephens dep. pp. 39-40). Further, Defendant also paid over $6,000.00 for the funeral expenses of Craig Anthony Stephens. (Exhibit 1). It is clearly inconsistent and defies logic that Benton Express would pay the funeral expenses, pay worker's compensation benefits for the period from April 12, 2005, through June 6, 2005, and thereafter settle the worker's compensation claim for seventy thousand additional dollars if they believe Mr. Stephens was not in the line and scope of his employment.

Furthermore, even if Craig Anthony Stephens had deviated from the line and scope of his employment, Alabama case law allows for an employee to return to his duties. Based on the testimony of Benton's management, Craig Anthony Stephens had returned to his duties despite arguments to the contrary by Benton's attorney. (Exhibit 3; Clark dep. p. 81, l. 11 – p. 82, l.13; Exhibit 4: Stephens dep. p. 47, l. 6-8; Exhibit 5; Hammonds dep. p. 106, l. 1-23; p. 108, l. 22 – p. 110, l.-18). Additionally, this Court

should take as judicial notice of the fact that Mr. Stephens was taking the most direct route back (the employer *recommended* route) to the Benton Express Pensacola terminal when this wreck occurred in Montgomery in his loaded Benton Express tractor trailer. (Exhibit 1, Clark dep. pp. 81-82).

Accordingly, Plaintiff requests that this Court deny Defendant's Motion for Summary Judgment.

_____
LABARRON N. BOONE
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 (Telephone)
(334) 954-7555 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 5 day of January 2006.

_____
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216