IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, etc., )<br>)<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>BENTON EXPRESS, INC., et al., )<br>)<br>　　　Defendants. ) | CIVIL ACTION NO. 2:05CV494-MHT<br>[WO] |

**ORDER ON MOTION**

Upon consideration of the Motion for Protective Order, filed by the defendant ON 23 November 2005 (Doc. # 35), it is hereby

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules ***must be accompanied by a certification*** that the movant has in good faith conferred or attempted to

confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute.

Although the defendant attempts to set forth multiple and substantial grounds for the motion, there is no indication that the parties have conferred in an attempt to resolve the motion.

DONE this 10th day of January, 2006.

>/s/ Vanzetta Penn McPherson
>VANZETTA PENN MCPHERSON
>UNITED STATES MAGISTRATE JUDGE