IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:05cv494-B |
| BENTON EXPRESS, INC., et al., | § § § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO CLARITY MOTION TO COMPEL AND EVIDENTIARY SUPPORT

This motion is filed to clarify the documents Plaintiff seeks pursuant to her Motion to Compel. Plaintiff in this matter requests that this Court compel Benton to produce the complete worker's compensation file maintained by it or by its agent concerning the worker's compensation claim that arose out of the death of its employee, Craig Anthony Stephens. Plaintiff, in support of her Motion to Compel, in oral argument, mentioned the case of *Ex Parte Rebecca Cummings v. Martin Industries, Inc.*, 776 So.2d 771 (Ala. 2000). In that case, the Court held that Plaintiff's motion to compel defendant to produce its worker's compensation file because the Defendant did not satisfy its burden of establishing that the worker's compensation files maintained by it or its agent were prepared in anticipation of litigation or contained privileged attorney client communications.

Rule 26(b)(5) of the *Federal Rules of Civil Procedure* sets forth the burden Benton must satisfy in order to substantiate a work product or privilege claim. F.R.C.P. 26(b)(5), specifically states

> "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged are subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

Accordingly, since Defendant has failed to meet its burden under the applicable case law or the *Federal Rules of Civil Procedure,* this Motion to Compel is due to the Granted.

/s/ LaBarron N. Boone
LABARRON N. BOONE
Attorney for Plaintiff


OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 (Telephone)
(334) 954-7555 (Facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 23rd day of January 2006.

_____
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

Notes

Law About ...
Civil Procedure

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

(a) Required Disclosures; Methods to Discover Additional Matter.

**(1) Initial Disclosures.**

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the United States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures - if any - are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party

must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

### (2) Disclosure of Expert Testimony.

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

### (3) Pretrial Disclosures.

In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

### (4) Form of Disclosures; Filing.

Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served.

### (5) Methods to Discover Additional Matter.

Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or

permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

(b) Discovery Scope and Limits.

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) In General.**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

**(2) Limitations.**

By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

**(3) Trial Preparation: Materials.**

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**(4) Trial Preparation: Experts.**

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation

of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

**(5) Claims of Privilege or Protection of Trial Preparation Materials.**

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(c) Protective Orders.

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(d) Timing and Sequence of Discovery.

Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

(e) Supplementation of Disclosures and Responses.

A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(f) Meeting of Parties; Planning for Discovery.

Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) Signing of Disclosures, Discovery Requests, Responses, and Objections.

(1) Every disclosure made pursuant to subdivision (a)(1) or subdivision (a)(3) shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the disclosure and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose

address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Prev | Next

© copyright | about us | email us

Westlaw.

776 So.2d 771  
776 So.2d 771  
(Cite as: 776 So.2d 771)

Page 1

C

Supreme Court of Alabama.
Ex parte Rebecca CUMMINGS.
(Re Rebecca Cummings
v.
Martin Industries, Inc.)
**1981428.**

June 30, 2000

Claimant filed action against her former employer claiming retaliatory employment discharge in connection with her claim for workers' compensation benefits. The Circuit Court, Lauderdale County, No CV-97-336, Ned Michael Suttle, J., denied claimant's motion to compel discovery. Claimant petitioned for writ of mandamus. The Supreme Court, Johnstone, J., held that employer's claims that it was excepted from claimant's discovery request on basis of work-product privilege and attorney-client privilege were not supported by any evidence.

Writ of mandamus granted.

Lyons, J., concurred specially with opinion, in which Hooper, C.J., and Maddox, Houston, See, and Brown, JJ., joined.

West Headnotes

[1] **Mandamus 250** ⛌ 1

250 Mandamus
    250I Nature and Grounds in General
        250k1 k. Nature and Scope of Remedy in General. Most Cited Cases
Writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.

[2] **Mandamus 250** ⛌ 32

250 Mandamus
    250II Subjects and Purposes of Relief
        250II(A) Acts and Proceedings of Courts, Judges, and Judicial Officers
            250k32 k. Proceedings in Civil Actions in General. Most Cited Cases
Petition for a writ of mandamus will be granted to compel discovery if a clear abuse of discretion is shown.

[3] **Pretrial Procedure 307A** ⛌ 358

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)2 Subject Matter in General
                307Ak356 Privileged Matters
                    307Ak358 k. Preparation for or Anticipation of Litigation; Attorney's Work Product. Most Cited Cases
Exception to general rule permitting a party to obtain discovery of all matters protects from a party's discovery documents prepared by the opposing party or by or for the opposing party's representative in anticipation of litigation and extends in any event to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Rules Civ.Proc., Rule 26(b)(3).

[4] **Pretrial Procedure 307A** ⛌ 410

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)4 Proceedings
                307Ak404 Affidavits and Showing
                    307Ak410 k. Burden of Proof. Most Cited Cases
Under rule governing discovery of trial preparation materials, the party objecting to discovery bears the burden of establishing the elements of the work-product exception. Rules Civ.Proc., Rule 26(b)(3).

[5] **Pretrial Procedure 307A** ⛌ 358

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)2 Subject Matter in General
              307Ak356 Privileged Matters
                307Ak358 k. Preparation for or

776 So.2d 771  
776 So.2d 771  
**(Cite as: 776 So.2d 771)**

Page 2

Anticipation of Litigation; Attorney's Work Product. Most Cited Cases
Test in showing work-product exception to discovery should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Rules Civ.Proc., Rule 26(b)(3).

[6] Pretrial Procedure 307A ⇌358

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)2 Subject Matter in General
                307Ak356 Privileged Matters
                    307Ak358 k. Preparation for or Anticipation of Litigation; Attorney's Work Product. Most Cited Cases
Fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an in house report as work product.

[7] Pretrial Procedure 307A ⇌406

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)4 Proceedings
                307Ak404 Affidavits and Showing
                    307Ak406 k. Privilege. Most Cited Cases
Evidentiary showing by the objecting party that document sought falls under work product exception to discovery is not required until the parties are at issue as to whether the document sought was, in fact, prepared in anticipation of litigation; motion to compel filed by the party requesting discovery puts the parties at issue.

[8] Pretrial Procedure 307A ⇌406

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(E) Production of Documents and Things and Entry on Land
            307AII(E)4 Proceedings
                307Ak404 Affidavits and Showing
                    307Ak406 k. Privilege. Most Cited Cases
Employer's claims that it was excepted from claimant's discovery request in retaliatory discharge case on basis of work-product privilege and attorney-client privilege were nothing more than bare assertions of privilege, though director for employer submitted affidavit stating that employer prepared information sought in discovery in anticipation of litigation, given that affidavit was executed two months after trial court denied claimant's discovery motion, was not properly before appellate court, and employer failed to submit any evidence that either its workers' compensation file or insurer' compensation file contained any privileged communications involving an attorney or were prepared in anticipation of litigation. Rules Civ.Proc., Rule 26(b)(3).

*772 Jay E. Emerson, Jr., of Higgs & Emerson, Huntsville, for petitioner.
*773 Charles H. Clark, Jr., and Martha Leach Thompson of Huie, Fernambucq & Stewart, L.L.P., Birmingham, for respondent.

JOHNSTONE, Justice.
Rebecca Cummings petitions this Court for a writ of mandamus directing Judge Michael Suttle to vacate his order denying her motion to compel discovery of workers' compensation files on the plaintiff maintained by the defendant Martin Industries, Inc. ("Martin"), her former employer, and by JRH Risk Services, Inc ("JRH Risk"), Martin's insurance carrier. We grant the petition.

On or about April 11, 1995, Cummings suffered an on-the-job injury. She sued her employer Martin for workers' compensation benefits for her on-the-job injury on October 27, 1995. On March 4, 1997, Cummings settled her workers' compensation claim with Martin. Martin fired Cummings on or about May 16, 1997. Thereafter, Cummings filed a motion for contempt against Martin because Martin failed to comply with the settlement agreement requiring Martin to pay for Cummings's medical care and to reimburse her for her out-of-pocket medical expenses.[FN1]

> FN1. After a hearing, the trial court sanctioned Martin and ordered it to pay $7,500 for its failure to comply with the parties' settlement agreement. Upon Martin's motion for reconsideration, the trial court rescinded its order of contempt and its sanction against Martin.

On June 13, 1997, Cummings sued Martin for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

776 So.2d 771 Page 3
776 So.2d 771
(Cite as: 776 So.2d 771)

retaliatory discharge, pursuant to § 25-5-11.1, Ala.Code 1975. She alleged Martin treated her in a "hostile manner" after she claimed workers' compensation benefits. Cummings filed a notice of intent to subpoena "[a]ny and all records which were kept or maintained regarding Rebecca Cummings" from JRH Risk. Cummings also requested production of "[t]he workers' compensation file kept and maintained by [Martin] regarding [Cummings] as testified to by Anne Collins and Jim Truitt."

Martin objected to notice of intent to serve a subpoena on JRH. Martin asserted that the workers' compensation file maintained by JRH Risk is privileged as work product. Martin asserted also that the file is subject to the attorney-client privilege. Martin objected on the same grounds to Cummings's request for production of "a workers' compensation file" maintained by Martin. In Martin's brief supporting its objections, Martin specifically argued that the work-product doctrine as provided in Rule 26(b)(3), Ala. R. Civ. P., and the attorney-client privilege as provided in Rule 502, Ala. R. Evid., protect from discovery the requested documents maintained by JRH Risk and the requested "workers' compensation file" maintained by Martin because those documents were "prepared in the anticipation of litigation."

In response to Martin's objection to Cummings's request for production of documents relating to a "workers' compensation file," Cummings moved to compel production of the file. The trial court granted Cummings's motion without conducting a hearing. Martin filed a "Motion to Reconsider and Request for Oral Argument." Martin argued again that the work-product doctrine and the attorney-client privilege protected the requested documents from disclosure. Martin specifically asserted that " 'the workers' compensation file' described by Cummings is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." Cummings filed a motion stating that the trial court should not grant oral argument on the discovery issue because "it [was] clear that this workers' compensation file maintained by [Martin] is relevant and material evidence of the issues related to [her] claims." After a hearing, the trial court denied Cummings's motion to compel discovery, without stating any reasons for its denial.

Cummings now petitions this Court for a writ of mandamus. She claims that the trial court abused its discretion in denying *774 her motion to compel, for the following reasons: 1) Martin does not have standing to assert an objection or a privilege regarding the documents she subpoenaed from JRH Risk; 2) neither the "work-product" doctrine nor the "attorney-client privilege" protect from discovery the requested documents maintained by both Martin and JRH Risk because those documents were not prepared by an attorney in the course of his legal representation of Martin; and 3) she has a "substantial need" for the requested documents because they contain information showing that she was "intentionally harassed" with regard to her workers' compensation claim by both Martin and JRH Risk.

[1] [2] "A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." *Ex parte McNaughton*, 728 So.2d 592, 594 (Ala.1998). This Court has held that a petition for a writ of mandamus is the proper method of review of "whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders." *Ex parte Compass Bank*, 686 So.2d 1135, 1137 (Ala.1996). Further, this Court has held that a petition for a writ of mandamus is the proper method for review of the propriety of the issuance of a subpoena duces tecum to parties and to nonparties. *Ex parte Anniston Personal Loans, Inc.*, 266 Ala. 356, 96 So.2d 627 (1957); *Ex parte Hart*, 240 Ala. 642, 200 So. 783 (1941). "A petition for a writ of mandamus will be granted to compel discovery if a clear abuse of discretion is shown." *Ex parte Fuller*, 600 So.2d 214 (Ala.1992).

[3] [4] [5] [6] [7] Rule 26(b)(1), Ala. R. Civ. P., states the general rule of discovery-that a party may obtain discovery of all matters, not privileged, that are "reasonably calculated to lead to the discovery of admissible evidence." An exception (itself subject to certain exceptions) to the general rule protects from a party's discovery documents prepared by the opposing party or by or for the opposing party's representative in anticipation of litigation. The protection of this exception extends in any event to "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3) "Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work-product exception." *Ex parte*

*Garrick*, 642 So.2d 951 (Ala.1994). " '[T]he test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.' " *Sims v. Knollwood Park Hosp.*, 511 So.2d 154, 157 (quoting *Binks Mfg.Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir.1983)). "The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product." *Sims*, 511 So.2d at 158 (quoting *Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C.1982)). "An evidentiary showing by the objecting party is not required until the parties are 'at issue as to whether the document sought was, in fact, prepared in anticipation of litigation.' " *Ex parte State Farm Automobile Ins. Co.*, 761 So.2d 1000, 1002-1003 (Ala.2000) (quoting *Ex parte Garrick*, 642 So.2d at 953)). A motion to compel filed by the party requesting discovery puts the parties at issue. *Id*.

[8] Cummings's motion to compel placed the parties at issue as to whether the workers' compensation file maintained by Martin and the workers' compensation file maintained by JRH Risk were prepared in anticipation of litigation. Thus, to avoid or to curtail discovery, Martin needed to establish that the requested files were prepared in anticipation of litigation *775 or that they included communications to or from attorneys for Martin or JRH Risk respectively.

In support of Martin's assertions of privilege, Martin submitted deposition testimony from various employees and from Cummings. Anne Collins, the director of Martin's Management Information Systems, testified that she maintains a workers' compensation file on Cummings. Collins stated that the file contains notes and documents regarding her discussions and office manager Jim Truitt's discussions with Sharon Langer, a representative of JRH Risk, about Cummings's on-the-job injury and her subsequent treatment. Collins stated that the file also contains notes of her conversations with Tina Tomsik, the director of Martin's Human Resource Department. Tomsik schedules Cummings's appointments with dentists and communicates with JRH Risk about payment for Cummings's treatment. According to Collins, the workers' compensation file maintained by Martin is separate from the file maintained by JRH Risk, although both files may contain similar notes about the administration of Cummings's workers' compensation claim.

The deposition testimony from other witnesses, including Cummings, showed that Martin decided to reduce its budget in May 1997 and fired Cummings because she had the least seniority of the clerks in Martin's collections department.

Martin did not submit any evidence that its workers' compensation file or JRH Risk's workers' compensation file on Cummings contained any privileged communications to or from an attorney. Nor did Martin submit any evidence that either of the workers' compensation files was prepared in anticipation of litigation. Although Martin has submitted, before this Court, an affidavit from Anne Collins stating that Martin prepared its workers' compensation file on Cummings "in anticipation of litigation," Collins executed that affidavit on July 21, 1999, two months after the trial court denied Cummings's motion to compel on May 24, 1999. Further, the affidavit does not reflect that it has been filed with or has been considered by the trial court. Consequently, the affidavit is not properly before this Court. *Pepsi-Cola Bottling Co. v. Colonial Sugars, Div. of Borden, Inc.*, 423 So.2d 190, 192 (Ala.1982) ("Matters not presented below will not be reviewed on appeal.") (Citations omitted.) Thus, Martin's claims of privilege-work-product privilege and attorney-client privilege-are only bare assertions, not supported by any evidence.

Because Martin has not satisfied its burden of establishing that the workers' compensation files maintained by it and by JRH Risk were prepared in the anticipation of litigation and because Martin has not established that those files contain privileged attorney-client communications, the trial court abused its discretion in denying Cummings's motion to compel discovery of the workers' compensation files maintained by Martin and by JRH Risk. Accordingly, Cummings's petition for a writ of mandamus is granted.

WRIT GRANTED.

COOK and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, and BROWN, JJ., concur specially.
LYONS, Justice (concurring specially).
The Court properly reverses the trial court's order denying the motion to compel production, thereby leaving in place the earlier order that granted the motion to compel. I do not interpret today's ruling as precluding further proceedings in the nature of a reconsideration of the trial court's order compelling

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

776 So.2d 771 Page 5
776 So.2d 771
(Cite as: 776 So.2d 771)

production. I write specially to offer guidance concerning the manner in which a party resisting discovery should assert the availability of the attorney-client and work-product privileges.

As the main opinion points out, Cummings's requests for production of documents *776 from Martin and from JRH Risk, the third-party administrator, were met with Martin's blanket assertion that "[t]he request for documents seeks information subject to the attorney/client privilege and the work product privilege as stated in Rule 26 of the Alabama Rules of Civil Procedure." In its brief in support of its objection to Cummings's notice of intent to serve subpoena on a nonparty and in response to Cummings's motion to compel, the defendant became somewhat more specific, by stating:
"[T]he workers' compensation file is primarily comprised of privileged correspondence and communications from counsel of record."
"Under the plain language of Rule 502, any documents contained in JRH Services' file that reflect confidential communications between this Defendant and its attorneys, between this Defendant's attorney and JRH Services, or between JRH Services and this Defendant (whether communication was made at the specific request of, or at the express direction of, an attorney) are protected by the attorney/client privilege."

Cummings filed a motion to compel, which was initially granted by the trial court. Martin moved for a "reconsideration," stating that "[t]he 'workers' compensation file' described by the plaintiff is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." The main opinion correctly observes that this assertion was not supported by affidavit testimony. Nevertheless, the trial court entered an order denying Cummings's motions to compel documents from JRH Risk's worker's compensation file and Martin's worker's compensation file.

The first attempt to support the assertions of privilege with materials other than the conclusions of counsel came in this Court in response to Cummings's petition for a writ of mandamus. Martin offered an affidavit stating: "With regard to the Rebecca Cummings worker's compensation claim, I maintained a file with notes regarding conversations with our third-party administrator, Sharon Langer, and notes from our attorney, which were maintained in anticipation of litigation." I agree with the main opinion's refusal to consider this affidavit because it was not before the trial court.

Rule 34(b), Ala. R. Civ. P., requires that reasons for objecting to a request for production be stated. Because objections based upon privilege require specificity in order to guide the party seeking production in determining whether to proceed further, I would require more information than was given to the trial court in this case. Because our rules provide little direction in this area, I cannot criticize Martin's conduct in this action nor hold Martin to the penalty of waiver because of its failing to be more specific. I would require further proceedings that meet standards of specificity that aid opposing counsel and the trial court.

Guidance can be drawn from Rule 26(b)(5), Federal Rules of Civil Procedure, which provides:
"Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

For purposes of application to the facts before us, a defendant should respond to a request for production by describing the documents by category that are subject either to work-product or attorney-client *777 privilege, specifying either or both, as to each such category, and describing the subject matter of such documents, without revealing privileged information. For example, in response to the plaintiff's initial request, the defendant could state, if accurate, as follows:
The requested documents consist of trial preparation materials in the form of analyses of the plaintiff's medical condition in the form of notes taken contemporaneously with comments made by or to our attorney or our agent conducting an investigation of the claim, not prepared in the ordinary course of business but in anticipation of litigation concerning the amounts recoverable under the workers' compensation law.

In addition, to the extent that the requested materials might include information dealing with legal advice

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

concerning the prospect for a wrongful-discharge action in the event of plaintiff's termination at some future date, a proper response asserting the attorney-client privilege as to those matters could include, if applicable, this statement:

The documents requested contain confidential statements by or to the defendant's attorney made for the purpose of obtaining legal advice concerning the plaintiff's status as an employee.

A party requesting discovery who then receives a response containing information as outlined above would be able to make an educated decision as to the wisdom of further pursuit of the matter by motion to compel, perhaps preceded by depositions or interrogatories to elicit nonprivileged information concerning dates, places, persons present, persons receiving copies, and/or general information as to the subject matter. A party so informed would then be expected to make a showing in its motion to compel that either contradicts the status of the materials as protected by trial preparation or attorney-client privilege or, as to work product, concedes its status as such but demonstrates that party's substantial need for the materials and its inability to obtain the substantial equivalent by other means without undue hardship. See Rule 26(b)(3), Ala. R. Civ. P. Upon such motion, the defendant would be obliged to develop a detailed response, perhaps including a log describing each document and asserting the defendant's objection to the disclosure of each document so as to facilitate, if necessary, an *in camera* review by the trial court. Because the burden of such preparation may be significant, a party subjecting an opposing party to abuse of discovery procedures, by requiring the preparation of responses to a frivolous motion to compel production of privileged materials, can be ordered to pay attorney fees and costs related to the preparation of the responses. See § 12-19-272(c), Ala.Code 1975.

HOOPER, C.J., and MADDOX, HOUSTON, SEE, and BROWN, JJ., concur
Ala.,2000
Ex parte Cummings
776 So.2d 771

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.