IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO.: 2:05CV494-T |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

NOTICE OF AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to the Court's order (Doc. No. 67), states the following in opposition to the Plaintiff's Supplemental Motion to Compel:

1. Pursuant to the Court's request, the Plaintiff has now clarified her discovery request that is the subject of this dispute. Specifically, the Plaintiff has changed her request to seek production of "the complete workers' compensation file maintained by [Benton Express] or by its agent concerning the workers' compensation claim that arose out of" the death of Craig Stephens. (Doc. No. 68).

2. The Plaintiff's request that began this dispute was as follows:

> 62. Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as**

>**to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.**

63. Produce any documentation relating to any worker's compensation insurance provided by Benton Express.

>**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

[See Response to Plaintiff's Second Request for Production of Documents, attached as Exhibit "A" to Plaintiff's Motion to Compel (Doc. No. 31-1)]. In addition to these specific objections, Defendant stated general objections as follows:

>Defendant objects to Plaintiff's discovery on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

>Defendant objects to Plaintiff's discovery on the grounds that it is not reasonably limited in time or scope.

>Defendant will produce information only in its own possession, custody, or control. Defendant cannot produce information in the possession, custody, or control of other entities.

>Defendant objects to Plaintiff's discovery to the extent it calls for the divulgence of attorney-client communications, attorney-work product, or any other privileged material.

>Defendant objects to Plaintiff's discovery to the extent the instructions contained therein purport to impose duties different from those imposed by applicable law.

>Defendant objects to Plaintiff's discovery on the grounds that it fails to comport with the sequential numbering requirements of Local Rule 26.3 of the United States District Court for the Middle District of Alabama. Rather than refusing to respond to the improperly numbered discovery requests, Defendant has re-numbered them to comport with Local Rule

>   26.3.
>
>   All responses given are subject to these objections and any other objections made in the individually-numbered responses.

[Id.].  Thus, Defendant objected to these discovery requests to the extent that they sought discovery of irrelevant and/or privileged information, in addition to other objections.

3.  The Plaintiff's request for Defendant's "workers' compensation file" that is now before the Court (Doc. No. 68) is quite different than the requests which began this dispute. Nonetheless, the same objections to the discovery apply.

4.  As was discussed at the recent hearing on this dispute, Defendant's overarching objection that applies to every aspect of the discovery request is that the request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Therefore, the request seeks production of information that is not discoverable because it is beyond the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.  The only purpose for which the Plaintiff seeks the discovery is to attempt to use evidence of Defendant's payment of workers' compensation benefits (or a settlement) to Craig Stephens' widow as evidence of an admission of liability by Defendant in the instant case.  As the Court stated during the hearing – and the Plaintiff's counsel acknowledged as correct – the Plaintiff will not be allowed to use the evidence in this manner at trial.  Both the Court and the Plaintiff's counsel are correct in acknowledging that the evidence cannot be used to prove an admission of liability against Defendant in the instant case.  The Federal Rules of Evidence are crystal clear on this point (Fed. R. Evid. 408, 409), and the Plaintiff has done nothing to prove otherwise.

5.  Defendant has invited the Plaintiff to state a proper purpose for the discovery of workers' compensation evidence, stating:

> If the Plaintiff is seeking discovery of the evidence for some purpose other than to show an admission of liability by Benton Express, then Defendant invites the Plaintiff to file a response to this motion and state what the purpose of the discovery is.

[Defendant's Motion for Protective Order, Doc. No. 35, ¶ 13]. Despite this invitation, and despite ample opportunity, the Plaintiff has never stated a proper purpose for the use of the evidence she seeks. The only purpose for the discovery is that the Plaintiff hopes to be able to use it to show an admission of liability by Defendant. Such a use clearly will not be permitted at trial. Because the evidence cannot be so used at trial, the evidence is irrelevant and the request for the evidence is not reasonably calculated to lead to the discovery of admissible evidence. Thus, the request is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6. Defendant has stated these grounds in its Motion for Protective Order (Doc. No. 35) and its Renewed Motion for Protective Order (Doc. No. 63), and the grounds remain valid today. Defendant incorporates the arguments made in said motions as if they were fully set out herein.

7. The Plaintiff's most recent filing in this dispute (Doc. No. 68) misses the point. The Plaintiff asserts that the Court must order Defendant to produce its workers' compensation file because Defendant has not "satisf[ied] its burden of establishing that the [file] was prepared in anticipation of litigation or contained privileged attorney client communications," citing as support the Alabama Supreme Court case of <u>Ex parte Cummings</u>. [Plaintiff's Motion to Clarity [sic] Motion to Compel and Evidentiary Support, Doc. No. 68]. This argument has no application to the dispute in its current standing. Defendant has argued (and is still arguing) against the Plaintiff's request on the grounds that it seeks information that is not within the scope of discovery (i.e., irrelevant and inadmissible evidence) and therefore is not discoverable. Issues of privilege will only become relevant to this dispute if the Court orders

4

that the "complete workers' compensation file" be produced, as is further discussed in Paragraph Nos. 8 and 9 below.

8. Despite Plaintiff's counsel's arguments to the contrary, the case of Ex parte Cummings in no way mandates that Defendant produce its workers' compensation file in this case. First, the workers' compensation file in Cummings was clearly relevant because the case involved a claim for the plaintiff's retaliatory discharge for filing a workers' compensation claim under Section 25-5-11.1 of the Alabama Workers' Compensation Act. Ex parte Cummings, 776 So. 2d 771, 773 (Ala. 2000). Thus, the plaintiff's workers' compensation claim was at the very center of the case because the issue in the case (as in all cases under § 25-5-11.1) was whether or not the plaintiff was terminated solely because she filed a workers' compensation claim. Because of this, there was no dispute as to whether the file fell within the scope of discovery permitted, i.e., whether it was "reasonably calculated to lead to the discovery of admissible evidence." Id. The only objections to production of the file interposed by the defendant were that the file was protected by the work-product and attorney-client privileges. Id. In ordering that the trial court erred in refusing to compel production of the file, the Alabama Supreme Court did not hold that such files are always discoverable or that they never can be privileged. Rather, the Court simply held that the defendant had not made a proper showing of the asserted privileges because the affidavit used to support the privileges was not before the trial court when the trial court made the appealed decision. Id. at 775. In the instant case – unlike the Cummings case – the issue of privilege is not currently before the Court, and Defendant will assert privileges only in the event that the Court orders production of the "complete workers' compensation file." Thus, Ex parte Cummings has no application to this dispute in its current standing.

9. The Plaintiff's new request is for Defendant's " complete workers' compensation file." The undersigned is not currently in possession of the complete file and does not currently know exactly what is contained in the complete file. However, the undersigned's past experience instructs that such files usually (but not necessarily always) include reports, correspondence, notes, and memoranda that were prepared in anticipation of litigation and/or contain attorney-client communications. In the event Defendant is ordered by this Court to produce the complete file, Defendant reserves the right to withhold from production any such privileged documents. If Defendant does withhold privileged documents, Defendant will comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure. If the Plaintiff wishes to contest any assertions of privilege, she may do so then. Until then, the issues of work-product and attorney-client privilege are not ripe for decision by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant again respectfully requests the Court to enter an Order (1) denying the Plaintiff's request for production of evidence of Stephanie Stephens' workers' compensation claim and (2) holding that the discovery sought by the Plaintiff may not be had.

Respectfully submitted,

  s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:     bar@carrallison.com
            gab@carrallison.com

6

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 26th day of January, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                          s/ Gregory A. Brockwell
                                          Of Counsel