IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV494-MHT |
| | ) | |
| BENTON EXPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case remains pending on the plaintiff's Renewed Motion to Compel and Response to Defendant's Motion For Protective Order (Doc. # 40), filed on 5 December 2005,[1] and the defendants' Motion For Protective Order (Renewed), filed on 13 January 2006 (Doc. # 63). In her motion, the plaintiff, Hazel Roby ["Roby"], seeks an order compelling the defendant, Benton Express, Inc. ["Benton"], to produce information involving the workers compensation claim of Craig Stephen's widow. Benton's motion, on the other hand, seeks an order protecting that information from discovery.

Upon consideration of Roby's supplemental motion, Benton's response, the argument at the hearing, and the parties' post-hearing submissions, the court concludes that the motion to compel should be granted and that a protective order is warranted.

---

[1]The court does not address the defendants' previously filed Motion for Protective Order (Doc. # 35). The court denied that motion on 10 January 2006 (Doc. # 60).

# I.    PROCEDURAL HISTORY

On 23 January 2006, the court conducted a discovery hearing on the two motions. The plaintiff's request at this time is limited to documents. The request for those documents was originally propounded as requests numbered 62 and 63 of the plaintiff's Second Request For Production, served on 13 June 2005 (See exhibits to Doc. # 31) and articulated as follows:

> 62.    Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.

> 63.    Produce any documentation relating to any workers compensation insurance provided by Benton Express.

Benton responded on 26 August 2006, with the following objections:

> 62.    Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.

> 63.    Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(Doc. # 13).  Benton did not comply with the requirements of Rule 26(b)(5).

At the conclusion of the hearing, the court granted leave to counsel for each party to clarify their positions and to file authorities supporting their respective positions (See Doc. # 67).  On 23 January 2006, Roby filed a notice clarifying her motion to compel, explaining

2

that she now desires

> the complete worker's compensation file maintained by [Benton or Benton's] agent concerning the worker's compensation claim that arose out of the death of its employee, Craig Anthony Stephens.

(Doc. # 68). On 26 January 2006, Benton filed its Notice of Authorities in Opposition to Plaintiff's Supplemental Motion To Compel the workers compensation file pertaining to Craig Stephens ["Stephens"] (Doc. # 70).

## III.   DISCUSSION

Roby contends that her request is designed to seek evidence that Craig Stephens was acting within the line and scope of his authority at the time of the subject incident. Benton opposes the production of the workers compensation file because the production request:

- is "overly broad, vague, and ambiguous";

- "seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege";

- is "not reasonably limited in time or scope";

- "seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The parties agree that workers compensation payments were made to Stephens' widow following a settlement of a Florida lawsuit. Neither attorney could represent whether the

3

settlement was confidential, but both agreed that Stephens' widow had previously testified in some detail about her receipt of workers compensation benefits and the amount of the payments. Thus, it is apparent that Roby already has some information in the same category as the information sought from Benton.

### A.    The Discovery Request

On 11 April 2005, Stephens and Roby were involved in an automobile collision in Montgomery. Stephens' vehicle, which was owned by Benton, fell from the Interstate 85 overpass onto Interstate 65 and onto Roby's vehicle, killing Roby.[2] Moreover, Roby alleged that, prior to the incident, Stephens had been driving recklessly and dangerously. Hazel Roby has alleged  - and must prove -  that Stephens was acting within the line and scope of his authority as an agent of Benton to secure relief against Benton.

The workers compensation file on Stephens includes a report on the investigation of the workers compensation claim, the basis upon which compensation was requested or was paid, the calculation of payments due, the justification for the amounts and duration of payments and details of Stephens' injuries.

The court FINDS that the contents of the workers compensation file are "relevant to the subject matter involved in the action" (*See Fed. R. Civ. Pro*. 26(b)(1)), and that they are

---

[2]The parties appear to agree that these facts occurred.

not subject to the restrictions articulated in *Fed. R. Civ. Pro*. 26(b)(2)-(i), (ii), or (iii).[3] The document requests seek information that is therefore discoverable as defined in Rule 26. Accordingly, Benton must serve complete responses upon Roby unless its objections are meritorious.

**B.    Information That is Overly Broad, Vague and Ambiguous**

As amended, Roby's request is not overly broad, vague, or ambiguous. The entire workers compensation file is a definite, identifiable, existing entity. This objection is meritless.

**C.    Information Prepared in Anticipation of Litigation; Protected by Privilege**

Although Benton contends that the documents sought were prepared in anticipation of litigation, there was no supporting evidence tendered to the court to support that conclusion. While it is true that the workers compensation file was *ultimately* involved in litigation, unless Benton contends that such files are *always* prepared in anticipation of litigation - and there was no such contention - there is no basis for the court's conclusion that the Stephens file was so prepared.

The court has already noted that, with respect to Benton's objection based on work product and attorney-client privilege, the defendant did not comply with the requirements of

---

[3]In any case, Benton's objections cover only the restrictions discussed in Rule 26(b)(2)(i).

Rule 26(b)(5).   That sub-section provides:

> When a party withholds information otherwise discoverable
> under these rules by claiming that it is privileged or subject to
> protection as trial preparation material, the party shall make the
> claim expressly and shall describe the nature of the documents,
> communications, or things not produced or disclosed in a
> manner that, without revealing information itself privileged or
> protected, will enable other paties to assess the applicabiity of
> the privilege or protection.

In spite of Benton's reliance upon ***Ex Parte Cummings***, 776 So.2d 771 (Ala. 2000),

the ruling in that case does not support Benton's position.  Benton is correct: the Alabama

Supreme Court in ***Cummings*** did hold that the defendant had not properly asserted privilege.

But neither has Benton, in spite of at least two opportunities to do so in writing and an oral

hearing on its objection.  Therefore, the disposition in this case should track the disposition

in Cummings for the same reasons recited by the Alabama Supreme Court:

> Martin did not submit any evidence that its workers'
> compensation file or JRH Risk's workers' compensation file on
> Cummings contained any privileged communications to or from
> an attorney. Nor did Martin submit any evidence that either of
> the workers' compensation files was prepared in anticipation of
> litigation. Although Martin has submitted, before this Court, an
> affidavit from Anne Collins stating that Martin prepared its
> workers' compensation file on Cummings "in anticipation of
> litigation," Collins executed that affidavit on July 21, 1999, two
> months after the trial court denied Cummings's motion to
> compel on May 24, 1999. Further, the affidavit does not reflect
> that it has been filed with or has been considered by the trial
> court. Consequently, the affidavit is not properly before this
> Court. *Pepsi-Cola Bottling Co. v. Colonial Sugars, a div. of
> Borden, Inc.*, 423 So. 2d 190, 192 (Ala. 1982) [**10]
> ("HN5Matters not presented below will not be reviewed on
> appeal.") (Citations omitted.) Thus, Martin's claims of privilege
> -- work-product privilege and attorney-client privilege -- are only

6

bare assertions, not supported by any evidence.

*Ex parte Cummings*, 776 So. 2d 771, 775 (Ala. 2000).  This court overrules Benton's objections based on work product and privilege for the same reasons.


**D.    *Information Not Reasonably Limited in Time or Scope***

Roby's request for the entire workers compensation file is a definite request.  The accumulation of the workers compensation file presumably began when the claim was made and ended when the Florida lawsuit was concluded by settlement.  There is nothing amorphous about either the time or scope of the file.


**E.    *Information That is Irrelevant and Not Reasonably Calculated to Lead to Discovery of Admissible Evidence***

The court has already concluded that the information request is relevant.  The information is also calculated to lead to discovery of admissible evidence.  The court emphasizes, as it did at the oral argument, that the information requested does not have to be admissible at trial (or otherwise), and the court's ruling should not be construed by the parties as a finding regarding admissibility.  Indeed, Benton's argument to the contrary is simply wrong:

> Defendant has argued (and is still arguing) against the Plaintiff's requet on the grounds that it seeks information that is not within the scope of discovery (i.e., irrelevant and *inadmissible evidence*) and therefore is not discoverable.

7

(Doc. # 70, p. 4) (Emphasis supplied).  In contrast, Rule 26 expressly provides:

> Relevant information need not be admissible at the trial if the
> discovery appears reasonably calculated to lead to the discovery
> of admissible evidence.

**Fed. R. Civ. Pro**. 26(b)(1).  **Roberson v. Great American Ins. Cos**., 48 F.R.D. 404, 409 (D. Ga. 1969).

Stephens' workers compensation file may lead to the discovery of undiscovered witnesses, pertinent additional facts related to the incident, Stephens' physical condition prior to the incident, Stephens' driving record, and other relevant and admissible evidence. To be sure, the file may include any number of documents which would be inadmissible at trial, but that fact, standing alone, is not prohibitive to discovery of the file.

Moreover, even evidence which is inadmissible in a case-in-chief may nevertheless be used to impeach a witness, as long as it is appropriately offered.   In any case, the determinations on admissibility will be made at another time by another judge.

### III.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1.    Roby's supplemental Motion to Compel is GRANTED.

2.    On or before 7 February 2005, Benton shall serve upon Roby's counsel a copy of the entire workers compensation file of Craig Stephens.

3.    The parties will limit the distribution, disclosure and use of materials produced pursuant to this order  to the parties, their counsel, and persons employed by

their counsel or associated with them who are directly involved in the preparation and trial of this case and to prospective witnesses on a "need to know" basis.  The parties will not distribute, disclose or use said information for any purpose other than the preparation and litigation of this proceeding.

4.    The present or former custodians of the records of documents, including any insurer, their agents and employees, by complying with this order, be and are hereby relieved of any penalties to which they would otherwise be subjected under federal law.

5.    Within 30 days of the conclusion of this litigation, Roby and her counsel are DIRECTED to return the documents and other information to Benton's counsel or provide written certification to defendants counsel that the documents have been destroyed.

DONE this 31st day of January, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

9