IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

## MOTION TO RECONSIDER

COMES NOW the Defendant, Benton Express, Inc., and moves the Court to reconsider its order (Doc. No. 71) compelling production of Defendant's "complete workers' compensation file." In support thereof, Defendant states as follows:

1. Pursuant to the Plaintiff's request (Doc. No. 68), the Court has entered an order (Doc. No. 71) compelling Defendant to produce its "complete workers' compensation file."

2. The Court's order requires Defendant to produce any privileged documents that are in the file. See Doc. No. 71, pp. 5-7. The reason for this aspect of the order is that the Court believes that Defendant has not made a sufficient showing of privilege. Id.

3. At the time of the hearing on this matter on January 23, 2006, and the time of Defendant's filing of a subsequent brief (Doc. No. 70), the undersigned counsel was not in possession of and had not yet reviewed a copy of Defendant's "complete workers' compensation file" -- as the Court was informed. See Doc. No. 70, ¶ 9.

4. Since the Court's order (Doc. No. 71), the undersigned counsel has received the complete workers' compensation file from Defendant and has carefully reviewed it for privileged

1

documents. [See Affidavit of Gregory A. Brockwell, a copy of which is attached hereto as Exhibit 1]. Based upon this review of the file, the undersigned counsel has determined that the file contains numerous documents that are protected from discovery by the attorney-client and work-product privileges. [Exhibit 1]. Accordingly, the undersigned counsel has prepared a log of these privileged documents in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure. [See Exhibit 1; and Privilege Log, a copy of which is attached hereto as Exhibit 1-A].

5.     The law is clear on the issue of non-discovery of privileged documents. The Federal Rules of Civil Procedure provide, "Parties may obtain discovery regarding any matter, **not privileged**, that is relevant to the claim...." Fed. R. Civ. Pro. 26(b)(1) (emphasis added). The rule simply is that privileged documents are not discoverable, with very limited and very rarely applicable exceptions.

6.     Regarding matters of attorney-client privilege, the federal courts defer to state law. Fed R. Evid. 501. The Alabama law of attorney-client privilege was codified in Alabama Rule of Evidence 502. The rule holds that, absent a consent or waiver of the client, confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client" may not be disclosed. Ala. R. Evid. 502. All of the documents listed in the privilege log that involve correspondence to, from, and between Defendant's attorneys clearly are protected from discovery by Alabama's law of attorney-client privilege.

7.     The so-called "work-product" privilege protects from discovery all documents that are "prepared in anticipation of litigation," absent a showing of "substantial need" and "undue hardship" by the party seeking the discovery. Fed. R. Civ. Pro. 26(b)(3). The Alabama rule is substantially the same. Ala. R. Civ. Pro. 26(b)(3). For the work-product privilege to apply, litigation does not have to be pending at the time a document was created. Rather, in Alabama, the test for determining whether a document has been prepared "in anticipation of litigation" is "whether in light of the nature of the document and the factual situation in the particular case,

the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Ex parte Cummings, 776 So. 2d 771, 774 (Ala. 2000).

8. Defendant was already receiving the advice of legal counsel in anticipation of litigation within three days after the subject accident that occurred on April 11, 2005. [See Exhibit 1; Exhibit 1-A]. Defendant's expectation of litigation certainly was warranted considering that Stephanie Stephens had already decided to hire a lawyer within two (2) days after the accident based on her conversation with the President of Benton Express (Chip Matthews) regarding her claim for workers' compensation benefits. [See Deposition of Stephanie Stephens, p. 146:9 - 147:13, excerpts of which are attached hereto as Exhibit 2]. By April 20, 2005 – only 9 days after the subject accident – Mrs. Stephens' attorney had already entered an appearance as her counsel of record for her workers' compensation claim. [Notice of Appearance, a copy of which is attached hereto as Exhibit 3]. On that very same day – again, only 9 days after the subject accident – the instant lawsuit was filed against Defendant. [See Complaint, Doc. No. 1].

9. The evidence is clear that Benton Express, Hazel Roby, and Stephanie Stephens all began anticipating litigation within at least a couple of days after the subject accident. It is equally clear that all of the documents listed on the privilege log either contain privileged attorney-client communications, or were prepared in anticipation of litigation, or fall into both categories. [Exhibit 1].

10. With limited exceptions that do not apply to this case, the Plaintiff may not discover privileged documents under the Federal Rules of Civil Procedure. With this filing, Defendant has met its burden of proving the existence of privilege, and there is no lawful basis to continue to order Defendant to produce the privileged documents contained in Defendant's workers' compensation file.

11.   As for the non-privileged documents contained in Defendant's workers' compensation file, Defendant will produce them in accordance with the Court's order (Doc. No. 71).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to reconsider its order (Doc. No. 71) compelling production of Defendant's "complete workers' compensation file" and to enter an order holding that discovery of the documents listed on the privilege log may not be had.

                                Respectfully submitted,

                                _s/ Gregory A. Brockwell_
                                BRETT A. ROSS (ASB-6771-O76B)
                                GREGORY A. BROCKWELL (ASB-9949-R49B)

                                Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:       bar@carrallison.com
              gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 3rd day of February, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                           s/ Gregory A. Brockwell
                                           Of Counsel