IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BENTON EXPRESS, INC., et al.,<br><br>Defendants. | §§§§§§§§§§§§ CIVIL ACTION NO.<br>2:05cv494-B |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY OR IN THE ALTERNATIVE, MOTION FOR IN-CAMERA REVIEW

COMES NOW the Plaintiff in the above styled matter, by and through the undersigned counsel of record, and hereby requests that this Honorable Court deny Defendant, Benton Express Inc.'s ("Benton") Motion to Stay (Doc. 83). Defendant's motion to stay should be denied because the Defendant has had ample time to oppose Plaintiff's Motion to Compel and this is simply a tactic to delay the trial of this matter set for March 20, 2006.

1. This Court ordered that "On or before 7 February 2006, Benton shall serve upon Roby's counsel a copy of the entire worker's compensation file of Craig Stephens." Although Defendant states in paragraph 3 of its Motion to Stay that "[i]n accordance with the Court's orders, Defendant produced all non-privileged documents from its workers' compensation file on February 7, 2006 . . .," Plaintiff has not received the copies as of the filing of this Response to Defendant's Motion to Stay. Further, Defendant Benton

still has not met the requirements of the law to support its alleged privilege claim. The law requires evidentiary support for documents it claims are privileged.

2. It is undisputed that Benton's employee Craig Stephens caused the subject wreck. Accordingly, Benton's defense strategy is to claim Craig Stephens was operating the vehicle outside the line and scope of his employment, even though Benton initially paid worker's compensation benefits to the deceased widow and recently settled the worker's compensation claim for Seventy thousand dollars.

3. Worker's compensation benefits are only due if Craig Stephens was acting within the line and scope of his employment at the time of the wreck.

4. Accordingly, Craig Stephens' worker's compensation file is material and relevant to whether he was in the line of scope of his employment at the time of the wreck.

5. From the outset, Benton claimed this information was privileged but never made any attempt to support this alleged privilege it claim when it answered the Plaintiffs discovery on August 26, 2005.

6. Instead of simply providing a privilege log and supporting its privilege claim, Benton has undertaken every conceivable effort to delay and stall the Plaintiff's efforts to obtain Craig Stephens' worker's compensation file. Benton has never contended that it was not familiar with the legal requirements to assert a privilege claim. Therefore, there is no excusable reason to support its failure to make a proper showing to support its alleged privilege. And even if Benton claimed ignorance of the law, that is not a justifiable excuse in light of the prejudice to Mrs. Roby.

7. The trial date of this matter is thirty-nine (39) days away. Thus, Benton's motion to stay should be denied, since Benton has had numerous opportunities to provide a privilege log and to set forth evidence to support its alleged privilege, but inexcusably failed to do so.

8. In order to thwart Mrs. Roby attempt to discover the worker's compensation file, Benton filed a motion for protective order on November 23, 2005. Yet, Benton still did not provide a privilege log or provide the required evidentiary support to support a privilege claim.

9. Benton's motion to stays appears to be another attempt to hide relevant information concerning Craig Stephens' employment status and to delay the trial of this matter.

10. In light of the rapidly approaching trial date, if the court grants the motion to stay it will allow Benton to continue its sham defense, jeopardize the Plaintiff's ability to prepare for the trail, and further Benton's efforts to get the case continued. All of this could have been avoided, if Benton would have simply timely filed a privilege log and supported its alleged privilege claim, as the law requires.

11. The law is clear that any asserted privilege must fail if it is asserted in furtherance of a fraud. Hypothetically, the worker's compensation documents could show that Benton considered its driver in the line and scope of his employment at the time of the accident. If that is the case, Benton's motion for summary judgment on this issue and its entire defense has been a sham. The worker's compensation payments and settlement received by Craig Stephens' widow is further support that Benton may be marshaling a sham defense to avoid liability.

12. Since discovery is closed, Plaintiff will have no opportunity to conduct discovery needed to pierce the alleged privilege claim. Thus, Benton's discovery tactics are unduly prejudicial to the Plaintiff and will have worked to perfection if this stay is granted.

13. Defendant's inexcusable failure to provide a privilege log and provide evidence supporting its privilege has denied this Court the opportunity to review the documents and pierce the alleged privilege, if warranted.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion to Stay or in the alternative, require the Defendant to produce all documents that it claims are privileged to the Court to conduct an in camera review.

/s/ L. Boone
_____
LABARRON N. BOONE
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 (Telephone)
(334) 954-7555 (Facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record as shown below on this the 9th day of February 2006.

_____
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216