IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:05CV494-T |
| ) | |
| BENTON EXPRESS, INC., et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS &
MOTION TO SET ASIDE THOSE ORDERS**

COMES NOW the Defendant, Benton Express, Inc., and, pursuant to Rule 72 of the Federal Rules of Civil Procedure states the following objections to the Magistrate Judge's orders of January 31, 2006 (Doc. No. 71) and February 6, 2006 (Doc. No. 78) and moves the District Judge to set aside those portions of the orders that require Defendant to produce privileged documents.[1]  In support thereof, Defendant states as follows:

## PROCEDURAL HISTORY

This case arises out of an April 11, 2005 motor vehicle accident between Ronald Tyrone Roby and Craig Stephens.  Stephens was driving a Benton truck at the time of the accident.  Both persons involved in the accident were killed.  One of the issues in this case is whether Stephens was acting in the course and scope of his employment at the time of the accident.

---

[1] Defendant has previously filed a Petition of Writ of Mandamus to the Eleventh Circuit Court of Appeals on this issue.  Defendant now recognizes that said Petition may have been procedurally premature and is in the process of withdrawing it from the Court of Appeals.

1

Plaintiff served a request for production on Benton with the following pertinent requests, which include Benton's response:

> 62. Produce copies of any and all reports or documentation concerning this incident in this defendant's possession or that has been submitted to any insurance provider, worker's compensation provider, or any other entity concerning Mr. Craig Stephens' accident.
>
> RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude any meaningful response and seeks information that was prepared in anticipation of litigation and is protected by the work-product privilege, the attorney-client privilege, and the self-critical analysis privilege.
>
> 63. Produce any documentation relating to any worker's compensation insurance provided by Benton Express.
>
> RESPONSE: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous so as to preclude a meaningful response, not reasonably limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

[Doc. No. 35, p. 2-3]. Roby then filed a Motion to Compel with regards to the production of these workers' compensation documents. [Doc. 31-1].

Benton filed a Motion for Protective Order, noting that the Plaintiff had filed a claim for workers' compensation death benefits under Florida law, that the information requested was neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, and contained documents protected by the attorney-client privilege and/or work product doctrine. [See, Doc. No. 35].

Judge McPherson initially denied Plaintiff's Motion to Compel for essentially procedural reasons without reaching the merits of Benton's objection. [Doc. No. 37]. The judge also denied Benton's Motion for Protective Order on procedural grounds. [Doc. No. 60].

Plaintiff filed a Renewed Motion to Compel, correcting the procedural issues raised by Judge McPherson. [Doc. No. 40]. Plaintiff again asked Judge McPherson to compel the

2

production of "any and all information involving the workers' compensation claim of Craig Stephen's widow." [Doc. No. 40, p. 1]. Thus, this request was even broader than the Plaintiff's original request for production.

Benton also filed a Renewed Motion for Protective Order, asserting the same grounds and having corrected the procedural deficiency. [Doc. No. 63]. Judge McPherson set the matter for hearing on January 23, 2006, and following that hearing ordered the parties to supplement their positions with a brief on pertinent authorities. [Doc. No. 67]. Both parties filed briefs in accordance with that Order. [Docs. No. 68 & 70].

On January 31, 2006, Judge McPherson entered an Order granting Plaintiff's Renewed Motion to Compel. [Doc. No. 71]. That Order stated, in pertinent part:

> The court FINDS that the contents of the workers compensation file are "relevant to the subject matter involved in the action" (See Fed. R. Civ. Pro. 26(b)(1)), and that they are not subject to the restrictions articulated in Fed. R. Civ. Pro. 26(b)(2)-(i), (ii), or (iii). The document requests seek information that is therefore discoverable as defined in Rule 26. Accordingly, Benton must serve complete responses upon Roby unless its objections are meritorious.
>
> * * * *
>
> C. Information Prepared in Anticipation of Litigation; Protected by Privilege
>
> Although Benton contends that the documents sought were prepared in anticipation of litigation, there was no supporting evidence tendered to the court to support that conclusion. While it is true that the workers compensation file was ultimately involved in litigation, unless Benton contends that such files are always prepared in anticipation of litigation - and there was no such contention - there is no basis for the court's conclusion that the Stephens file was so prepared.
>
> The court has already noted that, with respect to Benton's objection based on work product and attorney-client privilege, the defendant did not comply with the requirements of Rule 26(b)(5).

[Doc. No. 71, p. 4-5].

3

Thus, for the first time since this discovery dispute arose, there was a court determination as to whether *any* of the documents requested would be discoverable under the general discovery rules requiring such information to be relevant to the case. Judge McPherson also relied upon the Alabama Supreme Court case of *Ex parte Cummings*, 776 So. 2d 771 (Ala. 2000) in support of her finding that Benton failed to properly file a privilege log as to the documents which it claimed were privileged or protected. [Doc. No. 71, p. 6-7].

Benton then filed a Motion to Reconsider, including a privilege log containing 30 documents claimed to be privileged, primarily because those documents were correspondence between Benton and its attorneys in the workers' compensation claim, but also included documents protected by the work-product doctrine. [Doc. No. 77].

Judge McPherson denied this motion on February 6, 2006. [Doc. No. 78].

## **OBJECTIONS & ARGUMENT**

Rule 72 of the Federal Rules of Civil Procedure provides that the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a). The portions of Judge McPherson's orders (Docs. No. 77 and 78) compelling Benton to produce privileged documents are due to be set aside because they are clearly erroneous and contrary to law.

Setting aside the orders is the appropriate remedy in this case because there is no other adequate remedy available. These objections attempts to protect the highly regarded principles of attorney-client and work product privilege. This protection cannot occur in the absence of an order setting aside Judge McPherson's orders. An appeal after the privileged documents have been produced would be inadequate to protect Benton's interests.

Under Rule 72, the district judge reviews objections to a magistrate's order based upon a clearly erroneous and contrary to law standard. In the instant case, Judge McPherson's orders are clearly erroneous and contrary to law because Benton did provide a timely privilege

4

log once the issue of the basic relevance of the workers' compensation file had been resolved. Benton was not required to provide a privilege log prior to that time.

Under Federal Rule of Civil Procedure 26, a party is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1). Benton initially challenged the overall discoverability of the workers' compensation file. Plaintiff's stated purpose for obtaining the workers' compensation file was for use of the file as an admission of liability, claiming that a settlement of the workers' compensation claim could be used to prove that Benton acknowledged that Craig Stephens was acting in the course and scope of his employment at the time of his accident. [Doc. 40, p. 1]. Thus, Benton challenged the relevance of the workers' compensation file for that purpose, and argued that *no part of the workers' compensation file was discoverable.*

Judge McPherson's implicit finding that Benton waived its right to assert the attorney-client privilege and/or work product doctrine was premised upon Rule 26(b)(5), which states:

> When a party withholds information **otherwise discoverable** under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). (Emphasis added). Thus, the express language of the rule only applies as to requested information which is "otherwise discoverable."

Here, Benton contended that *none* of the information requested regarding the workers' compensation file was discoverable. There was no ruling on that issue until January 31, 2006, the same date Judge McPherson implicitly found that Benton had waived its rights as to privileged documents. Only at that point would Benton have been withholding claimed privileged documents from "otherwise discoverable" information. Thus, only at that time did

Benton's obligation to provide a privilege log arise.

Both Plaintiff and Judge McPherson relied upon the case of *Ex parte Cummings*, 776 So. 2d 771 (Ala. 2000). Respectfully, that reliance is misplaced. To the extent that Alabama law is even persuasive on issues of federal procedural law, the *Cummings* case simply does not stand for the proposition claimed. In *Cummings*, the plaintiff filed an action for retaliatory discharge based upon allegations that she was treated in a hostile manner for maintaining a claim for workers' compensation benefit. *Cummings*, 776 So. 2d at 773. In the context of that retaliatory discharge case, the plaintiff requested production of the workers' compensation files maintained by her employer and the insurance carrier. The employer objected, based **solely** upon the grounds that the **entire file** was protected by attorney-client privilege and work product doctrine. *Id.* The plaintiff filed a motion to compel, which was denied by the trial court, and the plaintiff filed a petition for writ of mandamus.

On appeal, the Alabama Supreme Court addressed the sole issue of whether the employer had sufficiently demonstrated that the objectionable material was privileged. The employer did submit evidence regarding the type of materials contained in the workers' compensation file, but none that specifically demonstrated that those materials were attorney-client communications or were prepared in anticipation of litigation. *Id.* at 775. The court held that the employer had not satisfied its burden of establishing that the workers' compensation files were prepared in anticipation of litigation or contained privileged attorney-client communications. *Id.*

Judge McPherson improperly relied upon this holding in finding that Benton had waived its right to assert privilege by failing to provide a privilege log and failing to offer evidence of privilege. First, there is no comparable rule under the Alabama Rule of Civil Procedures to Federal Rule 26(b)(5). The Alabama Supreme Court used the federal rule for "guidance", but the holding was that the employer failed to prove the file was subject to privilege from

6

disclosure.  Here, Plaintiff has never suggested that the workers' compensation file does not contain privileged material.  Her motion to compel was not based upon any argument to that effect.  Benton has not been in a position to put forward evidence proving the portions of the file in its privilege log are attorney-client communications or were prepared in anticipation of litigation.  That is because at the stage of the hearing held by Judge McPherson, Benton contended that none of the file was subject to discovery, notwithstanding the existence of privileged material.

Ultimately, the primary basis for Judge McPherson's Order is that Benton did not file a privilege log.  However, as noted, Rule 26(b)(5) only requires a privilege log upon withholding of claimed privileged documents from "otherwise discoverable" information.  Thus, if Benton had determined that it was going to produce the workers' compensation file except for privileged materials, then a privilege log would have been required.  Until such time as the judge ordered that the workers' compensation file was generally subject to discovery, the production of privileged information was not at issue.

This position is supported by the Advisory Committee Notes to Rule 26(b)(5):

> The obligation to provide pertinent information concerning withheld privileged materials applies only to items "otherwise discoverable."  If a broad discovery request is made - for example, for all documents of a particular type during a twenty year period - and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege.  **If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should *then* be either produced (if not privileged) or described (if claimed to be privileged).**

Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes to 1993 Amendments.  (Emphasis added).

Under the example provided by the advisory committee, the obligation to produce a privilege log

7

only arises when the court determines that the requested documents are otherwise discoverable.

In this case, that occurred on January 31, 2006. Benton had objected to production regarding the workers' compensation file in its entirety as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Until January 31, 2006, the entire file fell into the category of a general objection, such as the objection to breadth discussed by the advisory committee.

Once Judge McPherson found that the workers' compensation file was relevant, Benton did, in fact, provide a privilege log in conjunction with its Motion to Reconsider. Plaintiff has not disputed that the privilege log contained proper information per the rule. Neither has Judge McPherson. The judge's February 6, 2006 Order merely denies Benton's motion "for reasons stated in the court's order entered on 31 January 2006." [Doc. 76]. However, Judge McPherson's ruling in the January 31, 2006 Order that Benton had violated Rule 26(b)(5) is clearly erroneous and contrary to law. Clearly, Benton had not violated that rule.

Further, note that Rule 26(b)(5) does not require the privilege log to be filed within a certain time period. At least one Circuit has held that there is no *per se* waiver under the rule. *See*, *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005). At least one District Court in this Circuit has followed that holding. *See*, *Universal City Development Partners, LTD. v. Ride & Show Engineering, Inc.*, 2005 U.S. Dist. LEXIS 21320 (M.D. Fla. 2005). Those courts would look at the issue on a case-by-case basis. *See also*, *United States v. British American Tobacco (Investments) LTD.*, 386 F.3d 884 (D.C. Cir. 2004)("[F]ailure to log, however, does not necessarily trigger waiver of privilege as a sanction...." """As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith.""" (Quoting *United States v. Phillip Morris, Inc.*, 347 F. 3d 951, 954 (D.C. Cir. 2003),

8

quoting *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995)).

In this case, Judge McPherson has ordered the production of materials which contain attorney-client communication and which were prepared in anticipation of litigation. Such an order, under these facts, violates the strong protection given to privileged materials.

> Because the attorney-client privilege promotes full and frank communication between those in need of legal assistance and their advocates, courts have long recognized the vital role privilege plays in the administration of justice. As candid attorney-client communications are therefore "worthy of maximum legal protection," it is expected that clients and their attorneys will "zealously" protect documents believed, in good faith, to be within the scope of the privilege.

*American Nat. Bank & Trust Co. v. Equitable Life Ass. Society*, 406 F.3d 867, 878-79 (7th Cir. 2005)(quoting *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3rd Cir. 1992)). (Other citations omitted).

Benton contested the production of the workers' compensation file in good faith. There was no unjustified delay or inexcusable conduct. The sanction of waiver of privilege undermines the purpose behind the existence of the privilege in the first instance.

## **CONCLUSION**

WHEREFORE, these premises considered, Benton respectfully petitions this Court to enter an Order setting aside Judge McPherson's prior orders requiring Defendant to produce documents protected by the attorney-client privilege and/or work product doctrine.

                            Respectfully submitted,

                            s/ Gregory A. Brockwell
                            BRETT A. ROSS (ASB-6771-O76B)
                            GREGORY A. BROCKWELL (ASB-9949-R49B)

                            Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:      bar@carrallison.com
             gab@carrallison.com

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of February, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                  s/ Gregory A. Brockwell
                                                  Of Counsel