IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 2:05CV494-T |
| BENTON EXPRESS, INC., et al, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S SECOND MOTION TO STAY**

COMES NOW the Defendant, Benton Express, Inc., and respectfully requests that this Honorable Court stay any action required under the trial court's orders of January 31, 2006 (Doc. No. 71) and February 6, 2006 (Doc. No. 78) during the pendency (and resolution) of Defendant's Objections to Magistrate Judge's Orders & Motion to Set Aside Those Orders (Doc. No. 90).

In support thereof, Defendant offers the following:

1.      There has been a dispute between the parties regarding the discovery of evidence of Stephanie Stephens' workers' compensation claim pending before the Court for several weeks. To resolve this dispute, Magistrate Judge McPherson entered an order (Doc. No. 71) requiring Defendant to produce its "complete workers' compensation file" on or before February 7, 2006. This order specifically required that Defendant produce any *privileged* documents contained in the file.

2.      On February 3, 2006, Defendant filed a motion to reconsider (Doc. No. 77) the order as it relates to privileged documents. Magistrate Judge McPherson has now entered an

order (Doc. No. 78) denying Defendant's motion to reconsider.

3. In accordance with the Court's orders, Defendant produced all non-privileged documents from its workers' compensation file on February 7, 2006. However, Defendant withheld the privileged documents contained in the file and instead produced a privilege log listing the privileged documents.

4. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Defendant has filed objections and a motion to set aside (Doc. No. 90) Judge McPherson's orders compelling Defendant to produce privileged documents.

5. It would severely prejudice Defendant to require it to produce privileged documents while the appeal is pending. Once the privileged documents are produced, the damage will be done. Requiring the privileged documents to be produced now would deny Defendant its appellate rights.

WHEREFORE, premises considered, Defendant respectfully requests that this Court stay any action required under the trial court's orders of January 31, 2006, and February 6, 2006, during the pendency and resolution of Defendant's Objections to Magistrate Judge's Orders & Motion to Set Aside Those Orders (Doc. No. 90).

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:  bar@carrallison.com
  gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of February, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                    s/ Gregory A. Brockwell
                                                    Of Counsel