IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV494-MHT |
| | ) | [WO] |
| BENTON EXPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 7 February 2006, the Alabama Department of Public Safety, a non-party, filed a

Motion to Quash the plaintiff's subpoena for the personnel file of Steve A. Stephens, a

former employee of the Alabama Department of Public Safety.  The time for discovery in this

case expired on 16 December 2005.  In addition, the court denied the plaintiff's Motion to

Extend Discovery Cut-off (Doc. # 42) by order entered on 19 December 2005 (Doc. # 48).


**I.  GENERAL CAUTION TO PARTIES**

Since this lawsuit was removed from the Montgomery County Circuit Court on 25

May 2005, the parties have filed at least 11 discovery motions.  For this case, with

experienced and multiple counsel representing the plaintiff and the defendants, that is

***excessive.***[1]

_____

[1]According to the complaint (Doc. # 1), the core facts underlying this personal injury action occurred
in approximately one hour on 11 April 2005.  Because of the details of the collision (one vehicle actually
falling on another), the incident was widely reported.  There is no scarcity of witnesses in this case, and there
is no question regarding the status of Stephens as an employee of the defendant (although his "agency" is in

Although the time for discovery expired on 16 December 2005 (See Doc. # 8), the court has considered and resolved motions beyond that time, contrary to its policy,[2] to assist the parties in preparing the case for trial. The attorneys appear to have failed, however, at least in this case, to develop a professional rapport conducive to securing discovery responses without judicial intervention. For example, it is *always* helpful to conduct a telephone conference before requesting information or documents which the answering party is likely to find objectionable to achieve anticipatory resolution of issues. There is ample evidence that counsel for the parties have not routinely done that in this case.[3]

Moreover, all experienced counsel simply know that personnel files of state employees are considered confidential by state agencies even if Alabama law does not require non-disclosure.[4] At least in practice, state agencies routinely attempt to withhold

---

dispute), the ownership of the vehicles, or the factual details of the incident (notwithstanding the dispute regarding whether Stephens was acting negligently). Moreover, because Ronald Tyrone Roby died in the collision, there is no dispute about the fact or extent of injuries to him or the expenses resulting from his injuries. No one questions Hazel Roby's status as the Administratrix of her husband's estate, and no one questions that Craig Anthony Stephens received workers compensation benefits while employed with the defendant. Finally, although the defendants pled contributory negligence in their Answer (Doc. # 2), because Hazel Roby is the plaintiff, the court is loathe to understand the basis of the defense. All of these factors combine to render a straightforward , non-complex factual basis. It follows that the aforementioned serial discovery disputes is more likely attributable to the parties' lack of mutual cooperation than to the need to decipher, parse, or otherwise articulate the facts.

[2]"Lawyers are reminded that discovery requests should be served more than 30 days prior to the cut-off date. Untimely discovery requests are subject to objection on that basis." *Guidelines to Civil Discovery in the Middle District of Alabama*, Section I-H.

[3]For example, the Guidelines provide that "[a] telephone call or letter is appropriate before filing a notice of deposition or motion to compel discovery." Of course, Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of this court's General Order entered on 22 November 1993 also require lawyers to make "a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in" discovery motions..

[4]See Ala. Code ss. 36-26-27.1, 36-26-44, 41-13-1.

personnel records, even in response to a subpoena, in the absence of a court order.[5]  In addition, *not every document in a personnel file* is relevant to any cause of action, including such inherently confidential documents as those related to medical diagnoses and treatment, marital difficulties, and discipline based entirely on internal issues.[6]  To the extent that lawyers fail to take the time to draft discovery requests narrowly  - i.e., in a manner designed to elicit only those documents that are relevant and specifically to exclude those which are not -  they *create* discovery disputes and therefore substantially compromise the court's ability to manage its docket.

This case involved a very serious vehicular collision and a tragic death; it is therefore not surprising that the issues will be vigorously litigated.  However, experienced counsel, well-versed in this court's policies and practices as well as the rules and principles governing discovery in federal courts, should have anticipated the discovery issues from the beginning and taken early steps to develop a plan of information exchange.  The mission of Rule 26(f) extends well beyond the mere provision of documents.  Rather, its drafters contemplated that the *process* of making initial disclosures would also aid the parties in designing a rapprochement that facilitates mutual discovery without serial objections, acrimony, or external management (read: the court).

---

[5]This court regularly approves and signs jointly submitted protective orders after private parties and state agencies have agreed before submission on the terms of disclosure.

[6]A personnel file *may* include detailed information about an employee's bankruptcy or even an AIDS diagnosis, both of which are confidential and neither of which may be relevant to the issues pursued. Moreover, Section 670-x-17-.03 of the Alabama Administrative Code requires that the following records be held confidential: applications for examination of persons who have not been employed; lists of eligibles who have competed successfully on examinations test materials such as written tests or forms or instructions which if known to an applicant might give him an advantage in competing for appointment or promotion.

Unlike some federal courts, discovery practice in the Middle District has not been characterized by the routine imposition of sanctions. The federal bar has traditionally conducted litigation in a manner reflecting a sensitivity to continuing professional relations and the need to contain litigation costs. While monetary sanctions may deter parties and lawyers from conduct which is improper or prejudicial, they also increase the cost of litigation, an end which this court is statutorily obliged to avoid. Counsel are reminded, however, that the court's reluctance to impose sanctions should not be construed as a bar to the measure, and in appropriate cases, the court will not hesitate to address conduct that is dilatory, unreasonable, or undertaken in bad faith.

## II.  CONCLUSION

Accordingly, it is ORDERED as follows:

1.      The Motion to Quash is GRANTED.

2.      The parties are DIRECTED to refrain from filing any further discovery motions, because the time for discovery, set forth in the Scheduling Order, and as affirmed by this court's order of 19 December 2005, has expired.

DONE this 13th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE