IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:05cv494-B |
| BENTON EXPRESS, INC., et al., | § § | |
| Defendants. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS AND MOTION TO SET ASIDE ORDERS OF MAGISTRATE JUDGE

Plaintiff originally filed her request seeking the worker's compensation file on June 13, 2005. On August 26, 2005, Plaintiff's request was met by Benton's objections, which claimed work product and attorney client privilege. Based on F.R.C.P. 26(b)(5), Benton was required as follows:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Benton failed to comply with the Federal Rules of Civil Procedure by not immediately providing a privilege log and supporting its privilege claims. Thus, Defendant's motion should be denied.

Plaintiff filed her original Motion to Compel on November 17, 2005. Based on guidance from the Court, the Plaintiff contacted the Defendant and tried to further resolve

these matters without the intervention of the Court. (See Exhibit A). Defendant once again refused to produce the worker's compensation file. Thus, Plaintiff refiled her Motion to Compel on December 5, 2005. Both the original Motion to Compel and Plaintiff's Renewed Motion to Compel were filed before the discovery cutoff. Between the time Plaintiff filed her original Motion to Compel and her Renewed Motion to Compel, Defendant Benton filed a Motion for Protective Order on November 23, 2005. The Court granted Plaintiff's Motion to Compel on January 31, 2006. At no time prior to the Court's entry of its Order compelling Benton to produce the worker's compensation file did it comply with the dictates of the law, which requires it to file a privilege log and to provide evidentiary support for its privilege claim. See *Ex parte Rebecca Cummings v. Martin Industries,* 776 So. 2d 771 (Ala. 2000).

Benton states in its Motion for Protective Order that it first received the complete worker's compensation file on February 2, 2006. (See Exhibit B; Affidavit of Gregory A. Brockwell, paragraph 3). If that is true, Benton had no basis for its original objections to Plaintiff's discovery filed on August 26, 2005, the Motions for Protective Orders filed on November 23, 2005, and January 13, 2006, and in its oral argument before this Court. It is clearly an abuse of the discovery process to claim that documents in the worker's compensation file are privileged and protected under attorney-client and/or work product without ever having reviewed the file. Accordingly, Plaintiff has been irreparably harmed and unduly prejudiced[1] by Benton's inexcusable delay since discovery is closed.

---

[1] Defendant's inexcusable failure to provide a privilege log contrary to F.R.C.P. 26(b)(5) and *Ex parte Cummings* is unduly prejudicial to the Plaintiff on following grounds: (a) since discovery is closed, Plaintiff will have no opportunity to conduct discovery needed to pierce any alleged privilege; (b) Defendant's inexcusable failure to provide a privilege log and provide evidence supporting its privilege has denied the Court the opportunity to conduct an in camera review the documents and pierce the alleged privilege, if warranted.

(Exhibit C, Docket 95, Court's Order denying Plaintiff's motion for in camera review). It would be unjust to punish the Plaintiff, who filed her request in a timely manner, because of Benton's inexcusable delay. (Exhibit Docket#95, Court's Order). The Supreme Court of Alabama's holding in *Ex parte Rebecca Cummings* requires Benton to produce the complete worker's compensation file since it did not provide a timely privilege log or evidentiary support for its alleged privilege. Id. at 774-775 (*holding that to avoid or curtail discovery [Benton] needed to establish that the requested files were prepared in anticipation of litigation or that they included communications to or from attorneys for Martin or JRH Risk respectively*). Accordingly, Benton's claims of work product and attorney client privilege are "only bare assertions not supported by the evidence" at the time discovery closed. *Id. at* 775.

Based on the applicable statutory and case law, this Court should deny Benton's motion to stay.

/s/ LaBarron N. Boone
LABARRON N. BOONE
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 (Telephone)
(334) 954-7555 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record as shown below on this the ___17th___ day of February 2006.

_____
OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216