**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     CIVIL ACTION NO.: 2:05CV494-MHT <br> ) |
| BENTON EXPRESS, INC., et al, | ) <br> ) |
| Defendants. | ) |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on February 22, 2006, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

**Plaintiff**: Hazel M. Roby, as Administratrix of the Estate of Ronald Tyrone Roby. Represented by Jere L. Beasley, LaBarron N. Boone, Julia A. Beasley and Cole Portis.

**Defendant**: Benton Express, Inc., represented by Brett A. Ross and Gregory A. Brockwell.

2. **JURISDICTION AND VENUE:**

There is complete diversity between the parties, and the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in the U.S. District Court for the Middle District of Alabama, Northern Division, as this district and division contains the location of the subject accident.

3. **PLEADINGS:**

The following pleadings and amendments were allowed:

     a.      **Complaint**

b.    **Answer**

c.    **First Amended Complaint**

d.    **Defendant has not yet filed an answer to the First Amended Complaint because its dispositive motion regarding the claims stated in said Amended Complaint remains pending before the court.**

4.    **CONTENTIONS OF THE PARTIES:**

a.    **The Plaintiff:**

The Plaintiff states a claim for wrongful death pursuant to Ala. Code § 6-5-410 (1975). The Plaintiff contends that her decedent, Ronald Tyrone Roby, was killed as the result of a motor vehicle accident on April 11, 2005, involving a car driven by Mr. Roby and a tractor-trailer owned by Defendant and driven by Defendant's employee, Craig Stephens. Benton Express hired Craig Stephens as a truck driver on January 26, 2004. On Friday April 8, 2005 Craig Stephens left Benton Express Pensacola terminal for Atlanta. In Atlanta, he was to pick up his load and return to Pensacola by Monday morning April 11,2005. Craig Stephens route was to go from Pensacola to Montgomery then on to Atlanta. He returned to Pensacola, his base terminal, from Atlanta the same way. Craig Stephens picked up his load in Atlanta. During Craig Stephens return trip from Atlanta, several motorists also traveling on I-85 south called 911 and reported to authorities that he was driving erratic.

Sometime thereafter, the Benton Truck driven by its employee Craig Stephen entered downtown Montgomery at a high rate of speed. As he approached the I-85/I-65 south interchange at a high rate of speed, he failed to navigate the curve and hit the guardrail. The Benton Express truck exploded into flames and fell some 50 feet into unsuspecting traffic on I-65 South. Tragically, Mr. Ronald Roby was on I-65 south on his way back home to pick up his daughter and take her to school, after dropping his wife and son off at work. The

2

burning Benton truck driven by Craig Stephens either landed on top of or in the path of the vehicle driven by Ronald Roby.  Accordingly, the Plaintiff contends that Craig Stephens negligently or wantonly caused the accident and therefore caused Mr. Roby's death.  The Plaintiff contends that Defendant is liable for the actions of Craig Stephens under the doctrine of vicarious liability.  The Plaintiff also contends that the corporate Defendant was negligent or wanton for failing to properly train and supervise, its driver and for failing to enforce its safety policies.  Additionally, Plaintiff contends that the corporate Defendant was negligent or wanton for failing to have and enforce a driver communications policy and for failing to have a system in place to track its trucks.  The Plaintiff contends that had a communications or tracking system been in place, the subject accident could have been prevented.

      b.  <u>The Defendant</u>:

The Defendant denies that Craig Stephens was acting as its employee at the time of the accident and therefore denies that it is liable for the accident under the doctrine of vicarious liability.  Defendant asserts that Craig Stephens abandoned and/or deviated from his employment prior to the accident occurring.  Mr. Stephens deviated from his route in both time and geography.  Defendant also asserts that it acted as a reasonable and prudent motor carrier at all times, including once it learned that Craig Stephens was AWOL.  Defendant denies that Craig Stephens caused the accident.  Finally, Defendant denies that it is under a legal duty to communicate with its drivers and track its trucks and, even assuming it does have such a duty, Defendant denies that it breached said duty or that any such breach caused the accident.

      5.  <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

The parties are considering stipulations regarding the authenticity and the business record status of several documents.  However, the parties have not yet been able to reach a final agreement in such stipulations.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two (2) days, are set for March 20, 2006, at 10:00 a.m., at the Frank M. Johnson, Jr. United States Courthouse complex, Courtroom 2E, One Church Street, Montgomery, Alabama, 36104.

(2) The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by March 15, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

4

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 23rd day of February, 2006.


   /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE