IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

### DEFENDANT'S MOTION IN LIMINE NUMBER 1 (TO PRECLUDE IMPROPER REMARKS ABOUT DEFENDANT'S COUNSEL)

COMES NOW the Defendant, Benton Express, Inc., and moves the Court, in limine, for an Order precluding improper remarks about Defendant's counsel, showing as follows:

Defendant will be represented at trial by attorneys from the law firm of Carr, Allison. Defendant requests the Court to forbid the Plaintiff's counsel from making any direct or indirect references during trial about the size of the law firm of Carr, Allison.

Appeals to the jury's biases about counsel are "so inherently improper" that no verdict may stand that is based "in any degree" on such appeals. Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534, 541 (2d Cir. 1992); see, e.g., Westbrook v. General Tire Rubber Co., 754 F.2d 1233, 1238-39 (5th Cir. 1985) (finding that counsel's "us-against-them" appeal to community loyalty constituted an "[i]mproper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial"); Hall v. Freese, 735 F.2d 956, 960-61 (5th Cir. 1984) (reversing lower court in part because defense counsel created clear prejudice when it commented to jury that plaintiff and her

attorneys had "flown in" from large city); Smith v. Travelers Ins. Co., 438 F.2d 373, 375-76 (6th Cir. 1971) (noting "extremely poor taste" of counsel's comments that defendant's lawyers were "city lawyers" and "Philadelphia lawyers").

The Plaintiff's counsel should not be permitted to refer to the size of Carr, Allison. The size of the law firms in which Defendant's counsel practice is irrelevant to the trial of this case. Federal law holds that such improper argument may be the basis for a new trial even where no objection has been raised. Hall at supra, 735 F. 2d 956 (5th Cir. 1984). The courts have held that statements that serve no other purpose than to unfairly prejudice the jury are impermissible, and that there admission would implicate the granting of a new trial. Id. at 961. Any comment regarding the size of Carr, Allison would serve no purpose except to potentially prejudice the jury against Defendant.

Federal Courts have set aside jury verdicts on the basis of improper comments by counsel, including statements that opposing counsel was from a large city and regularly handled serious, high-exposure cases. See, e.g., Hall v. Freese, 735 F. 2d 956 (5th Cir. 1984)(holding that attorney's disparaging remarks including those regarding opposing counsel's size and locality where grounds for a new trial). Similarly, any statements regarding size or financial composition of the law firms which represent Defendant should not be permitted here.

Defendant is entitled to a fair trial on the merits. The size of the firms that represent Defendant is irrelevant to any issue in this case. These issues are only relevant to qualify the jury during voir dire. Any further reference by the Plaintiff's counsel to such issues would be an obvious appeal to the jury's biases. Therefore, the Court should preclude Plaintiffs' counsel from referring in any way to the size of Defendant's counsel's law firm.

        Respectfully submitted,


        s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:    bar@carrallison.com
            gab@carrallison.com


## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


        s/ Gregory A. Brockwell
        Of Counsel