IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 2
(TO PRECLUDE IMPROPER REMARKS ABOUT DEFENDANT'S
CORPORATE OWNERSHIP, SIZE, OR FINANCIAL STATUS)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding improper remarks about Defendant's corporate status and all evidence of and reference to Defendant's financial status, showing the Court as follows:

The Plaintiff may attempt during trial to make improper remarks about Defendant's corporate status and to present evidence of Defendant's annual revenues and net worth during the liability phase of the trial. This Court should not permit the Plaintiff to make improper remarks about Defendant's corporate status. Nor should this Court permit the Plaintiff to present evidence of or make reference to Defendant's financial position during the trial's liability phase. Federal law clearly precludes the admission of such evidence. Indeed, the introduction of improper remarks about Defendant's corporate status and financial position would serve only to prejudice the jury against Defendant and to confuse the relevant issues in this case. Such remarks and evidence raise a possibility that the jury would reach a liability verdict against Defendant based on its status instead of a fair and impartial consideration of the evidence.

It has been long settled that Federal law precludes arguments to the jury that suggest the standard of justice differs for individuals and corporations. See Washington & G. R. Co. v. Patterson, 9 App. D.C. 423 (1896); Garcia v. Sam Tanksley Trucking, Inc., 708 F.2d 519 (10th Cir. 1983). Such statements serve no purpose but to inflame the jury to the prejudice of a party that happens to be a corporation. Washington at supra.

In Washington, the plaintiff's counsel stated that opposing counsel were hired by the "rich corporate" defendant to defeat every claim brought against it. Id. The trial court permitted the argument, but in reversing the lower court, the D.C. Court of Appeals, setting federal precedent, held that such remarks were "improper, and the court should interpose to prevent any possible influence the remarks may have on the minds of the jurors." Id. at 430.

Similarly, the Alabama Supreme Court has also found "improper," "highly prejudicial," and "irrelevant," the argument that "'[a] corporation . . . is a legal entity . . ., but it's not a human being. It has no conscience.'" Southern Life & Health Ins., 518 So. 2d at 80-81. Arguments like these are completely irrelevant and only serve to prejudice the jury against the corporate defendant. A corporation is a defendant that clearly "is entitled to fair and equal treatment if it is a party to the litigation." Chrysler Corp. v. Hassell, 280 So. 2d 102, 106 (Ala. 1973)

"'One of the highest functions of our courts, organized as they are for the fair and impartial administration of justice, is to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box.'" Id. at 106-107 (citation omitted).

Accordingly, the Court must prohibit all improper commentary in the jury's presence regarding Defendant's corporate status. Any such comments will serve no purpose other than to diminish Defendant's right to fair and equal treatment.

Evidence of Defendant's wealth or profitability is not relevant to whether Defendant is liable to the Plaintiff. See Fed. R. Evid. 402. Moreover, the long-standing Federal rule is that evidence of, or reference to, a defendant's wealth or profitability is generally inadmissible

during trial because it is highly prejudicial.  See Metropolitan Life Ins. v. Banion, 106 F. 2d 561(10th Circuit 1939) cert dsmd 309 U.S. 691. Only when such evidence is substantially probative to a material issue in the case; or the defendant "opens the door" to an inquiry regarding its wealth during trial by introducing or alluding to such evidence, is it admissible. See 15 Am Jur Damages § 346.

      The Courts have long recognized that the issues of liability for damages, or entitlement to damages, must validly be determined by the rules of legal liability applicable, and not upon the economic condition of either party, or the degree of burden that might result from a verdict or judgment. Washington at supra. Although Alabama no longer prohibits financial status evidence for the punitive damages phase of a trial, evidence of this kind continues to have no place in the liability phase. See Am Jur Damages § supra.  In fact, by allowing the admission of financial status evidence in the punitive damages phase, the courts have implied that is should continue to be excluded from the liability phase. Id.  Thus, this Court should preclude any evidence of or reference to Defendant's size or financial status during trial.

      For these reasons, Defendant respectfully requests the Court grant its Motion in Limine to exclude improper remarks about corporate status and all evidence of and reference to its financial status during the liability phase of the trial because such remarks and/or evidence will cause extreme prejudice to Defendant and will enhance the likelihood the jury will base its verdict on prejudice rather than a fair and impartial consideration of the evidence.

                        Respectfully submitted,

                         s/ Gregory A. Brockwell
                        BRETT A. ROSS (ASB-6771-O76B)

                        GREGORY A. BROCKWELL (ASB-9949-R49B)

                        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:       bar@carrallison.com
                  gab@carrallison.com


**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


                                                  s/ Gregory A. Brockwell
                                                  Of Counsel