IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 3 (TO EXCLUDE EVIDENCE OF OR REFERENCE TO THE EXISTENCE OF DEFENDANT'S INSURANCE COVERAGE OR ITS LIMITS)**

COMES NOW the Defendant, Benton Express, Inc., and moves the Court, *in limine*, for an Order precluding improper remarks regarding its insurance coverage or its policy limits, showing as follows:

During the trial of this case, it is possible that the Plaintiff may refer to insurance coverage available to Defendant. The existence of such coverage or the policy limits applicable simply have no relevance to this matter. Rather, the only possible use of such evidence is to unfairly prejudice Defendant in the eyes of the jury. Accordingly, any evidence of or reference to the existence of Defendant's insurance coverage or its limits must be excluded from these proceedings.

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411; see also Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982); Kiernan v. Van Shaik, 347 F.2d 775 (3rd Cir.1965)(holding that the trial court was correct in barring statement containing

reference to insurance on relevancy and public policy grounds); <u>Bowie v. Sorrell</u>, 1113 F.Supp. 373, (D.C. 1953)("that evidence as to insurance coverage is inadmissible and prejudicial to defendant and the admission of such testimony or argument of counsel disclosing insurance coverage is reversible error.")

The Federal Courts recognize that "evidence directly or indirectly showing or tending to show that the defendant in a personal injury or death action carries liability insurance, protecting himself against liability to third persons on account of his own negligence, is not admissible." 29 Am Jur 2nd Evidence § 487(citations omitted). Of the rationales supporting the general exclusionary principle, the most prevalent is that the mention of insurance coverage will induce juries in close cases to opt for a finding of liability, where otherwise they might find non-liability, out of sympathy against a defendant not thought personally responsible for paying any judgment. 29 Am Jur 2nd Evidence § 484.

Thus, evidence of or reference to the existence of Defendant's insurance coverage or its limits should be excluded because it is irrelevant, unfairly prejudicial, and would confuse the issues and mislead the jury.

The only possible purpose for introducing such evidence would be to convince the jury of the ability of Defendant to pay a large damages award. Under well-settled Federal law, that is not a valid consideration for the jury. Given the established precedent in this area, all evidence of or reference to the existence of Defendant's insurance coverage or its limits should be excluded.

Based on the foregoing reasons, Defendant respectfully requests that the Court exclude from trial any evidence of or reference to the existence of the company's insurance coverage or limits of any such coverage.

        Respectfully submitted,

         s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)
        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:     bar@carrallison.com
            gab@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

         s/ Gregory A. Brockwell
        Of Counsel