IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

### DEFENDANT'S MOTION IN LIMINE NUMBER 4
### (TO PRECLUDE EVIDENCE OF NEWS ACCOUNTS OF ACCIDENT OR CONCERNING STATUS OF DOT ENFORCEMENT IN ALABAMA)

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any documents, exhibits, testimony, references, arguments or other implication regarding televison, print media, radio or other news accounts of the subject accident in particular or pertaining to the status of enforcement of motor vehicle laws in general, showing as follows:

The subject accident was highly publicized in the Montgomery area media at the time of its occurrence.  Furthermore, the trial of this matter comes at a time when several news outlets, most notably the Birmingham News, are reporting that the enforcement of traffic laws and regulations applicable to tractor-trailer rigs is lacking, resulting in the State of Alabama having among America's highest accident and fatality rates.  Such evidence is irrelevant, immaterial and prejudicial hearsay and should be excluded.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.*  Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401.

The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.) Evidence pertaining to news accounts of the subject accident are not relevant or material where evidence from actual witnesses to the events will be offered at trial. More importantly, evidence pertaining to the rate of accidents in the State of Alabama as compared to other states or the level of enforcement in Alabama do not tend to make any relevant fact more or less likely to be correct and thus, have absolutely no probative value in this matter. It is expected that plaintiff's counsel will seek to introduce these articles in the hopes of inflaming the jury on the trucking industry in general since they lack such evidence about Benton Express specifically. Such an argument is not material to the accident at issue in this case and is improper. If this case and this defendant are to be judged by the events and conduct for which they, as opposed to others, may have some responsibility, then such evidence and arguments must be excluded.

In addition, evidence related to such media accounts would unfairly prejudice, confuse, or mislead the jury and should, therefore, be excluded from evidence. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to

information or testimony that has virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> 752 F.2d 595 (11th Cir. 1985). Additionally, where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.,</u> 203 F.3d 1202 (10th Cir. 2000); <u>Ruffin v. City of Boston</u>, 146 Fed. Appx. 501 (1rst Cir. 2005). Sensationalized news accounts related to this accident or to a compilation of statistics from other accidents would clearly prejudice the jury while providing little insight into the events which give rise to this case. As such, that evidence must be excluded under Rule 403.

    Newspaper articles are also inadmissible are inherently unreliable and inadmissible hearsay. Ostensibly, the news articles which the plaintiff would introduce or reference (regarding the subject accident or the trucking industry as a whole) would be offered to prove the truth of the matters therein, i.e., the who, what, where, and when of the accident or the industry. As such, the articles are hearsay, and they do not fall within any exception to the hearsay rule. Fed. R. Evid. 801, 802, 803; <u>see</u> <u>also</u> <u>United States v. Baskes</u>, 433 F. Supp. 799, 801 (N.D. Ill. 1977) (holding that copies of newspaper and magazine articles "are clearly inadmissible"); <u>Hallman v. Reynolds Metals Co.</u>, 2000 U.S. Dist. LEXIS 8610, *31, n.4 (N.D. Ala. 2000) (stating "newspaper articles are indisputably hearsay"). Thus, any news articles must be excluded from trial.

    For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's Counsel from eliciting testimony, introducing documents, arguing, referencing, or implying anything regarding any news reports about the subject accident or the status of law enforcement of motor vehicle laws and regulations.

       Respectfully submitted,


       s/ Gregory A. Brockwell
       BRETT A. ROSS (ASB-6771-O76B)
       GREGORY A. BROCKWELL (ASB-9949-R49B)

       Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:    bar@carrallison.com
          gab@carrallison.com


## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


       s/ Gregory A. Brockwell
       Of Counsel