IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 5
(TO PRECLUDE REFERENCE OR TESTIMONY OF PENDING OR SETTLED CLAIMS FOR DAMAGED FREIGHT)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any reference to, or testimony of, all pending, or settled, claims against Benton Express, Inc., for freight damaged in the accident central to this case, as immaterial, irrelevant, unfairly prejudicial, and in violation of the federal evidentiary preclusion of evidence of comprise and offers to compromise, showing as follows:

During trial, the Plaintiff may attempt to reference pending or settled claims for the freight damaged in the accident central to this litigation. Pursuant to the Defendant's company policy and internal protocol, some of these property claims have been settled without admission by the Defendant of fault or liability. Because these claims have been settled only as part of the Company's standard procedure, any evidence or testimony thereof would have no bearing on the issues to be decided in the present case.  Therefore, this Court should not permit the Plaintiff to reference or elicit testimony of any damaged freight claims, pending or otherwise, as any such testimony or reference would be immaterial and irrelevant, and would only tend to unfairly prejudice and mislead the jury, and act contrary to public policy with

regard to offers of compromise. The Federal Rules of Evidence clearly preclude such testimony since it is of significantly little probative value, and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial. Furthermore, admission of this evidence would violate the evidentiary safeguards provided by the Federal Rules of Evidence for the preservation and protection of extra-judicial compromise and offers of compromise.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. Smith v. State, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

As it relates to the claims for the damaged freight, there exists no material or relevant purpose for which the information could be offered, since such evidence would have no tendency to make the existence of a fact of consequence to the determination of liability more or less probable. Because any reference or testimony of the damaged freight claims would not tend to prove any material or relevant issue of the case, any effort to elicit such testimony, or reference, would be a clearly improper attempt by the Plaintiff to unfairly prejudice the jury by implying an admission of liability or fault through the Defendant's extra-judicial settlements and compromises. Since the only obvious purpose for offering such testimony would be blatantly improper, it should be excluded.

Additionally, testimony of the settled damaged freight claims would violate the prohibition against evidence of compromise or offers to compromise articulated in Federal Rule of Evidence 408. Offers of compromise have historically been excluded under federal common law. *See 1 McElroy's § 188.01(1). Cf. Fed. R. Evid. 408.* This general exclusionary principle is expanded in Rule 408 to include offers to compromise, completed compromises and conduct and statements made in the course of compromise negotiations. *Fed. R. Evid. 408.* The Rule reads in pertinent part:

> *Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.*

*Fed. R. Evid. 408.* As stated above, because there is no other valid purpose for which this testimony can be offered, it is obvious that any attempt to elicit such testimony would be nothing more than an effort to influence the jury by suggesting that the Defendant's settlement of the property damage claims equates, or implies, an admission of liability. Because such use of this evidence is clearly prohibited by the rules, the testimony of settled or pending freight damage claims should further be excluded. <u>United States EEOC v. W & O Inc.</u>, 213 F.3d 600 (11th Cir. 2000).

Furthermore, reference to, or testimony of, the damaged freight claims would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403, since it is of very little probative value, but yet highly prejudicial to the Defendant. *Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or

testimony that has virtually no other purpose but to create unfair prejudice against the opposing party, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. United States v. Dorman, *752 F.2d 595 (11th Cir. 1985).* Where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have similarly held that such evidence should be excluded. U.S.C.A. Koch v. Koch Industries, Inc., *203 F.3d 1202 (10th Cir. 2000);* Ruffin v. City of Boston, *146 Fed. Appx. 501 (1rst Cir. 2005).* Because testimony of the settled or pending damaged freight claims could easily confuse or mislead the jury as to the issues to be decided, testimony of such should be excluded pursuant to the Rules of Evidence.

For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's counsel from making any reference to, or eliciting testimony of pending or settled damaged freight claims arising out of the subject accident of this litigation, as such evidence is immaterial, irrelevant, unfairly prejudicial, and in violation of the evidentiary prohibition against evidence of compromise and offers to compromise.

Respectfully submitted,

s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)

GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:     bar@carrallison.com
            gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                     s/ Gregory A. Brockwell
                                                     Of Counsel