IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, § § § § | |
| Plaintiff, § | |
| v. § § | CIVIL ACTION NO. 2:05cv494-B |
| BENTON EXPRESS, INC., et al., § § | |
| Defendants. § | |

### PLAINTIFF'S REQUESTED MOTION IN LIMINE

COMES NOW the Plaintiff in the above-styled matter and hereby moves this Court for an order in limine prohibiting the Defendant, defense counsel, or any witness from offering, alleging or implying to the jury the concerning or relating to the following:

1.  Any and all evidence or testimony, referenced directly or indirectly, regarding illegitimate children and any actions pending to determine the paternity of any such children. Any such testimony would be irrelevant, immaterial, and unduly prejudicial.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rules of Evidence 401. Irrelevant evidence lacks probative value and is properly excluded. Federal Rules of Evidence 402. Under Alabama's Wrongful Death Statue, damages for wrongful death are purely punitive. Accordingly, there is no probative value that would make evidence of illegitimate children probative in this matter. Furthermore, such evidence is irrelevant. Any such evidence has an enormous potential to prejudice and mislead the jury. Evidence is properly excluded when its probative value

substantially outweighs a biased potential for unfair prejudice and its tendency to confuse issues and mislead the jury. Federal Rules of Evidence 403.

Here, not only is there no probative value as to whether Mr. Roby had illegitimate children, it is easy to see how such an argument will create prejudice.

2. Any and all testimony by the Defendant alleging contact with any state, city or local authorities. Whether or not the Defendant contacted state, city, or local authorities is irrelevant to any issue in this case. The issue in this case is whether or not Benton's driver, Craig Stephens, deceased, was in the line and scope of his employment. If in the line and scope of his employment, Benton is liable for this wreck. Whether Benton Express called the authorities to report him missing is irrelevant and immaterial to any issue in this case. Any such testimony would be irrelevant, immaterial, and unduly prejudicial.

Plaintiff's motion in limine for an order precluding evidence of or a reference to, BOLO reports or the Atlanta police report, findings or investigations, is due to be granted on the grounds (1) they are inadmissible hearsay, (2) there are no grounds for taking judicial notice of the reports, and (3) the marginal relevance of such documents is outweighed by the extreme prejudice and the risk that such evidence will mislead and confuse the jury and be an unnecessary waste of time. Plaintiff would ask that this Court order that any party, witness, expert, or counsel, prior to mention of such evidence, confer with the Court as to its admissibility, to avoid "ringing of the bell."

The BOLO report and the Atlanta overdue motorist report contains inadmissible hearsay. These materials are out of court statements that Benton may invariably proffer to prove the truth of the matters asserted. As such, they constitute hearsay and are inadmissible. Federal Rules of Evidence 802. Some of the reports contain multiple layers of hearsay in the form of the person

2

making the report noting information from a Benton employee who was relaying information gathered from other sources.

The Atlanta overdue motorist report was not filed until the day of the wreck based on the officer who took the report. The officer believed that it was not filed until the day of the wreck because the Benton employee, Mr. Jones, did not have all the necessary information to complete the report. Accordingly, this report was completed after the wreck occurred. [Especially since some of the information was apparently gathered after the wreck occurred on Monday. (Stapler dep. p. 15, line 23, p. 16, line 3. Certainly any information gathered by the officer after the wreck would be suspect. Hence the report is unreliable and contains double hearsay. As set forth below, these reports also do not fall within any exception to the hearsay rule. Furthermore, §32-10-11 of the Code of Alabama, 1975 as amended, states that no accident report shall be used as evidence in any trial, civil or criminal, arising out of an accident. . . . Not only are such reports held inadmissible by statute, the Alabama Supreme Court has held that police reports are inadmissible hearsay. *Plenkers v. Shapell,* 427 So. 2d 41 (Ala. 1982). More importantly, Federal Rules of Evidence 803 (8) provides in pertinent part "records, reports, statements, or data compilations in any form, of public offices or agencies setting forth [A]. . . . or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report. . . unless the source of information or other circumstances show their lack of trustworthiness. These reports filed by Benton are inherently biased and are not trustworthy. In short, these reports were made by Benton to cover their rear in case something went wrong. More importantly, some of the information contained in the overdue motorist report may have been provided after the wreck had already occurred. Thus, any public records exception to hearsay prohibition fails in this case because of the inherent untrustworthiness of the reports.

Whether Benton filed BOLO reports or even if they had filed a stolen vehicle report, which they did not, this information would be clearly immaterial, irrelevant, and unduly prejudicial under Federal Rules of Evidence 401 and 403. The main issue in this case is whether Craig Anthony Stephens, the Benton Express driver, was operating the vehicle in the line and scope of his employment. What, if anything, Benton did as it relates to making reports to the state or local authorities has no relevance to whether or not he was in the line and scope of his employment. The law is absolutely clear that an employer is responsible for the actions an employee, if the act complained of occurred in the line and scope of their employment even if their acts were contrary to Benton's instructions, violated a rule or policy of Benton, or even if it was expressly forbidden. *Pryor v. Brown & Root,* 674 So. 2d 45 (Ala. 1996). Accordingly, this BOLO report or overdue motorist report should be excluded since it does not make more probative or less probative any issue in this case and it contains double hearsay and is untrustworthy.

    3. Any and all any evidence of a phantom vehicle. The Defendant does not have any credible evidence that a phantom vehicle played a role in this case. Accordingly, the Defendant should be excluded from providing any testimony or evidence, or any reference, directly or indirectly concerning a phantom vehicle would simply confuse the jury.

Any evidence offered by Benton Express concerning a phantom vehicle would be misleading and confusing to the jury under Federal Rules of Evidence 403. Moreover, such evidence is not relevant, is immaterial, and should be excluded pursuant to Rule 401 of the Federal Rules of Evidence. Benton's accident reconstructionist stated he had no reliable evidence of a phantom vehicle. (S. Stephens dep. p. 88; lines 10-21; p. 113, line 25 – p. 114, line 14).

4

4. Any and all evidence or testimony concerning Department of Transportation (DOT) Enforcement. DOT enforcement is not an issue in this case. Any evidence or issues concerning DOT enforcement or what goes into a DOT enforcement case is immaterial and irrelevant to any issue before this case. The issue is whether Craig Stephens, deceased, was in the line and scope of his employment at the time of this wreck. Whether this case would have resulted in DOT enforcement is clearly not an issue before this Court and would solely be offered to confuse the jury on a matter that is irrelevant to this case at hand. See Plaintiffs Motion to Exclude parts of Tynes' testimony.

Likewise, pursuant to Rules 401 and 402 of the Federal Rules of Evidence, the criteria concerning DOT compliance and enforcement procedures are totally irrelevant in this case. Additionally, as set out further in Plaintiff's Motion to Exclude the testimony of Mr. Tynes, this evidence would be unduly prejudicial, confusing, and a waste of time. Mr. Tynes, Benton's expert, specifically states that he is not here to give any opinions concerning whether Mr. Craig Stephens was in the line and scope of his employment, but whether or not DOT enforcement would have occurred in this case. (Tynes dep. p. 66, line 19 – p. 67, line 1; p. 151, line 19 – p. 152, line 1). Accordingly, this testimony should be excluded under Federal Rules of Evidence 403. What Benton is really trying to do is infer that since DOT would not levy monetary fines against Benton for Craig Stephens' act, thus the jury should also conclude that Craig Stephens was not operating the vehicle in the line and scope of his employment. One does not begat the other. DOT enforcement, based on the eight-point criteria set forth by Mr. Tynes in his deposition has nothing to do with whether an employee was in the line and scope of his employment at the time of a wreck. The two criteria are completely different.

5. Any and all evidence relating to any alleged criminal record of the decedent,

Ronald Tyrone Roby, or his widow, Hazel Roby, the Plaintiff. Any such testimony will be unduly prejudicial and furthermore is totally irrelevant to any issue in this case.

Under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action and conformity therewith. Since this is a wrongful death case, any such evidence would be totally immaterial and irrelevant to any issue in this case under Federal Rules of Evidence 401 and 402.

6.  Any testimony, evidence, reference, directly or indirectly, that the vehicle was stolen. The acts of Craig Anthony Stephens and his supervisor show that the defendant never thought that Craig Anthony Stephens had stolen the vehicle. This information is highly prejudicial and misleading, immaterial and irrelevant to any issue in the case. The issue in this case is whether Craig Anthony Stephens was acting in the line and scope of his employment at the time of this wreck. Defendant should not be able to make unsupported allegations that they thought Craig Anthony Stephens had stolen the vehicle when Craig Anthony Stephens' actions and his direct supervisor's actions clearly refute that.

Under Rule 403, evidence that the vehicle was stolen would be unduly prejudicial and misleading. Furthermore, it is not supported by the great weight of evidence in this case. Mr. Craig Stephens' direct supervisor, Garlin McClellan, the co-worker Craig Stephens was making this trip for, and Mr. Craig Stephens' actions prove that he was heading back in Benton's truck with the load that he was requested to pick up. [Clark dep. p. 71, lines 17-19; McClellan dep. p. 118, line 4-10; McClellan dep. p. 56, l. 5-15; p. 57, l. 22 – p. 58, l. 7). Accordingly, any testimony to the contrary would be misleading and unduly prejudicial to the Plaintiff since it is not supported by the great weight of the evidence.

7.  Any testimony either directly or indirectly that Benton Express, Inc. either paid

the funeral expenses to Mrs. Hazel Roby on behalf of her deceased husband, Ronald Roby.

Federal Rules of Evidence 401 and 402 state that any such payments are totally irrelevant and immaterial to any material issue in this case. Accordingly, this Court should enter an order prohibiting the Defendant, defense counsel, any witnesses, from making any statements or offering evidence of any documents that make any reference to any such payments.

8.     Any testimony, either direct or indirect, that the Plaintiff did not file suit against the Estate of Craig Anthony Stephens.

At trial, Plaintiff anticipates that Defendant Benton may attempt to comment, make reference or introduce evidence concerning Plaintiff's failure to sue the Estate of Craig Anthony Stephens. There is no relevance or probative value of such testimony. To the contrary, such testimony or argument may tend to mislead or confuse the jury. Plaintiff hereby moves, *in limine*, to exclude such argument or testimony as irrelevant under Federal Rules of Evidence 401 and 402. Whether Plaintiff sued the Estate of Craig Anthony Stephens sheds no light on whether Craig Anthony Stephens was acting in the line and scope of his employment at the time of this wreck.

9.     Any testimony, either direct or indirect, concerning the lack of a federal standard governing communication policies or GPS tracking equipment. This case involves a Benton Express tractor-trailer that was negligently and wantonly driven through a guardrail, falling some fifty feet down into the traffic on I-65 South. Accordingly, there appears to be no dispute that the wreck was caused by Benton Express employee, Craig Stephens, who was driving a Benton Express truck. Benton Express was unable to communicate or locate its 80,000 pound tractor-trailer or its driver for approximately two (2) days. Thus, one issue in this case is whether or not Benton Express should have some kind of safety policy or equipment in place that would allow it

7

to communicate with or track its drivers. Accordingly, Plaintiff respectfully requests this Court enter an order prohibiting the Defendant from referencing or mentioning in any form the lack of state or federal standards governing communication policies or tracking equipment. Plaintiff anticipates that Benton Express may offer testimony that there are no such standards. Benton may attempt to argue to the jury that the absence of such a standard immunizes it from liability in this case. If so immunized, Benton's conduct in this case was reasonable and therefore they cannot be held liable. However, Plaintiff's claim in this case is that Benton violated its own safety standards, not that it violated any government standards. Accordingly, the fact that there are no government standards is wholly irrelevant. Indeed, the lack of federal safety standards is probative only of the internal operations of the federal government and the external political pressures placed on the federal government. It has nothing to do with whether or not a reasonable trucking company should have safety polices and procedures in place to allow it to track or locate its vehicles. Furthermore, probative value of a lack of a federal standard is exceedingly low and is outweighed by the prejudice and confusion that will result from admitting such evidence. Allowing the defense to argue that it cannot be culpable because there is no government standard would mislead and confuse the jury.

Moreover, to properly address the defendant's argument regarding the lack of a government standard, Plaintiff would have to introduce evidence and argument from the approximately twenty to thirty plus years concerning such regulations. This evidence or argument would virtually consume the trial and further add to the jury confusion. Accordingly, the evidence should be excluded because it is irrelevant, unduly prejudicial, confusing and time consuming under the Federal Rules of Evidence 401 and 403.

10.  The Plaintiff anticipates that the Defendant will attempt to introduce evidence that the Plaintiff received life insurance proceeds. The Plaintiff hereby moves *in limine* to exclude argument or testimony regarding any "collateral source" benefits received by the Plaintiff on the following grounds:

*Bradford v. Bruno's, Inc.*, 41 F.3d 625 (11th Cir. 1995); *Southern v. Plumb Tools*, 696 F.2d 1321, 1323 (11th Cir. 1983). The Eleventh Circuit's position that the collateral source rule is substantive law for diversity purposes is consistent with the position of other circuits that have spoken to the issue. *In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 803 F.2d 304, 308 (7th Cir. 1986) ("a federal court sitting in a diversity must apply the collateral source rule of the state whose law governs the case"). Accordingly, any evidence of any life insurance payment is inadmissible under Alabama common law. *Industrial Chem. v. North River*, 908 F.2d 825 (11th Cir. 1990).

Further, evidence and testimony of this sort is irrelevant under Rules 401 and 402 because it lacks any probative value. Further, the evidence would be properly excluded under Rule 403 because any probative value is substantially outweighed by its potential for unfair prejudice and its tendency to confuse the issue and mislead the jury. To permit the Defendant to disclose insurance payments might irretrievably upset the complex, delicate and somewhat indefinable calculations which result in the normal jury verdict. It will confuse the jury in its assessment of punitive damages. There is a substantial danger of undue prejudice if evidence concerning collateral source benefits was presented at trial because jurors would likely consider the collateral benefits when assessing damages.

The Plaintiff respectfully requests that this motion in limine be granted and that the Court issue an Order that the attorneys for the Defendant not offer any evidence or make any reference to collateral benefits received, or to be received by the Plaintiff.

For the above reasons, Plaintiff respectfully requests that this Court grant the Plaintiff's motions in limine.

/s/ L. Boone
LABARRON N. BOONE (BOO029)
Attorney for Plaintiff,

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36104
(334) 269-2343
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following on this the 6th day of March 2006.

OF COUNSEL

Gregory A. Brockwell
Brett A. Ross
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216