IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:05CV494-MHT |
| BENTON EXPRESS, INC., et al, ) ) ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION IN LIMINE NUMBER 8**
**(TO PRECLUDE EVIDENCE OF PAYMENT OF FUNERAL EXPENSES**
**OF CRAIG STEPHENS)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any documents, exhibits, testimony, references, arguments or other implication regarding Benton Express' payment of the funeral expenses of Craig Stephens or images of his grave, showing as follows:

Benton Express paid the funeral expenses of Craig Stephens without regard to whether Mr. Stephens was acting in the line and scope of his employment at the time of his death. The Stephens family purchased a headstone for Craig Stephens' grave which bears an etched image of a tractor-trailer rig on its surface. Evidence related to the payments made by Benton and what those payments bought is inadmissible at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic

materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama rule). The payment of funeral expenses and images of the headstone of Mr. Stephens have absolutely no probative value in the instant case. Such evidence has no tendency to make any fact at issue in this case more or less probable, and therefore is irrelevant and inadmissible.

Even if the payments had some probative value, such evidence would unfairly prejudice, confuse, or mislead the jury, and should therefore, be excluded from evidence. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Furthermore, the evidence would mislead the jury and confuse the issues by causing Defendant to have to attempt to explain the nuances of the requirements of Florida workers' compensation law to the jury. Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> 752 F.2d 595 (11th Cir. 1985). Additionally, where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.</u>, 203 F.3d 1202 (10th Cir. 2000); <u>Ruffin v. City of Boston</u>, 146 Fed. Appx. 501 (1rst Cir. 2005).

The funeral payments to the Stephens family is, essentially, a part of the payment of settlement of Stephanie Stephens' workers' compensation claim. Evidence of the settlement is plainly inadmissible as a "compromise" or "offer of compromise" under Rule 408, which provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Fed. R. Evid. 408. The reason for this exclusionary rule is the "promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408, Notes of Advisory Committee. The rule excludes both offers of compromise and completed compromises, recognizing that the situation of completed compromises (such as in the instant case) "will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person." Id. Therefore, under Rule 408, evidence of payment of funeral expenses must be excluded from trial.

For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's Counsel from eliciting testimony, introducing documents, arguing referencing, or implying anything regarding payment of Craig Stephens' funeral expenses or any images of his grave.

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:  bar@carrallison.com
  gab@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                           s/ Gregory A. Brockwell
                                          Of Counsel