IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:05CV494-MHT |
| BENTON EXPRESS, INC., et al, ) ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION IN LIMINE NUMBER 9
(TO PRECLUDE DETAILS CONCERNING MANNER
OF DEATH OF RONALD ROBY)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any documents, exhibits, testimony, references, arguments or other implication regarding the manner and details regarding the death of Ronald Roby or any images depicting how he died in the subject accident, showing as follows:

As a result of the subject accident, Ronald Roby's body was burned to the point of being unrecognizable as remains of a human being. Mr. Roby's death was due to the impact between his vehicle and that of Craig Stephens, not the post collision fire which badly burned his remains. Under the scheme of damages allowed in a wrongful death case under Alabama law, any evidence pertaining to the mechanism of death, pain and suffering and grisly images of Mr. Roby's remains is inadmissible.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama rule). Under Alabama law, compensatory damages are not allowed in wrongful death cases. *See, e.g.*, <u>Cherokee Elec. Coop. v. Cochran</u>, 706 So. 2d 1188, 1994 (Ala. 1997). Indeed, the Alabama Pattern Jury Instruction on the subject, which will almost certainly be used in some form in the jury charge in this case, states:

> In a suit brought for a wrongful act, omission, or negligence causing death the damages recoverable are punitive and not compensatory. Damages in this type of action are entirely punitive, imposed for the preservation of human life and as a deterrent to others to prevent similar wrongs. The amount of damages should be directly related to the amount of wrongdoing on the part of the defendant(s). In assessing damages you are not to consider the (pecuniary) (monetary) value of the life of the decedent, for damages in this type of action are not recoverable to compensate the family of the deceased from a (pecuniary) (monetary) standpoint on account of (his) (her) death, nor to compensate the plaintiff for any financial or pecuniary loss sustained by (him) (her) or the family of the deceased on account of (his) (her) death.
>
> Your verdict should not be based on sympathy, prejudice, passion or bias, but should be directly related to the culpability of the defendant(s) and necessity of preventing similar wrongs in the future.
>
> APJI 11.18

In light of the damages allowed under applicable law, neither pictures of Mr. Roby's body, testimony regarding the manner of his death, nor references to the fire that followed will assist the jury in determining how the accident occurred or who is at fault. Such evidence simply has no probative value in this case, and is therefore irrelevant and must be excluded from trial.

Even if photos or other evidence of Mr. Roby's death and/or the ultimate condition of his

remains had some probative value, such evidence would unfairly prejudice, confuse, or mislead the jury, and should therefore, be excluded from evidence. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Furthermore, the evidence would mislead the jury and confuse the issues regarding damages to be awarded in the case. Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> 752 F.2d 595 (11th Cir. 1985). Additionally, where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.,</u> 203 F.3d 1202 (10th Cir. 2000); <u>Ruffin v. City of Boston</u>, 146 Fed. Appx. 501 (1rst Cir. 2005). The only possible reason for the Plaintiff's proffered admission of the photographs is to inflame the jury against Defendant, engender sympathy for Mr. Roby's family and imply that he suffered greatly as a result of the accident. None of these are relevant considerations under Alabama law. Further, even if the photographs did have some probative value, it would be substantially outweighed by the prejudice such graphic and horrific images would cause the Defendant. Further, some of the photographs might be disturbing to the jury. Accordingly, any evidence of the death or pictures of the body are due to be excluded from trial.

For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's Counsel from eliciting testimony, introducing documents, arguing referencing, or implying anything regarding the manner of Mr. Roby's death, any pain or suffering he may have endured, references to the fire that followed the wreck. or depictions of Mr. Roby's body.

        Respectfully submitted,

        s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:    bar@carrallison.com
            gab@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

        s/ Gregory A. Brockwell
        Of Counsel