IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-MHT |
| BENTON EXPRESS, INC., et al, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANT'S MOTION IN LIMINE NUMBER 10**
**(TO PRECLUDE REFERENCE OR TESTIMONY OF PAST LOGBOOK DISCREPANCIES)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any reference to, or testimony of previous logbook discrepancies of Craig Stephens, as immaterial, irrelevant, unfairly prejudicial, and improper character evidence, showing as follows:

During trial, the Plaintiff may attempt to reference log book infractions or discrepancies of Craig Stephens that occurred during his employment with Benton Express, Inc. Any such infraction or discrepancy would have occurred separately and independent from the subject accident of this litigation and would be wholly unrelated to any issue presently in dispute. Furthermore, the Plaintiff has not asserted claims against Benton Express for negligent hiring or negligent supervision of driver logbooks, nor does this case implicate any issue related to the Department of Transportation's "hours of service" regulations. Therefore, this Court should not permit the Plaintiffs to reference or elicit testimony of any of the past logbook discrepancies, as any such testimony or reference would be immaterial and irrelevant, and would only tend to unfairly prejudice the jury, and improperly characterize Mr. Stephens. The

Federal Rules of Evidence clearly preclude such testimony since it is of significantly little probative value, and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. Smith v. State, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

As it relates to any prior logbook infractions of Craig Stephens, there exists no material or relevant purpose for which they could be offered, since such evidence would have no tendency in logic to make the existence of a fact of consequence to the determination of liability more or less probable. Because any reference or testimony of the past logbook discrepancies would fail to go to any material or relevant issue of the case, any effort to elicit such testimony, or reference, would be a clearly improper attempt by the Plaintiff to unfairly prejudice the jury, through exposure to immaterial and irrelevant testimony of unrelated past incidents. Since the obvious purpose for offering such testimony would be blatantly improper, it should be excluded.

Additionally, testimony of the past logbook infractions of Craig Stephens would be improper character evidence in violation of Federal Rule of evidence 404(b). A manifestation of the general exclusionary rule of character lies in the principle that collateral conduct (whether in the form of

crimes, wrongs or acts) is not admissible when offered to prove the character of a person and that such person acted in conformity therewith on the occasion in question. *See Charles w. Gamble, Character Evidence: A Comprehensive Approach §§ 3.1, 7.1 (2nd ed. 2000)*. Federal Rule of Evidence 404(b) reads in pertinent part:

> *Evidence of other crimes wrongs or acts is not admissible the prove te character of a person in order to show action in conformity therewith...*

Fed. R. Evid. 404(b)

As stated above, because there is no other valid purpose for which this testimony can be offered, it is obvious that any attempt to elicit such testimony would be nothing more than an effort to influence the jury by suggesting that Craig Stephens was acting in conformity with past behavior at the time of the accident. Because such use of character evidence is clearly prohibited by the rules, the testimony of past logbook infractions should further be excluded.

Furthermore, reference to, or testimony of, the past logbook infractions would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403, since it is of very little probative value, but highly prejudicial against the Defendant. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice against the opposing party, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> *752 F.2d 595 (11th Cir. 1985).* Where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have similarly held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.,</u>

*203 F.3d 1202 (10th Cir. 2000);* <u>Ruffin v. City of Boston</u>, *146 Fed. Appx. 501 (1rst Cir. 2005).* Because the past logbook infractions of Craig Stephen's could easily confuse or mislead the jury as to the issues to be decided, testimony of such should be excluded pursuant to the Rules of Evidence.

  For the foregoing reasons, Defendant respectfully requests the Court prevent the Plaintiff's counsel from making any reference to, or eliciting testimony of previous logbook discrepancies of Craig Stephens, as they are immaterial, irrelevant, unfairly prejudicial, and improper character evidence.

            Respectfully submitted,

             s/ Gregory A. Brockwell
            BRETT A. ROSS (ASB-6771-O76B)
            GREGORY A. BROCKWELL (ASB-9949-R49B)

            Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:  bar@carrallison.com
      gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley  
Labarron N. Boone  
Julia A. Beasley  
BEASLEY, ALLEN, CROW,  
   METHVIN, PORTIS & MILES, P.C.  
218 Commerce Street  
P.O. Box 4160  
Montgomery, AL 36103-4160

                                                    s/ Gregory A. Brockwell  
                                                    Of Counsel