IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 11 (TO PRECLUDE EVIDENCE THAT CRAIG STEPHENS WAS DRIVING ERRATICALLY AND/OR AT EXCESSIVE SPEEDS PRIOR TO THE ACCIDENT)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any evidence, or testimony that Craig Stephens was driving erratically or in excess of the posted speed limit prior to the accident central to this litigation, as immaterial, irrelevant, and unfairly prejudicial, showing as follows:

During trial, the Plaintiff may attempt to enter evidence or eyewitness testimony that Craig Stephens was driving erratically, and at excessive speeds, several miles prior to his accident. There is no indication, however, that Stephens was driving in such a manner at the time of the accident, or that the accident was caused by erratic driving or excessive speed on his part. To be sure, while the only eyewitness testimony on the matter does indicate that Stephens was traveling at approximately sixty miles per hour at the time of the accident, it in no way indicates or implies that Stephens' speed was excessive or that he was driving in an unusually dangerous manner. Furthermore, the Plaintiff's own accident reconstruction expert has given previous testimony through deposition, that Craig Stephens' driving several miles prior to the accident is of no consequence to any issue of fault or liability in the present

litigation. [See Deposition of M.P. Stirling, p. 85:3 - 86:14, excerpts of which are attached hereto as Exhibit 1]. This Court should, therefore, not permit the Plaintiffs to elicit testimony or evidence that Stephens was driving erratically or at excessive speeds prior to the accident, as any such testimony or reference would be immaterial and irrelevant, and would only tend to unfairly prejudice or mislead the jury. The Federal Rules of Evidence clearly preclude such testimony since it is of significantly little probative value, and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

*Fed. R. Evid. 401.* By use of the phrase "of consequence," the Rule includes the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

As it relates to Stephens' speed or driving manner several miles prior to the accident, there exists no material or relevant purpose for which this testimony could be offered. Such evidence has absolutely no tendency to make the existence of a fact of consequence to the determination of liability more or less probable. Because any evidence or testimony of Stephens' speed or driving, apart from at the time of the accident, would fail to go to any material or relevant issue of the case, any effort to elicit such testimony, or reference, would be a clearly improper attempt by the Plaintiff to unfairly mislead or prejudice the jury, through exposure to immaterial and irrelevant

testimony of wholly unrelated matters. Since the obvious purpose for offering such testimony would be blatantly improper, it should be excluded.

Additionally, testimony of Stephens speed and driving could also be considered improper improper character evidence in violation of Federal Rule of evidence 404(b). A manifestation of the general exclusionary rule of character lies in the principle that collateral conduct (whether in the form of crimes, wrongs or acts) is not admissible when offered to imply that the person acted in conformity to that character on the occasion in question. See Charles w. Gamble, Character Evidence: A Comprehensive Approach §§ 3.1, 7.1 (2nd ed. 2000). Federal Rule of Evidence 404(b) reads in pertinent part:

> *Evidence of other crimes wrongs or acts is not admissible the prove te character of a person in order to show action in conformity therewith...*

*Fed. R. Evid. 404(b)*

As stated above, because there is no other valid purpose for which this testimony can be offered, it is obvious that any attempt to elicit such would be nothing more than an effort to influence the jury by suggesting that Craig Stephens was acting in conformity with past behavior (speeding, driving erratically) at the time of the accident, when it is clear that he was not. Because such use of character evidence is clearly prohibited by the rules, the testimony should further be excluded.

Furthermore, evidence of Stephens' speed or erratic driving would undoubtedly fail to satisfy the balancing test of Federal Rule of Evidence 403, since it is of very little probative value, but highly prejudicial against the Defendant. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or testimony that has

virtually no other purpose but to create unfair prejudice or mislead the jury against the opposing party, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. *United States v. Dorman,* 752 F.2d 595 (11th Cir. 1985). Where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have similarly held that such evidence should be excluded. *U.S.C.A. Koch v. Koch Industries, Inc.,* 203 F.3d 1202 (10th Cir. 2000); *Ruffin v. City of Boston,* 146 Fed. Appx. 501 (1rst Cir. 2005).

Evidence of the erratic driving and speeding could easily confuse or mislead the jury to believe that these immaterial factors are to be taken into consideration in determining liability. Because the risk of confusing or misleading the jury substantially outweighs the limited probative value, if any, the evidence holds, testimony of such should be excluded pursuant to the Rules of Evidence.

For the foregoing reasons, Defendant respectfully requests the Court prevent the Plaintiff's counsel from eliciting evidence or testimony that Craig Stephens was speeding or driving erratically several miles prior to the accident, as it is immaterial, irrelevant, unfairly prejudicial, and improper character evidence.

      Respectfully submitted,

        s/ Gregory A. Brockwell
      BRETT A. ROSS (ASB-6771-O76B)
      GREGORY A. BROCKWELL (ASB-9949-R49B)

      Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:	bar@carrallison.com
	gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                             s/ Gregory A. Brockwell
                                                              Of Counsel