**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>BENTON EXPRESS, INC., et al, )<br><br>Defendants. ) | CIVIL ACTION NO.: 2:05CV494-MHT |

---

**DEFENDANT'S MOTION IN LIMINE NUMBER 12 (TO PRECLUDE**
**EVIDENCE OF TONY STEPHENS' SUSPENSION FROM THE ALABAMA STATE**
**TROOPERS DEPARTMENT FOR SEXUAL MISCONDUCT)**

---

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any evidence, or testimony of Defense Expert Tony Stephens' past suspension from the Alabama State Troopers Department for sexual misconduct, as immaterial, irrelevant, and unfairly prejudicial, showing as follows:

During trial, the Plaintiff may attempt to enter evidence of the 2002 suspension of Expert Witness Tony Stephens, from the Alabama State Troopers Department for sexual misconduct. Mr. Stephens was suspended as a State Trooper for 15 days as a result of an extramarital affair that took place away from work and that did not involve any other employee of the Department. The affair was apparently in violation of the Department's sexual misconduct policy, thus resulting in Stephens' suspension. However, there were no criminal or civil charges associated with the suspension and the occurrence has absolutely no affect or bearing on the witness' ability as an expert in accident reconstruction, or on the testimony that Stephens provides in his expert capacity.

Therefore, this Court should not permit the Plaintiff to elicit testimony or evidence of Tony Stephens' past suspension, as any such testimony or evidence would be immaterial and irrelevant, and would only tend to unfairly prejudice the jury. The Federal Rules of Evidence clearly preclude such evidence as it is of absolutely no probative value, and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

*Fed. R. Evid. 401.* By use of the phrase "of consequence," the Rule includes the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>*Smith v. State*</u>*, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)* As it relates to Tony Stephens' past suspension, there exists absolutely no material or relevant purpose for which this testimony could be offered. Such evidence has absolutely no tendency to make the existence of a fact of consequence to the determination of liability more or less probable, or to refute the testimony of Stephens as an expert. Because any evidence or testimony of the suspension would fail not tend to prove any material or relevant issue of the case, any effort to elicit such testimony, would be a clearly improper attempt by the Plaintiff to unfairly prejudice the jury, through exposure to wholly immaterial and irrelevant testimony of unrelated matters. Since the obvious purpose for

offering such testimony would be blatantly improper, it should be excluded.

Furthermore, evidence of Stephens' suspension from the Troopers Department would undoubtedly fail to satisfy the balancing test of Federal Rule of Evidence 403, since it is of no probative value, but highly prejudicial against the Defendant. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. *United States v. Dorman,* 752 F.2d 595 (11th Cir. 1985). Here, evidence of the suspension of Tony Stephens could only be used for the improper purpose of creating disdain among jurors towards the Defendant's expert based on past marital indiscretions. This purpose would be clearly prohibited by the Federal Rules of Evidence and by Federal case law.

Thus, for the foregoing reasons, Defendant respectfully requests the Court prevent the Plaintiff from eliciting evidence or testimony of Tony Stephens' 2002 suspension from the Alabama State Troopers Department, as immaterial, irrelevant, and unfairly prejudicial.

Respectfully submitted,

 s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:        bar@carrallison.com
                   gab@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

s/ Gregory A. Brockwell
Of Counsel