IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) ) ) |
| BENTON EXPRESS, INC., et al, | |
| Defendants. | |

CIVIL ACTION NO.: 2:05CV494-MHT

### DEFENDANT'S MOTION IN LIMINE NUMBER 13
### (TO PRECLUDE REFERENCE OR IMPLICATION THAT BENTON EXPRESS HELD A DUTY TO TRACKS ITS TRUCKS)

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any testimony, reference, or implication that Benton Express had a duty to tracks its trucks in transit, showing as follows:

During trial, the Plaintiff may argue or imply that Benton Express, Inc., held, in conjunction with its transportation services, a duty to tracks it tractor-trailers in transit. Such insinuation is inaccurate, as no such duty exists and there is no industry standard implying otherwise. Furthermore, the Plaintiff has not asserted a claim for negligent supervision or any other claim or allegation that would implicate Benton's ability, or lack there of, to track its trucks in transit. Therefore, this Court should not permit the Plaintiff to elicit testimony, or imply, that Benton Express had a duty to track its trucks in transit, as any such testimony or reference would be immaterial and irrelevant, and would only tend to unfairly prejudice the jury. The Federal Rules of Evidence clearly preclude such testimony since it is of significantly little probative value, and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by

factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

Evidence or testimony suggesting that Benton Express held a duty to track its trucks would fail any test of materiality, since the testimony, in and of itself, would not only be inaccurate, but would also imply an invented legal duty on the part of the defendant. Based solely on the inaccuracy of the duty implied, there would exist no material or relevant purpose for which it could be offered. Since the testimony is clearly immaterial; any effort to elicit such would be an intentionally improper attempt by the Plaintiffs to incorrectly imply that Benton Express had a legal duty which it breached, thereby contributing to the accident central to this litigation.

Furthermore, any suggestion that Benton had a duty to track its trucks in transit, would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403. An invented implication that Benton held such a duty, would have no actual logical bearing on the trier of fact's determination of the issues; but would likely have an extremely high tendency to unfairly prejudice, confuse, or mislead the jury. As such the evidence should further be excluded. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors,*

*such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> 752 F.2d 595 (11th Cir. 1985). As it relates to the present case, there exist a great likelihood that this evidence could create unfair prejudice among the jury solely by its implication that Benton Express breached a legal duty, that in actuality, it did not have. Essentially the Plaintiff would be asserting a decision on an ultimate legal issue of its own creation. Additionally, where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.,</u> 203 F.3d 1202 (10th Cir. 2000); <u>Ruffin v. City of Boston,</u> 146 Fed. Appx. 501 (1rst Cir. 2005). Because nothing in the record evidence establishes a legal duty or standard on the part of Benton to track its trucks, the fact that no such duty exists is thus not in contention, and any evidence implying otherwise would only tend to confuse or mislead the jury. Therefore the evidence should be excluded pursuant to Federal Rule 403.

For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's Counsel from eliciting testimony, reference, or implication that Benton Express held a duty to track its trucks in transit, as such assertion is inaccurate and therefore immaterial and improper.

Respectfully submitted,

  s/ Gregory A. Brockwell
BRETT A. ROSS (ASB-6771-O76B)
GREGORY A. BROCKWELL (ASB-9949-R49B)

Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:  bar@carrallison.com
  gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                            s/ Gregory A. Brockwell
                                            Of Counsel