IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BENTON EXPRESS, INC., et al, | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 15
(TO PRECLUDE REFERENCE OR IMPLICATION THAT BENTON EXPRESS ADVERTISED
THE ABILITY TO TRACK ITS TRUCKS)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any testimony, reference, or implication that Benton Express advertises that it tracks its trucks in transit, showing as follows:

During trial, the Plaintiff may argue or imply that Benton Express, Inc., advertises, as part of its transportation services, that it tracks it tractor-trailers in transit. Benton Express, however, has never advertised such, and does not offer such a service. Rather, Benton Express tracks the freight carried on its trailers by allowing its customers to know when the freight enters and leaves a specific terminal, and when it is delivered to its final destination. Benton does not claim that it can pinpoint a tractor-trailer's location between two terminals. This proposition is clearly explained by undisputed deposition testimony of several Benton employees.

Mr. Boyd Hammond, the vice-president of safety and human resources, clearly articulates, on the record, that Benton Express only advertises its ability to track freight, being transported through the use of bar code scanning technology. [Deposition of Boyd Don Hammonds, p.136:17-

137:11, excerpts of which are attached hereto as Exhibit 1]. Additionally, Mr. Glenn E. Clark, Terminal Manager for Benton Express, further explains that Benton's advertised tracking method involves computer records of a customer's freight as it arrives and leaves predetermined destinations. [Deposition of Glen Clark, p.26:16-28:14, excerpts of which are attached hereto as Exhibit 2]. Nowhere in the record does the Plaintiff provide extrinsic evidence that Benton advertises the ability to track it trucks, nor does any Benton employee make such an assertion.

Because the evidence of Benton's advertised tracking practices is: (1) clearly indicated on the record, (2) remains undisputed; and, (3) is not part or aspect of the Plaintiff's claims; this Court should not permit the Plaintiff to elicit testimony, or implication, that Benton Express, advertises the ability to track its trucks, as such statement or reference would be wholly inaccurate, immaterial and irrelevant, and would only tend to unfairly prejudice, confuse, and mislead the jury. The Federal Rules of Evidence clearly preclude such testimony since it is blatantly inaccurate and therefore of absolutely no probative value; and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. <u>Smith v. State</u>, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

Evidence or testimony suggesting that Benton Express advertises the ability to track its trucks would undoubtedly fail any test of materiality, since the testimony, in and of itself, would be totally inaccurate. Based solely on the falsity of the testimony alone, there would exist no material or relevant purpose for which it could be offered. Since the testimony, by and through, its inaccuracy is clearly immaterial; any effort to elicit such would be an intentionally improper attempt by the Plaintiffs to imply that Benton Express either had knowledge of driver, Craig Stephens, whereabouts prior to the accident, or advertised a service it failed to provide, somehow contributing to the accident central to this litigation. In either event, use of such inaccurate testimony would be clearly improper, therefore mandating its exclusion.

Furthermore, there exist no evidence, indication, or allegation that decedent, Ronald Roby, was ever a customer of Benton Express, that he relied in any way on the advertisements of Benton Express, or that the Benton Express advertisements created a duty to him. Accordingly, any advertisements of Benton express, regardless of the assertions contained therein, would be irrelevant as they do not tend to make the existence of a duty to Roby more or less probable.

Similarly, any suggestion that Benton advertised the ability to track its trucks in transit, would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403. As stated above, evidence Benton Express' advertisements, regardless of the content, would be clearly irrelevant, as they would have no logical bearing on the trier of fact's determination of the issues. However, such evidence would have an unduly high tendency to unfairly prejudice, confuse, or mislead the jury, and should therefore be excluded. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).* Speaking specifically to information or testimony that has

virtually no other purpose but to create unfair prejudice or inflame the emotions of the jury, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. <u>United States v. Dorman,</u> 752 F.2d 595 (11th Cir. 1985). As it relates to the present case, there exist a great likelihood that this evidence could create unfair prejudice among the jury solely by its implication that Benton Express engaged in deceptive advertising practices. Because a juror could potentially use his disdain for, what he perceives to be deceptive advertisement, as a basis for his decision on the ultimate issue, all evidence implying such should be excluded.  Additionally, where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. <u>U.S.C.A. Koch v. Koch Industries, Inc.,</u> 203 F.3d 1202 (10th Cir. 2000); <u>Ruffin v. City of Boston,</u> 146 Fed. Appx. 501 (1rst Cir. 2005).  Because the record evidence clearly articulates the scope of Benton Express' tracking capabilities, and the advertisements referring to those capabilities, Plaintiff's allegations contrary to that evidence would only tend to confuse the jury as to whether the assertions made in the advertisements are issues for deliberation; or mislead them to believe that the advertisements created a legal duty to Ronald Roby. Therefore the evidence should be excluded pursuant to Federal Rule 403.

  For the foregoing reasons, the Defendant respectfully requests the Court prevent Plaintiff's Counsel from eliciting testimony, reference, or implication that Benton Express advertises the ability to track its trucks in transit, as such assertion is inaccurate and therefore immaterial and improper.

              Respectfully submitted,

                s/ Gregory A. Brockwell
              BRETT A. ROSS (ASB-6771-O76B)
              GREGORY A. BROCKWELL (ASB-9949-R49B)

              Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:      bar@carrallison.com
             gab@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                                    s/ Gregory A. Brockwell
                                                                      Of Counsel