IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>BENTON EXPRESS, INC., et al, )<br><br>Defendants. ) | <br><br><br><br><br><br>CIVIL ACTION NO.: 2:05CV494-MHT<br><br> |

**DEFENDANT'S MOTION IN LIMINE NUMBER 16**
**(TO PRECLUDE TESTIMONY OR EVIDENCE THAT BENTON EXPRESS' ROAD DRIVERS ARE REQUIRED TO CALL-IN EVERY HOUR)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any testimony, or reference, that Benton Express' over-the-road drivers are required to call and report to their dispatchers every hour, showing as follows:

During trial the Plaintiff may attempt to insinuate that Benton Express, Inc., maintained a company policy requiring its over-the-road drivers to report, by phone, to their dispatcher every hour. While Benton Express does in fact have such policy for its "city" drivers, no such requirement exists for its "over-the-road" drivers. Benton Express' "road" drivers are only required to call and report when there is an unusual occurrence or circumstance during transit. Evidence of this policy has been clearly established and supported by the undisputed testimony of three Benton Express employees.

Mr. Boyd "Don" Hammond, the vice-president of safety and human resources, states definitively on the record that Benton Express does not have a policy requiring "road" drivers to call in every hour, and that such a policy would be impractical and unnecessary. [Deposition of

Boyd Don Hammonds, p.133:11-163:9, excerpts of which are attached hereto as Exhibit 1]. Additionally, Mr. Glen E. Clark, Terminal Manager for Benton Express, reinforces this fact in his deposition testimony when he states the same. [Deposition of Glen Clark, p.106:10-107:13, excerpts of which are attached hereto as Exhibit 2]. Finally, Benton Express Operations Manager, George Jones, unambiguosly states that Benton Express "road" drivers are only required to communicate with the terminal if something "unusual" happens. [Deposition of George Jones, p.16:16-16:24, excerpts of which are attached hereto as Exhibit 3.]

The uncontested evidence clearly indicates that there is no policy requiring Benton "road" drivers to call or report on an hourly basis, and the Plaintiff has failed to assert any claim alleging the Benton should have had such a policy in place, or that such a policy is industry standard. Therefore, this Court should not permit the Plaintiff to elicit testimony, or reference, suggesting that Benton required its "road" drivers to call-in to dispatch hourly, as such a suggestion would be wholly inaccurate, immaterial and irrelevant, and would only tend to unfairly prejudice, confuse, and mislead the jury. The Federal Rules of Evidence clearly preclude such testimony since it is blatantly inaccurate and therefore of absolutely no probative value; and thus serves only to create the risk that the jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch.*

*401.* Additionally, a matter may be made material by the proof elicited at trial. Smith v. State, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

Evidence or testimony suggesting that Benton Express maintained a policy requiring its road drivers to call in hourly would undoubtedly fail all tests of materiality, since the testimony, in and of itself, would be totally inaccurate. Based solely on the falsity of the testimony alone, there would exist no material or relevant purpose for which it could be offered. Since the testimony, by and through, its inaccuracy is clearly immaterial; any effort to elicit such would be an intentionally improper attempt by the Plaintiffs to unfairly prejudice and mislead the jury, through flagrantly false testimony. Since the obvious purpose for offering such testimony would be blatantly improper, it should be excluded.

Similarly, any suggestion that Benton "road" drivers were to call or report hourly, would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403. Since it is untrue, a statement improperly suggesting the existence of such a policy would be of absolutely no probative value, but would be highly prejudicial and would tend to confuse or mislead the jury. *See Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).*

Where the evidence could tend to confuse or mislead the jury on the issues, the Federal Courts have consistently held that such evidence should be excluded. U.S.C.A. Koch v. Koch Industries, Inc., 203 F.3d 1202 (10th Cir. 2000); Ruffin v. City of Boston, 146 Fed. Appx. 501 (1rst Cir. 2005). Because the record evidence plainly demonstrates that Benton Express does not have a policy requiring its "road" drivers to call or report hourly, Plaintiff's attempts to imply otherwise would only confuse or mislead the jury as to the issues to be decided, and as to what testimony to use in its determination. As such, the inaccurate testimony or reference to Benton's call-in policy

should further be excluded.

    For the foregoing reasons, Defendant respectfully requests the Court prevent the Plaintiff from eliciting testimony, reference, or implication that Benton Express maintained a policy requiring its "road" drivers to call or report to their dispatch hourly, as any such assertion would be wholly inaccurate and therefore immaterial and improper.

                                    Respectfully submitted,

                                    s/ Gregory A. Brockwell
                                    BRETT A. ROSS (ASB-6771-O76B)
                                    GREGORY A. BROCKWELL (ASB-9949-R49B)

                                    Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:      bar@carrallison.com
                gab@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                    s/ Gregory A. Brockwell
                                    Of Counsel