IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO.: 2:05CV494-MHT |
| BENTON EXPRESS, INC., et al, ) ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION IN LIMINE NUMBER 17
### (TO PRECLUDE REFERENCE OR TESTIMONY THAT BENTON EXPRESS PROVIDES DRIVERS, OTHER THAN CRAIG STEPHENS, WITH WIRELESS PHONES)

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any testimony that Benton Express provides drivers, other than Craig Stephens, with Nextel wireless phones, as immaterial and therefore irrelevant, showing as follows:

During trial the Plaintiff may attempt to elicit testimony that Defendant Benton Express provides its drivers with Nextel wireless phones as a means of communication while the drivers are in transit. Craig Stephens, however, is the only Benton driver that was involved in the accident central to this litigation, and is therefore the only driver of relevance as it relates to the communication mediums Benton provides. Furthermore, Plaintiff has failed to assert any claim or allegation that would provide a basis of materiality, for any proposed use of such testimony. Therefore, this Court should not permit the Plaintiff to elicit testimony that Benton Express provides its driver, other than Craig Stephens, with wireless phones, as any such testimony would be immaterial and irrelevant. Federal Rules of Evidence clearly preclude such testimony since it is of significantly little probative value, and thus serves only to create the risk that the

jury's verdict will be inappropriately influenced by factors other than the weight and credibility of the material evidence presented at trial.

Evidence is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes.* Federal Rule of Evidence 401 states:

> *"Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.*

Fed. R. Evid. 401. The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." *Fed. R. Evid. 401, Advisory Committee's Notes.* Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. Smith v. State, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

As it relates to testimony of the wireless phones provided to Benton drivers other than Craig Stephens, there would exist no material or relevant purpose for which the information could be offered. The evidence would have no tendency in logic to make the existence of a fact of consequence to the determination of liability more or less probable. Because any reference or testimony of the wireless phones provided, by Benton, to drivers other than Stephens would fail to go to any material or relevant issue of the case, any effort to elicit such testimony, or reference, would be a clearly improper waste of the Court's time by attempting to elicit immaterial, irrelevant, and unnecessary evidence. Since there is no proper purpose for offering such testimony, it should be excluded.

Similarly, testimony that Benton Express provided drivers, other than Craig Stephens, with Nextel wireless phones would clearly fail to satisfy the balancing test of Federal Rule of Evidence 403, since it is of very little probative value, but yet would be a significant waste of the Court's time. *Fed. R. Evid. 403, Advisory Committee Notes (providing that evidence may be excluded*

*when the trial judge determines that the probative value of the evidence is outweighed substantially by other factors, such as the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence).*

    Speaking specifically to information or testimony that has virtually no other purpose but to create unfair prejudice against the opposing party, the Eleventh Circuit Court of Appeals has held that exclusion of such evidence is not only well within the discretion of the court, but also proper. United States v. Dorman, *752 F.2d 595 (11th Cir. 1985).* Where the evidence serve no other purpose but to waste the Court's time, the Federal Courts have similarly held that such evidence should be excluded. Wilson v. Bicycle South Inc., *915 F.2d 1503 (11th Cir. 1990); Diede v. Burlington N.R. R. Co. 772 F.2d 593 (9th Cir. 1985).*

Because testimony that Benton drivers, other than Stephens, were given wireless cell phones has absolutely no material or relevant purpose for which it could be offered, any attempt to elicit such evidence would be an inherent waste of time, and should therefore be precluded.

    For the foregoing reasons, Defendant respectfully requests the Court prevent Plaintiff's counsel from eliciting testimony that Benton Express provided its drivers, other than Craig Stephens, with Nextel wireless phones as a means of communication with dispatch while in transit, as such evidence is immaterial, irrelevant, and a waste of time.

                          Respectfully submitted,

                            _s/ Gregory A. Brockwell_

                          BRETT A. ROSS (ASB-6771-O76B)
                          GREGORY A. BROCKWELL (ASB-9949-R49B)

                          Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:     bar@carrallison.com
            gab@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                s/ Gregory A. Brockwell
                                                Of Counsel