IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| **HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **BENTON EXPRESS, INC., et al,** | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:05CV494-MHT

**DEFENDANT'S MOTION IN LIMINE NUMBER 19**
**(TO PRECLUDE REFERENCE OR TESTIMONY OF OTHER FILED MOTIONS IN LIMINE)**

COMES NOW the Defendant, Benton Express, Inc., and moves this Court, in limine, for an Order precluding any use or reference to any other Motion in Limine, whether granted or not, as immaterial, irrelevant and unfairly prejudicial, showing as follows:

During trial, the Plaintiff may attempt to use or reference the fact that Defendant Benton Express, Inc. has filed several motions in limine to preclude the use of, or reference to, various improper evidence during the liability phase of trial.  This Court should not permit the Plaintiff to use, or make reference to, any such motion whether granted or not, as such use by the Plaintiff would be a clear attempt to unfairly prejudice or mislead the jury through the use of wholly immaterial and irrelevant evidence.  Additionally, an attempt by the Plaintiff to reference a motion in limine that has in fact been granted, would be a clear and flagrant violation of a court order.

Federal law and the Rules of Evidence clearly preclude the admission of such evidence, since it serves only to create the risk that the jury's verdict will be inappropriately influenced, by factors other than the weight and credibility of the material evidence presented at trial.  Evidence

is admissible only when the purpose for which it is offered is a material issue in the case. *Fed. R. Evid. 401, Advisory Committee's Notes*. Federal Rule of Evidence 401 states:

> "Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

*Fed. R. Evid. 401.* The Rule includes, by use of the phrase "of consequence," the historic materiality requirement as part of the definition of "relevant evidence." Ala. R. Evid. 401, Advisory Committee's Notes. Materiality in a civil case, may arise from the nature of the cause of action or from the responsive pleadings. *Weinstein's Federal Evidence (Matthew Bender 2nd ed.) ch. 401.* Additionally, a matter may be made material by the proof elicited at trial. Smith v. State, 797 So. 2d 503, 535-36 (Ala. Crim App. 2000)(citing and interpreting the identical Alabama Rule.)

As the Rule relates to the use of, or reference to, any motion in limine filed by Defendant Benton Express; whether granted or not, there is no material purpose for which they can be offered. As such, any attempt by the Plaintiff to offer evidence of the motions in limine that have been filed in the present case, would be clearly for an improper purpose.

Finally, because there is no material element to which the Defendant's motions in limine would have any bearing, it is clear that any effort at the admission of the evidence would be an attempt by the Plaintiff to unfairly prejudice the jury against the Defendants. In essence Plaintiff would be implying that Defendant Benton Express attempted to "hide," "conceal," or "withhold" information. Because such use would be blatantly improper, any reference or mention of the motions in limine filed by the Defendant should be excluded.

WHEREFORE, premises considered, Defendant Benton Express respectfully requests that the Court enter an Order directing the Plaintiff to refrain from referencing the Defendant's Motions in Limine.

        Respectfully submitted,

         s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:    bar@carrallison.com
            gab@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 6th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

         s/ Gregory A. Brockwell
        Of Counsel