IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CIVIL ACTION NO.: 2:05CV494-T |
| BENTON EXPRESS, INC., et al, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANT'S EXPERT ROBERT TYNES**

COMES NOW the Defendant, Benton Express, Inc., and responds to the Plaintiff's "Motion to Exclude Defendant's Expert Robert Tynes" (Doc. No. 129) as follows:

**I. INTRODUCTION**

Defendant's trucking industry expert is Robert "Bob" Tynes. Mr. Tynes has offered a number of opinions in this case. Most of these are offered as rebuttal to the opinions of the Plaintiff's trucking industry expert, Roland Brown. If the Court excludes Roland Brown from trial (Doc. No. 113), then many of Mr. Tynes' opinions will be unnecessary and are not likely to be offered at trial. Still, the Plaintiff has not moved to exclude Mr. Tynes' testimony in its entirety. Rather, the Plaintiff has attempted to exclude any opinions that Mr. Tynes may offer indicating that Craig Stephens was not in the line and scope of his employment at the time of the subject accident based on "DOT enforcement." The Plaintiff argues that any such opinions are inadmissible on various grounds and that Mr. Tynes is unqualified to offer any such opinions.

1

## II.  ARGUMENT

A.    PLAINTIFF'S ARGUMENT THAT BOB TYNES IS UNQUALIFIED.

Bob Tynes clearly is qualified to offer opinions as an expert in the trucking industry.  Mr. Tynes became a private consultant in the trucking industry in 1999 after retiring from his position with the U.S. Department of Transportation, Federal Highway Administration, Office of Motor Carriers.  When he retired, he was the U.S. DOT's Director for the State of Georgia and oversaw the enforcement of the Federal Motor Carrier Safety Regulations in his region.  Mr. Tynes has worked in enforcement in the trucking industry for most of his career, as is more particularly described in his Curriculum Vitae ("CV") that is attached hereto as Exhibit 1.  He has been qualified as an expert in various courts, and there can be no legitimate question that he is qualified to offer opinions in the field of the trucking industry in this case.

B.    PLAINTIFF'S ARGUMENT THAT THE OPINIONS ARE INADMISSIBLE.

The Plaintiff has argued that, even if Mr. Tynes is qualified to offer them, any opinions he may offer indicating that Craig Stephens was not in the line and scope of his employment at the time of the subject accident based on "DOT enforcement" still are inadmissible.  Any opinions that Mr. Tynes may offer in this area would merely be in rebuttal to the opinions of the Plaintiff's expert, Roland Brown.  For instance, Mr. Brown has stated the following opinions:

- "It is my opinion that Benton is responsible for the actions of its driver, Craig Stephens, as long as he is under their dispatch."
- "All of the above supports my opinion that Craig Stephens was in the line and scope of his employment."
- "Stephens was on and about the business of Benton at the time of this accident."
- "Worker's compensation payments are made only if the employee is determined to be in the line and scope of his employment."

[See Doc. No. 135, Ex. A, Report of Roland Brown's Opinions].  Clearly, the Plaintiff has

2

attempted to have her trucking industry expert state improper opinions as to whether or not Craig Stephens was in the line and scope of employment at the time of the accident.  Of course, it Defendant's position that all of these opinions are due to be excluded. (Doc. No. 113).  However, if the Court allows them to be admitted, then Defendant must be allowed the opportunity to rebut the opinions with its own trucking industry expert.  To hold that the Plaintiff's expert can state such opinions while Defendant's expert cannot would be a gross injustice and would work severe prejudice on Defendant.

Other than potentially for rebuttal purposes, Defendant does not intend to offer any opinions from Bob Tynes on the issue of whether or not Craig Stephens was in the line and scope of his employment at the time of the accident based on evidence of "DOT enforcement."  However, if the Court allows the Plaintiff to open the door to such opinions, then Defendant must be allowed the opportunity for rebuttal.

Defendant does not believe the Plaintiff's motion is intended to exclude evidence of Defendants' general compliance with relevant statutory and regulatory law.  Nonetheless, if the motion was intended to cover these areas, it should be pointed out that Defendant is a motor carrier involved in interstate commerce, and, therefore, the U.S. DOT regulations (specifically, the Federal Motor Carrier Safety Regulations or "FMCSR") govern Defendant's conduct.  The Plaintiff has made numerous assertions that Defendant failed to act as a reasonable, prudent, and/or responsible motor carrier in a variety of areas in this case.  Most notably, the Plaintiff has alleged that Defendant, as a motor carrier, had duties (and breached duties) to have and enforce a communications system and to track its trucks.  It is undisputed that no statutory or regulatory law, including the FMCSR, places such duties on Defendant and that Defendant has not violated any other statutes or regulations that are relevant to this case.  If the Plaintiff makes claims that Defendant breached its duties as a motor carrier, then the jury must be informed that Defendant has in fact complied with all statutes and regulations that govern its

conduct. These laws and regulations, and Bob Tynes' opinions based on them, are clearly material to the issues of duty and breach of duty, and there is no legitimate basis to exclude them from trial.

Defendant's compliance with the laws and regulations also is relevant on the issue of damages. This case is proceeding against Defendant under the Alabama wrongful death statute. The statute allows the recovery <u>only</u> of punitive damages. <u>Merrell v. Alabama Power Co.</u>, 382 494, 496 (Ala. 1980). The amount of punitive damages to be assessed under the statute is to be "determined by the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need for deterring others from committing the same or similar wrongful conduct." <u>Estes Health Care Centers, Inc. v. Bannerman</u>, 411 So. 2d 109, 112 (Ala. 1982). To determine "the gravity of the wrong done" and the "propriety of punishing the wrongdoer," the jury must be informed not only of what Defendant has allegedly done wrong, but also of what Defendant has done right. Thus, Defendant's compliance with the law is relevant to the issue of damages, and excluding the evidence would cause Defendant severe prejudice.

Defendant clearly should be permitted to offer the opinions the Plaintiff's motion seeks to exclude if the Plaintiff's expert is allowed to testify in those areas. Additionally, Bob Tynes' opinions regarding Defendant's compliance with the DOT regulations clearly is relevant and otherwise admissible on other issues. Accordingly, the Plaintiff's motion is due to be denied.

        Respectfully submitted,

        s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)
        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:	bar@carrallison.com
	gab@carrallison.com

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                           s/ Gregory A. Brockwell
                                                           Of Counsel