IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | CIVIL ACTION NO.: 2:05CV494-T |
| BENTON EXPRESS, INC., et al, ) ) ) | |
| Defendants. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTED MOTION IN LIMINE**

COMES NOW the Defendant, Benton Express, Inc., and responds to the Plaintiff's "Requested Motion in Limine" (Doc. No. 120) as follows:

**1. Plaintiff's Motion in Limine Number 1:** The Plaintiff seeks to exclude evidence of Ronald Roby's illegitimate children. Defendant does not intend to offer any such evidence and does not object to this motion being granted.

**2. Plaintiff's Motion in Limine Number 2:** The Plaintiff seeks to exclude "any and all testimony by the Defendant alleging contact with any state, city or local authorities." The Plaintiff argues that any such evidence is irrelevant, prejudicial, hearsay, and an inadmissible police report under Ala. Code § 32-10-11.

It is undisputed that Defendant contacted the Florida Highway Patrol, the Alabama State Troopers, the Georgia State Troopers, and the Atlanta Police Department in its efforts to locate Craig Stephens during the time he was AWOL and that, as a result, official written reports and audio recordings were made by the law enforcement authorities. This evidence is relevant on at least two fronts. First, Defendant's primary defense in this case is that Craig

1

Stephens abandoned his employment with Defendant prior to the accident and that Defendant cannot be held liable for the accident as a result. Whether or not Defendant contacted law enforcement authorities to attempt to locate Mr. Stephens, to report Mr. Stephens missing, and/or to report Mr. Stephens' tractor-trailer as stolen is clearly material to the issue of whether Mr. Stephens truly was AWOL. Defendant's testimony as to Defendant's contact with the authorities, as well as the documents and recordings generated by the authorities as a result of this contact, is proof that Stephens was indeed missing and that Defendant was indeed searching for him. Furthermore, the evidence shows Defendant's reasonable conduct in attempting to locate Mr. Stephens to remove him from the road and therefore is material to the issue of the "wrongfulness" of Defendant's conduct for the purpose of any damages award under the Alabama wrongful death statute. There can be no legitimate dispute that this evidence is relevant to the issues in this case and also highly probative.

There is nothing remotely prejudicial about the evidence the Plaintiff seeks to exclude. The evidence is not inflammatory, confusing, or misleading. It merely reflects true events, i.e., that Defendant contacted the police because Craig Stephens was AWOL. The jury surely will be able to understand this evidence and how it relates to Defendant's defenses, yet the evidence will do nothing to incite the jury's passion or otherwise encourage the jury to do anything other than reach a verdict based on reasoned consideration of all relevant facts. The Plaintiff has demonstrated no grounds under Rule 403 that would warrant exclusion of the evidence.

The police reports and audio recordings clearly fall within both the business records and public records exceptions to the hearsay rule. This foundation was built by the sworn deposition testimony of Captain David Tripp and Officer Angie Daniels of the Florida Highway Patrol and Officer K.J. Stapler of the Atlanta Police Department, and the Plaintiff did nothing to

challenge this foundation during the depositions.

The Plaintiff also argues that the reports generated by the Atlanta Police Department and the Florida Highway Patrol constitute inadmissible police reports under Ala. Code § 32-10-11.  This <u>Alabama</u> code section applies only to police agencies in the State of Alabama—not to out-of-state agencies in Georgia and Florida.  Furthermore, the statute applies only to traffic accident report (like the traffic homicide file the Plaintiff seeks to introduce as an exhibit) and not to missing motorist and/or stolen vehicle reports.

The Plaintiff has offered no legitimate basis for the evidence to be excluded.  Accordingly, the Plaintiff's Motion in Limine Number 2 is due to be denied.

**3. <u>Plaintiff's Motion in Limine Number 3:</u>**  The Plaintiff seeks to exclude "any and all evidence of a phantom vehicle."  At this time, Defendant does not intend to offer evidence of the "phantom" vehicle which cut in front of Craig Stephens immediately before the accident.  However, for impeachment purposes, Defendant reserves the right to cross-examine the Plaintiff's expert and/or the investigating police officers regarding the vehicle.

**4. <u>Plaintiff's Motion in Limine Number 4:</u>**  The Plaintiff seeks to exclude "any and all evidence or testimony concerning Department of Transportation (DOT) Enforcement."  It is not entirely clear from the Plaintiff's motion exactly what the Plaintiff is seeking to exclude.  Nonetheless, it is undisputed that regulations promulgated by the U.S. Department of Transportation, pursuant to the agency's congressionally delegated authority, govern the interstate trucking industry.  In fact, the very first opinion stated by the Plaintiff's trucking industry expert, Roland Brown, is that these DOT regulations govern Defendant's conduct.

The Plaintiff, through her expert, has stated numerous claims against Defendant, asserting that Defendant has failed to act as a reasonable and prudent motor carrier in a variety of different ways.  Among others, these claims include that Defendant should have

equipped its trucks with tracking devices; should have had a communications policy and/or system; should have enforced its communications policy and/or system; should have had fixed departure and arrival times; should have had a contingency plan for when a driver goes AWOL; and should have noticed alleged problems with Craig Stephens' logbooks. With this motion in limine, the Plaintiff now also seeks to have the Court remove Defendant's right to defend itself by demonstrating that all of its actions were in compliance with the law the governs the trucking industry—the DOT regulations. In short, the Plaintiff has alleged that numerous duties exist which are not part of the DOT regulations and now seeks to prevent Defendant from showing that, in fact, there are no such duties exist in the applicable regulatory law. There could no be result more unfair than this.

As this Court has recognized time and again, the sources of a legal duty are the common and statutory law. Included in this would be regulatory law. A primary issue in this case (if the Court fails to grant Defendant's motion for summary judgment on count three of the Plaintiff's complaint) is a number of duties that Defendant is alleged to have. The DOT regulations, and Defendant's compliance therewith, are clearly relevant both to the existence of any such duties and to any alleged breach of such duties. Accordingly, the Plaintiff's Motion in LImine Number 4 is due to be denied.

     **5. Plaintiff's Motion in Limine Number 5:** The Plaintiff seeks to exclude "any and all evidence relating to any alleged criminal record of the decedent, Ronald Tyrone Roby, or his widow, Hazel Roby, the Plaintiff." Defendant does not intend to offer any evidence of Ronald Roby's criminal record. However, for impeachment purposes, Defendant reserves the right to offer evidence of the criminal record of Hazel Roby in accordance with the Rules of Evidence.

     **6. Plaintiff's Motion in Limine Number 6:** The Plaintiff seeks to exclude "any testimony, evidence, reference, directly or indirectly, that the vehicle was stolen." The Plaintiff

alleges that this evidence is irrelevant and prejudicial. The evidence to which the Plaintiff refers is testimony regarding and the incident report generated when Defendant's manager for the State of Georgia, Bill Jones, reported Craig Stephens' tractor-trailer stolen to the Atlanta Police Department.

The Plaintiff has alleged that the incident report was nothing more than a "missing motorist" report and not a stolen vehicle report. However, many of the characteristics of the report are more consistent with a stolen vehicle report, as even the Plaintiff's expert, M.P. Stirling, admitted in her deposition. For instance, the report lists the incident as "driving without consent." Defendant is listed as the "victim," while Craig Stephens is listed as the "suspect." Furthermore, the report indicates that both Defendant and Bill Jones are "willing to testify."

The Plaintiff's arguments go to the weight of the evidence, not its admissibility. Based on the report, there clearly is sufficient evidence for the jury reasonably to conclude that Defendant did indeed report the tractor-trailer stolen, and whether Defendant believed it was stolen is a material issue in this case. Accordingly, the Plaintiff's Motion in Limine Number 6 is due to be denied.

7. **Plaintiff's Motion in Limine Number 7:** The Plaintiff seeks to exclude "any testimony either directly or indirectly that Benton Express, Inc., either paid the funeral expenses to Mrs. Hazel Roby on behalf of her deceased husband, Ronald Roby. Defendant will agree not to offer any such evidence on the condition that the Plaintiff not offer any evidence that Defendant paid funeral expenses and workers' compensation benefits as a result of Craig Stephens' death.

8. **Plaintiff's Motion in Limine Number 8:** The Plaintiff seeks to exclude "any testimony, either direct or indirect, that the Plaintiff did not file suit against the Estate of Craig Anthony Stephens." To render a verdict, the jury clearly must know who is a party to this case

and, conversely, who is not a party. Surely the Plaintiff does not contend that the jury should be mislead into believing that Craig Stephens' estate is a defendant when it in fact is not. If the Plaintiff's claims are to be believed, there can be no question that Craig Stephens, though he is not a party, is the primary tortfeasor in this case. Thus, it is only natural that the jury will assume that Mr. Stephens' estate is Benton Express' co-defendant. To avoid confusion of the issues, misleading of the jury, and prejudice to Defendant, the jury must be informed that neither Craig Stephens nor his estate has been sued. Furthermore, whether or not her husband's estate is a party is clearly material to any bias on the part of Stephanie Stephens, whose testimony will be presented at trial. See United States v. Abel, 69 U.S. 45; 105 S.Ct. 465; 83 L.Ed. 2d 450 (1984) (holding that bias evidence is admissible).

      **9. Plaintiff's Motion in Limine Number 9:** The Plaintiff seeks to exclude "any testimony, either direct or indirect, concerning the lack of a federal standard governing the communication policies or GPS tracking equipment." As the Court is well-aware by now, one of the Plaintiff's claims is that Defendant had legal duties to have a communications system and/or policy and to track its trucks. It is undisputed that there is no statutory or regulatory law, including in the U.S. DOT regulations, that would place such legal duties on Defendant. Accordingly, the Plaintiff has attempted to pull these "duties" from thin air with the dubious opinions of her expert, Roland Brown. [See Defendant's Motion to Exclude Plaintiffs' Experts, Doc. No. 113].

      As noted in response to the Plaintiff's Motion in Limine Number 4 above, one source of legal duty is statutory law, which would include regulatory law such as the DOT regulations. It is undisputed that the DOT regulations govern the trucking industry and, specifically, Defendant. The DOT regulations (and all other statutes and regulations relating to the trucking industry) are clearly relevant as to any legal duties Defendant, as a motor carrier, might have.

When considering whether Defendant had the duties the Plaintiff alleges and whether Defendant breached those duties, the jury must know of Defendant's compliance with all relevant statutes and regulations.  To hold otherwise would require Defendant to be judged solely by the self-serving and conclusory opinions of the Plaintiff's expert, Roland Brown.

This case is proceeding against Defendant under the Alabama wrongful death statute.  The statute allows the recovery <u>only</u> of punitive damages. <u>Merrell v. Alabama Power Co.</u>, 382 494, 496 (Ala. 1980).  The amount of punitive damages to be assessed under the statute is to be "determined by the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need for deterring others from committing the same or similar wrongful conduct." <u>Estes Health Care Centers, Inc. v. Bannerman</u>, 411 So. 2d 109, 112 (Ala. 1982).  To determine "the gravity of the wrong done" and the "propriety of punishing the wrongdoer," the jury must be informed not only of what Defendant has allegedly done wrong, but also of what Defendant has done right.  Thus, Defendant's compliance with the law is relevant to the issue of damages, and excluding the evidence would cause Defendant severe prejudice.

The Plaintiff asserts that she would be prejudiced if the jury were made aware of the undisputed fact that Defendant obeyed the law in these areas.  One must wonder what the Plaintiff's position would be regarding the regulations if there was evidence that Defendant had violated rather than obeyed them.  To exclude evidence of the regulations and Defendant's compliance with them would cause Defendant extreme prejudice.  The evidence clearly is relevant on the issues of duty, breach of duty, and damages, and the Plaintiff's Motion in Limine Number 9 is due to be denied.

10. **Plaintiff's Motion in Limine Number 10:**  The Plaintiff seeks to exclude "evidence that the Plaintiff received life insurance proceeds."  Defendant does not intend to offer any such evidence and does not object to this motion being granted.

        Respectfully submitted,

        s/ Gregory A. Brockwell
        BRETT A. ROSS (ASB-6771-O76B)

        GREGORY A. BROCKWELL (ASB-9949-R49B)

        Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:    bar@carrallison.com
               gab@carrallison.com

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

        s/ Gregory A. Brockwell
        Of Counsel