IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HAZEL M. ROBY, as Administratrix of the Estate of RONALD TYRONE ROBY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:05CV494-T ) |
| BENTON EXPRESS, INC., et al, | ) ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

COMES NOW the Defendant, Benton Express, Inc., and responds to the Plaintiff's "Objections to Defendant's Exhibits" (Doc. No. 109) as follows:

**I.  INTRODUCTION**

The Plaintiff has offered nothing more than vague and conclusory assertions as objections to Defendant's trial exhibits.  Other than citations to the Rules of Evidence, the Plaintiff has not demonstrated any grounds for the purportedly objectionable exhibits to be excluded from evidence.  As a result, Defendant has been denied the opportunity to respond fully to whatever merit the Plaintiff's objections may have.  Nonetheless, Defendant is responding to the objections to the best of its ability.

The Court held a pre-trial hearing on February 22, 2006.  During the hearing, Defendant's counsel requested guidance from the Court on the issue of admission of business records that have been obtained from non-parties in this case.  The Court admonished the parties that it would not look favorably upon attempts by the parties to exclude such documents on grounds that they are not authentic or not business records or public records.

1

Despite this, the Plaintiff has objected to several such documents on hearsay grounds.

## II.  RESPONSES TO OBJECTIONS

1. **Plaintiff's Objection to Defendant's Exhibit 1:**  The Plaintiff objects to the Report of Bob Tynes (Defendant's trucking industry expert) on the grounds that it "contains irrelevant, immaterial, and inadmissible opinions that said expert is not qualified to offer under F.R.C.P. 26(a)(2), 702, 703, and 705."  Defendant will concede that Mr. Tynes' report is inadmissible hearsay, provided that the Plaintiff will do the same for the report of Roland Brown.  As for the assertion that the report "contains irrelevant, immaterial, and inadmissible opinions," Defendant responds that Mr. Tynes has offered his opinions in rebuttal to Roland Brown's opinions.  Thus, if Mr. Tynes' opinions are irrelevant, immaterial, and inadmissible, then so must be Mr. Brown's.  As for Mr. Tynes' qualifications, there could be no more qualified expert.  Prior to becoming a consultant, Mr. Tynes spent his entire career as an employee of the federal government directly regulating the trucking industry.  If Mr. Tynes is unqualified, then no one is qualified to be a trucking industry expert—including Roland Brown.

2. **Plaintiff's Objection to Defendant's Exhibit 2:**  The Plaintiff objects to the Report of Tony Stephens (Defendant's accident reconstruction expert) on grounds that "contains irrelevant, immaterial, and inadmissible opinions that said expert is not qualified to offer under F.R.C.P. 26(a)(2), 702, 703, and 705."  Defendant will concede that Mr. Stephens' report is inadmissible hearsay, provided that the Plaintiff will do the same for the report of M.P. Stirling.  As for the assertion that the report "contains irrelevant, immaterial, and inadmissible opinions," Defendant responds that Mr. Stephens has offered his opinions in rebuttal to M.P. Stirling's opinions.  Thus, if Mr. Stephens' opinions are irrelevant, immaterial, and inadmissible, then so must be Ms. Stirling's.  As for Mr. Stephens' qualifications, there could be no more qualified expert in the State of Alabama.  Prior to becoming a consultant, Mr. Stephens was in charge of

the Traffic Homicide Division of the Alabama State Troopers. In fact, prior to his retirement, Mr. Stephens was a superior of Ms. Stirling. If Mr. Stephens is unqualified, then so is Ms. Stirling.

   3. **Plaintiff's Objection to Defendant's Exhibit 3:** The Plaintiff objects to the File of Bob Tynes on grounds it "contains irrelevant, immaterial, and inadmissible opinions that said expert is not qualified to offer under F.R.C.P. 26(a)(2), 702, 703, and 705." In response to these objections, see Number 1 above.

   4. **Plaintiff's Objection to Defendant's Exhibit 4:** The Plaintiff objects to the File of Tony Stephens on grounds it "contains irrelevant, immaterial, and inadmissible opinions that said expert is not qualified to offer under F.R.C.P. 26(a)(2), 702, 703, and 705." In response to these objections, see Number 2 above.

   5. **Plaintiff's Objection to Defendant's Exhibit 5:** The Plaintiff objects to the Telephone Records of Craig Stephens on grounds that they are "irrelevant, immaterial, and hearsay." As for the hearsay objection, the records clearly are business records of the telephone company and fall within the business records exception to the hearsay rule. If the Plaintiff will require Defendant to obtain testimony from a custodian of records to establish this foundation, then Defendant will request the Court to order the Plaintiff to pay the costs of such proof.

   As for the objections that the records are "irrelevant" and "immaterial," the records clearly fall within the liberal definition of relevance provided in Rule 401. The records demonstrate that Craig Stephens had a means of communication with him during the entire time that he was AWOL. They also demonstrate that he did not use his cell phone to communicate with Benton Express, with his wife, or with any law enforcement authorities while he was AWOL. They also demonstrate that Mr. Stephens made calls to check the balance of

his bank account while he was AWOL—which is the same bank account from which he withdrew nearly $1,000.00 in numerous different ATM withdrawals while he was AWOL. Finally, the records demonstrate that Mr. Stephens made several calls to an Atlanta-based cell phone that belongs to a person who lives in the vicinity of locations of the ATM withdrawals. This is all material to Defendant's primary defense in this case that Mr. Stephens abandoned his employment for personal reasons.

      6. **Plaintiff's Objection to Defendant's Exhibit 6:**  The Plaintiff objects to the Banking Records of Craig and Stephanie Stephens on grounds that they are "irrelevant, immaterial, and hearsay."  As for the hearsay objection, the records clearly are business records of Harvesters Credit Union and fall within the business records exception to the hearsay rule.  If the Plaintiff will require Defendant to obtain testimony from a custodian of records to establish this foundation, then Defendant will request the Court to order the Plaintiff to pay the costs of such proof.

      As for the objections that the records are "irrelevant" and "immaterial," the records clearly fall within the liberal definition of relevance provided in Rule 401.  The records demonstrate that Craig Stephens made 18 ATM withdrawals for nearly $1,000.00 and overdrawing his account by nearly $250.00 during the time he was AWOL.  The records further demonstrate that these withdrawals were made in gas station convenience stores in which video gambling machines were present.  The reasonable conclusion the jury may draw from these records is that Mr. Stephens spent his "lost" weekend gambling his money away, which clearly is a personal endeavor.  Furthermore, the records demonstrate that Stephens spent his time AWOL in an area that was geographically removed from his route, i.e., he was approximately 10 miles in the opposite direction than he should have been.  This is all material to Defendant's primary defense in this case that Mr. Stephens abandoned his employment for

personal reasons.

7. **Plaintiff's Objection to Defendant's Exhibit 10:**  The Plaintiff objects to Photographs and/or video of the ATM locations where withdrawals were made from Craig and Stephanie Stephens' bank account from April 8 to April 11, 2005, on grounds that "contains documents that are irrelevant, immaterial, hearsay."  For the relevance of these documents, see Number 6 above.  As for the hearsay objection, the Plaintiff misses the mark.  The documents do not contain any out-of-court "statements" and therefore do not fit the definition of hearsay stated in Rule 801.  The Plaintiff has failed to object to the documents under Rule 1001, *et. seq.*, and therefore has waived any potentially valid objection to their admission.

8. **Plaintiff's Objection to Defendant's Exhibit 11:**  The Plaintiff objects to Craig Stephens' personnel file and related documents maintained by Benton Express on grounds that they are "irrelevant, immaterial, hearsay."  Defendant denies that the documents are hearsay, but agrees that they are irrelevant to any issue set for trial and therefore are inadmissible.

9. **Plaintiff's Objection to Defendant's Exhibit 13:**  The Plaintiff objects to Maintenance records for the tractor-trailer involved in the accident on grounds that they are "irrelevant and immaterial."  Defendant denies that the documents are hearsay, but agrees that they are irrelevant to any issue set for trial and therefore are inadmissible.

10. **Plaintiff's Objection to Defendant's Exhibit 18:**  The Plaintiff objects to the BOLO report from the Florida Highway Patrol on grounds that it is "irrelevant, immaterial, and hearsay."  As for the hearsay objection, Defendant has established through the sworn deposition testimony of Captain David Tripp and Officer Angie Daniels of the Florida Highway Patrol that the BOLO report qualifies for admission under both the business records and the public records exceptions to the hearsay rule.

As for the objections that the report is "irrelevant" and "immaterial," the report clearly falls within the liberal definition of relevance provided in Rule 401. The report demonstrates that Craig Stephens truly was AWOL during the weekend prior to the accident. Otherwise, there would have been no reason for Defendant to have filed the report. The report clearly is material to Defendant's primary defense that Craig Stephens abandoned his employment prior to the accident. Also, the report demonstrates Defendant's reasonable conduct under the circumstances, which is relevant to the amount of damages that may be awarded for the "wrongfulness" of Defendant's conduct under the Alabama wrongful death statute.

11. **Plaintiff's Objection to Defendant's Exhibit 21:** The Plaintiff objects to the Incident report from the Atlanta Police Department on grounds that it is "irrelevant, immaterial, and hearsay." As for the hearsay objection, Defendant has established through the sworn deposition testimony of Officer K.J. Stapler of the Atlanta Police Department that the incident report qualifies for admission under both the business records and the public records exceptions to the hearsay rule.

As for the objections that the report is "irrelevant" and "immaterial," the report clearly falls within the liberal definition of relevance provided in Rule 401. The report demonstrates that Craig Stephens truly was AWOL during the weekend prior to the accident. Otherwise, there would have been no reason for Defendant to have filed the report. The report clearly is material to Defendant's primary defense that Craig Stephens abandoned his employment prior to the accident. Also, the report demonstrates Defendant's reasonable conduct under the circumstances, which is relevant to the amount of damages that may be awarded for the "wrongfulness" of Defendant's conduct under the Alabama wrongful death statute.

12. **Plaintiff's Objection to Defendant's Exhibit 22:** The Plaintiff objects to the Deposition and accompanying exhibits of Stephanie Stephens on grounds that it "contains

6

information that is irrelevant, immaterial, and hearsay." Defendant recognizes that the deposition and exhibits may contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection.

       13. **<u>Plaintiff's Objection to Defendant's Exhibit 23</u>:** The Plaintiff objects to the Deposition and accompanying exhibits of Officer K.J. Stapler on grounds that it "contains information that is irrelevant, immaterial, and hearsay." Defendant recognizes that the deposition and exhibits may contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection.

       14. **<u>Plaintiff's Objection to Defendant's Exhibit 24</u>:** The Plaintiff objects to the Deposition and accompanying exhibits of Captain David Tripp on grounds that it "contains information that is irrelevant, immaterial, and hearsay." Defendant recognizes that the deposition and exhibits may contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection.

       15. **<u>Plaintiff's Objection to Defendant's Exhibit 25</u>:** The Plaintiff objects to the Deposition and accompanying exhibits of Officer Angie Daniels on grounds that it "contains information that is irrelevant, immaterial, and hearsay." Defendant recognizes that the deposition and exhibits may contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection.

       16-19. **<u>Plaintiff's Objection to Defendant's Exhibits 46, 47, 48, and 49</u>:** The Plaintiff objects to Defendant's "catch-all" exhibits that list categories of documents which might be

offered as evidence if the need arises on grounds of "vague, contains information that is irrelevant, immaterial, and hearsay." Defendant recognizes that the documents contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection.

20. **Plaintiff's Objection to Defendant's Exhibit 52:** The Plaintiff objects to all treatises having any relation to the issues of this case on grounds of "vague, contains information that is irrelevant, immaterial, and hearsay." Defendant has qualified the word "treatises" with the phrase "having any relation to the issues of this case," clearly indicating that any treatises or excerpts of treatises Defendant may use at trial would be relevant. The use of such treatises is protected by the "learned treatises" exception to the hearsay rule, and the Plaintiff's hearsay objection is without merit.

21. **Plaintiff's Objection to Defendant's Exhibits 58, 61, 63, 64, 65, 66, and 67:** The Plaintiff objects to these exhibits on grounds of "vague, unable to determine what documents Defendant is referencing" and "Plaintiff reserves the right to object on grounds of relevancy, materiality, and hearsay." Defendant recognizes that the documents contain <u>some</u> inadmissible information, but they also clearly contain a great deal of admissible information. Without knowing which specific areas the Plaintiff is seeking to exclude, Defendant is unable to respond to the merits of this objection. Additionally, the exhibits include several documents which may clearly be used for impeachment purposes.

                Respectfully submitted,

                /s/ Gregory A. Brockwell
                BRETT A. ROSS (ASB-6771-O76B)
                GREGORY A. BROCKWELL (ASB-9949-R49B)

                Attorneys for Defendant Benton Express, Inc.

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)
E-mail:       bar@carrallison.com
              gab@carrallison.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of March, 2006:

Jere L. Beasley
Labarron N. Boone
Julia A. Beasley
BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

                                                                            s/ Gregory A. Brockwell
                                                                            Of Counsel