IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
HAZEL M. ROBY,                )
as administratrix of          )
the estate of Ronald          )
Tyrone Roby, deceased,        )
                              )
     Plaintiff,               )
                              )
     v.                       )    CIVIL ACTION NO.
                              )     2:05cv494-MHT
BENTON EXPRESS, INC.,         )         (WO)
                              )
     Defendant.               )
```

OPINION

This matter came before the court for hearing on May 18, 2006, for consideration and approval of the full and final settlement of the claims of plaintiff Hazel M. Roby, as administratrix of the estate of Ronald Tyrone Roby. This court's approval is necessary because the decedent, Ronald Tyrone Roby, left surviving him minor children, namely D.R., age 14, C.R., age seven, and K.R., age five, who will receive a portion of the settlement. The interests of the minor children are represented by guardian ad litem Sandra Lewis (for D.R.) and guardian ad

litem A. Wesley Pitters (for C.R. and K.R.), both of whom have been appointed by the court. Based on the pleadings and the representations made in open court, the court will approve the settlement.

The background of this case may be summarized as follows: On or about April 11, 2005, Ronald T. Roby was killed in a motor vehicle accident in Montgomery, Alabama, involving a Benton Express tractor-trailer driven by Craig Stephens. As administratrix of the estate of Ronald T. Roby, Hazel M. Roby filed the instant lawsuit against defendant Benton Express, Inc. for wrongful death, contending that Benton Express was vicariously liable for the actions of its alleged employee, Craig Stephens. The plaintiff later amended her complaint to allege claims directly against Benton Express, including that Benton Express was negligent in failing to utilize a tracking system and to utilize and/or enforce a communications policy.

The court has reviewed the pleadings in this case, heard a detailed oral explanation of the positions of all parties in open court, and is sufficiently familiar with the background surrounding this action, including the nature of the claims of liability and the various defenses raised by the defendants. The court finds that there are factual questions surrounding liability and the appropriate amount of damages, so as to create substantial issues as to whether the heirs are entitled to recover for the death of Mr. Roby and, if so, in what amount.

The court also has considered the impact of Mr. Roby's death on the minor children and the facts and circumstances of the minor children's current conditions. At the hearing, Hazel Roby, the mother of D.R., testified that D.R.'s settlement proceeds will not be used for D.R.'s education, welfare, or health before she reaches the age of majority; instead, Mrs. Roby intends to hold the money in trust on her daughter's behalf until she is

older.  Kimberly Lee, the mother of C.R. and K.R., testified that she would use the proceeds of the settlement to support the education, welfare, and health of her daughters until they reach the age of majority, at which time the money would be theirs.  She stated that she had filed a petition to establish a conservatorship on her daughters' behalf in state probate court.  The mothers of the minor children and the court-appointed guardians ad litem, Sandra Lewis and Wesley Pitters, all stated that they believed the settlement was in the minor children's best interests.  The parties also discussed the various options for holding the proceeds of the minor children on their behalf until they reach the age of majority, which is 19 years old in Alabama, and the relative merits of delaying the time at which the minor children will have access to the principal of the settlement proceeds beyond their nineteenth birthdays.

   The court is satisfied, based on the representations of counsel made at the hearing and the affidavit filed by

D.R., that the terms and provisions of this settlement are understood and agreed to by all parties. Based on the record and testimony before this court, as set forth in this order, the court finds that all the terms and provisions of the proposed settlement are in the best interests of the minor children, and are fair, just, and reasonable under the circumstances involved in this case. Therefore, the court will approve the proposed settlement agreement.

An appropriate judgment will be entered.

DONE, this the 19th day of May, 2006.

                                              /s/ Myron H. Thompson
                                          UNITED STATES DISTRICT JUDGE